**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Civil Action No. 3:18-cv-00586-RJC-DSC**

| | |
|---|---|
| **JANE DOE,** <br><br>                      **Plaintiff,** <br><br> **v.** <br><br> **CHARLOTTE-MECKLENBURG BOARD OF EDUCATION; BRADLEY LEAK, individually and as an agent of Charlotte-Mecklenburg Schools; ANTHONY PERKINS, individually and as an agent of Charlotte-Mecklenburg Schools;** <br><br>                     **Defendants.** | **ANSWER BY DEFENDANTS CHARLOTTE-MECKLENBURG BOARD OF EDUCATION AND ANTHONY PERKINS** |

Defendants Charlotte-Mecklenburg Board of Education (the "Board" or "Defendant Board" or "CMS") and Anthony Perkins, individually and as an agent of Charlotte-Mecklenburg Schools ("Perkins" or "Defendant Perkins") (hereinafter, collectively referred to as "Defendants"), through their undersigned counsel, hereby answer Plaintiff's Complaint as follows:

## INTRODUCTION

Plaintiff's Complaint contains an "Introduction" that purports to summarize Plaintiff's claims. To the extent that a response to this prefatory introduction is required, it is denied except as expressly admitted in the responses to the numbered allegations of the Complaint as set forth below.

1

Except as expressly admitted herein, the allegations in the Complaint are denied.

## FIRST DEFENSE

Plaintiff's Complaint should be dismissed on the grounds that the Complaint fails to state a claim for relief upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims against Defendant Perkins should be dismissed because that defendant is entitled to Qualified Immunity.

## THIRD DEFENSE

Defendants plead all other applicable immunities to which they are entitled by operation of law in bar of Plaintiff's rights to recover herein, including, but not limited to governmental immunity and public official immunity.

## FOURTH DEFENSE

Defendants hereby respond to the numbered allegations in Plaintiff's Complaint as follows:

## JURISDICTION AND VENUE

1. The allegations contained in Paragraph 1 of the Complaint constitute conclusions of law to which no response is required.

2. The allegations contained in Paragraph 2 of the Complaint constitute conclusions of law to which no response is required.

3. The allegations contained in Paragraph 3 of the Complaint constitute conclusions of law to which no response is required.

2

4. The allegations contained in Paragraph 4 of the Complaint constitute conclusions of law to which no response is required.

## PARTIES

5. Defendants admit that Plaintiff is currently approximately 20-years old and was a minor student in her junior year at Myers Park High School ("MPHS") in Charlotte, North Carolina. Defendants also admit that the Motion for Leave to Proceed Under Pseudonym and Memorandum in Support Thereof are documents which speak for themselves. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 5 of the Complaint, and, therefore, deny the same.

6. Defendants admit that CMS is a corporate body located in Charlotte, North Carolina with powers granted by the State of North Carolina and that MPHS is a public educational institution under the control and supervision of CMS and are recipients of federal funding from the U.S. Department of Education. The remaining allegations contained in Paragraph 6 of the Plaintiff's Complaint constitute conclusions of law or citations to legal authorities to which no response is required.

7. Defendants admit that Defendant Bradley Leak ("Defendant Leak") served as a School Resource Officer ("SRO") at MPHS pursuant to a contract between the Board and the City of Charlotte/Charlotte-Mecklenburg Police Department. Defendants deny that Defendant Leak acted as an agent for the Board or CMS. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 7 of the Complaint, and, therefore, deny the same.

3

8. The allegations contained in Paragraph 8 of the Plaintiff's Complaint are admitted.

## FACTS

9. The allegations contained in Paragraph 9 of the Plaintiff's Complaint are admitted.

10. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 10 of the Complaint, and, therefore, deny the same.

11. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 11 of the Complaint, and, therefore, deny the same.

12. Defendants admit that Plaintiff and Q.W. met at the LA building. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 12 of the Complaint, and, therefore, deny the same.

13. Defendants admit that Defendant Leak was on duty as the SRO for MPHS; that Defendant Leak reported that he saw Plaintiff and another individual later identified as Q.W. walking off campus and that he called called out to Plaintiff and the Plaintiff and the other student turned around and headed back to campus. Except as expressly admitted herein, the remaining allegations contained in Paragraph 13 of the Complaint are denied.

14. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 14 of the Complaint, and, therefore, deny the same.

4

15. Defendants admit that the link https://www.charlotteobserver.com/news/local/article75658457.html contains an article, the contents of which speak for itself. Except as expressly admitted herein, the allegations contained in Paragraph 15 of the Plaintiff's Complaint are denied.

16. Defendants admit that the 2015-2016 Student Handbook is a document that speaks for itself. Except as expressly admitted herein, the allegations contained in Paragraph 16 of the Plaintiff's Complaint are denied.

17. Defendants admit that Defendant Board and the City of Charlotte/Charlotte-Mecklenburg Police Department entered into an agreement in which the City of Charlotte/Charlotte-Mecklenburg Police Department supplied SROs to provide services as outlined by that agreement. The remaining allegations contained in Paragraph 17 of the Complaint constitute conclusions of law to which no response is required.

18. The allegations contained in Paragraph 18 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 18 of the Plaintiff's Complaint are denied.

19. Defendants admit that any text messages sent speak for themselves. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 19 of the Complaint, and, therefore, deny the same.

20. Defendants admit that Defendant Leak reported that a student told him that Plaintiff had been abducted. Defendants are without sufficient knowledge of information upon which to form a

5

belief as to the truthfulness of the remaining allegations contained in Paragraph 20 of the Complaint, and therefore, deny the same.

21. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 21 of the Complaint, and, therefore, deny the same.

22. [30] Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 22 [30] of the Complaint, and, therefore, deny the same.

23. [31] Defendants admit that Defendant Leak reported that he had a conversation with Plaintiff's father. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 23 [31] of the Complaint, and, therefore, deny the same.

24. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 24 of the Complaint, and, therefore, deny the same.

25. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 25 of the Complaint, and, therefore, deny the same.

26. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 26 of the Complaint, and, therefore, deny the same.

6

27. Defendants admit that Defendants Leak and Perkins went to look for Plaintiff in a patrol car. Defendants also admit that Defendants Leak and Perkins located Q.W. and Plaintiff on a sidewalk near Brandywine Road in Charlotte, North Carolina. Except as expressly admitted herein, the allegations contained in Paragraph 27 are denied.

28. Defendants admit that Plaintiff sat in the front seat of the patrol vehicle and Q.W. sat in the back of the vehicle. Except as expressly admitted herein, the remaining allegations contained in Paragraph 28 of the Complaint are denied.

29. Defendants admit that Q.W. exited the patrol vehicle. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 29 of the Complaint, and, therefore, deny the same.

30. Defendants admit that they took no statement from Plaintiff because her parents would not allow a statement to be taken. Except as expressly admitted herein, the remaining allegations contained in Paragraph 30 of the Complaint are denied.

31. Defendants admit that they promptly and thoroughly investigated Plaintiff's complaint. Except as admitted herein, the allegations contained in Paragraph 31 of the Complaint are denied.

32. The allegations contained in Paragraph 32 of the Complaint are denied.

33. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 33 of the Complaint, and, therefore, deny the same.

7

34. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 34 of the Complaint, and, therefore, deny the same.

35. Defendants admit that Plaintiff's mother later reported that Plaintiff went to CMC-Pineville hospital and sought a rape kit. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 35 of the Complaint, and, therefore, deny the same.

36. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 36 of the Complaint, and, therefore, deny the same.

37. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 37 of the Complaint, and, therefore, deny the same.

38. Defendants admit that the link http://www.wbtv.com/story/30583871/parents-question-cmpd-handling-of-daughters-reported-sexual-assault/ contains a video and article, the contents of which speak for themselves. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 38 of the Complaint, and, therefore, deny the same.

39. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 39 of the Complaint, and, therefore, deny the same.

8

40. Defendants admit that the Office for Civil Rights ("OCR") conducted an investigation and released its findings (Case No. 11-16-1348) by letter dated December 5, 2017, the contents of which speaks for itself. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 40 of the Complaint, and, therefore, deny the same.

41. Defendants admit that the Office for Civil Rights ("OCR") conducted an investigation and released its findings (Case No. 11-16-1348) by letter dated December 5, 2017, the contents of which speaks for itself. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 41 of the Complaint, and, therefore, deny the same.

42. Defendants admit that the Office for Civil Rights ("OCR") conducted an investigation and released its findings (Case No. 11-16-1348) by letter dated December 5, 2017, the contents of which speaks for itself. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 42 of the Complaint, and, therefore, deny the same.

43. Defendants admit that Plaintiff did not return to MPHS and later transferred to another CMS high school with the assistance of Defendants. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 43 of the Complaint, and, therefore, deny the same.

## **CLAIMS FOR RELIEF**

### **COUNT I**

9

**(*Deliberate Indifference in Violation of Title IX 20 U.S.C. §§ 1681, et al,* against Defendant CMS)**

44. With respect to the allegations contained in Paragraph 44 of the Complaint, Defendants hereby respond by incorporating their responses previously set forth in the prior paragraphs as if fully set forth herein.

45. Defendants admit that Plaintiff was a minor student enrolled at MPHS. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 45 of the Complaint, and, therefore, deny the same.

46. Defendants admit that Defendant Board is a corporate body that controls and supervises MPHS, which is a public secondary school. Defendants admit that Defendant Board and MPHS receive federal funding from the U.S. Department of Education. The remaining allegations contained in Paragraph 46 of the Plaintiff's Complaint constitute conclusions of law to which no response is required.

47. The allegations contained in Paragraph 47 of the Complaint are denied.

48. The allegations contained in Paragraph 48 of the Complaint are denied.

49. Defendants admit that Plaintiff transferred to another CMS high school. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 49 of the Complaint, and, therefore, deny the same.

50. The allegations contained in Paragraph 50 of the Complaint are denied.

51. Defendants admit that Defendant Leak served as an SRO at MPHS pursuant to a contract between the Board and the City of Charlotte/Charlotte-Mecklenburg Police Department. Defendants deny that Defendant Leak was an agent for the Board or CMS. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 51 of the Complaint, and, therefore, deny the same.

52. Defendants admit that Defendant Perkins was an employee of CMS and that he conducted a prompt and thorough investigation of Plaintiff's complaint. The remaining allegations contained in Paragraph 52 of the Complaint constitute conclusions of law to which no response is required.

53. The allegations contained in Paragraph 53 of the Complaint are denied.

54. The allegations contained in Paragraph 54 of the Complaint are denied.

55. The allegations contained in Paragraph 55 of the Complaint are denied.

56. The allegations contained in Paragraph 56 of the Complaint are denied.

57. The allegations contained in Paragraph 57 of the Complaint are denied.

**COUNT II**
***(Violation of Property & Liberty Interest under Fourteenth Amendment, 42 U.S.C. § 1983,***
***against Defendant Leak)***

58. With respect to the allegations contained in Paragraph 58 of the Complaint, Defendants hereby respond by incorporating their responses previously set forth in the prior paragraphs as if fully set forth herein.

11

59. Defendants admit that Defendant Leak was a local law enforcement employee who was contracted to work as an SRO at MPHS pursuant to a contract between the Board and the City of Charlotte/Charlotte-Mecklenburg Police Department. Defendants deny that Defendant Leak acted as an agent for the Board or CMS. Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 59 of the Complaint, and, therefore, deny the same.

60. The allegations contained in Paragraph 60 of the Complaint constitute conclusions of law to which no response is required.

61. The allegations contained in Paragraph 61 of the Complaint constitute conclusions of law to which no response is required.

62. Defendants admit that the Board and the City of Charlotte/Charlotte-Mecklenburg Police Department entered into a contract that governs the use of School Resource Officers, and that contract speaks for itself. The remaining allegations contained in Paragraph 62 of the Complaint constitute conclusions of law to which no response is required.

63. The allegations contained in Paragraph 63 of the Complaint are not directed at these answering Defendants and constitute conclusions of law. To the extent that a response is required, the allegations contained in Paragraph 63 of the Complaint are denied.

64. The allegations contained in Paragraph 64 of the Complaint are not directed at these answering Defendants and constitute conclusions of law. To the extent that a response is required, the allegations contained in Paragraph 64 of the Complaint are denied.

65. The allegations contained in Paragraph 65 of the Complaint are not directed at these answering Defendants and constitute conclusions of law. To the extent that a response is required, the allegations contained in Paragraph 65 of the Complaint are denied.

66. The allegations contained in Paragraph 66 of the Complaint are not directed at these answering Defendants and constitute conclusions of law. To the extent that a response is required, the allegations contained in Paragraph 66 of the Complaint are denied.

67. The allegations contained in Paragraph 67 of the Complaint are not directed at these answering Defendants and constitute conclusions of law. To the extent that a response is required, the allegations contained in Paragraph 67 of the Complaint are denied.

## COUNT III

### (*Violation of Property & Liberty Interest under Fourteenth Amendment, 42 U.S.C. §1983, against Defendant Perkins*)

68. With respect to the allegations contained in Paragraph 68 of the Complaint, Defendants hereby respond by incorporating their responses previously set forth in the prior paragraphs as if fully set forth herein.

[68] Defendants admit that Defendant Perkins was an employee of CMS and worked at MPHS as an Assistant Principal and carried out his duties consistent with state and federal law. The remaining allegations contained in the second numbered Paragraph 68 of the Complaint constitute conclusions of law to which no response is required.

69. The allegations contained in Paragraph 69 of the Complaint constitute conclusions of law to which no response is required.

13

70. The allegations contained in Paragraph 70 of the Complaint constitute conclusions of law to which no response is required.

71. The allegations contained in Paragraph 71 of the Complaint are denied.

72. The allegations contained in Paragraph 72 of the Complaint are denied.

73. The allegations contained in Paragraph 73 of the Complaint are denied.

74. The allegations contained in Paragraph 74 of the Complaint are denied.

**COUNT IV**
**(*Failure to Train under Fourteenth Amendment*, 42 U.S.C. §1983, against Defendant CMS)**

75. With respect to the allegations contained in Paragraph 75 of the Complaint, Defendants hereby respond by incorporating their responses previously set forth in the prior paragraphs as if fully set forth herein.

76. The allegations contained in Paragraph 76 of the Complaint constitute conclusions of law to which no response is required.

77. Defendants do not understand the allegations contained in Paragraph 77 of the Complaint as written and therefore deny the same.

78. Defendants do not understand the allegations contained in Paragraph 78 of the Complaint as written and therefore deny the same.

79. Defendants do not understand the allegations contained in Paragraph 79 of the Complaint as written and therefore deny the same.

80. The allegations contained in Paragraph 80 of the Complaint are denied.

14

81. The allegations contained in Paragraph 81 of the Complaint are denied.

82. The allegations contained in Paragraph 82 of the Complaint are denied.

## COUNT V
### (*Premises Liability against CMS*)

83. With respect to the allegations contained in Paragraph 83 of the Complaint, Defendants hereby respond by incorporating their responses previously set forth in the prior paragraphs as if fully set forth herein.

84. Defendants admit Defendant Board holds the real property of MPHS's campus, which includes approximately 62-acres and includes a wooded area adjacent to its main campus. Except as expressly admitted herein, the allegations contained in Paragraph 84 are denied.

85. The allegations contained in Paragraph 85 of the Complaint constitute conclusions of law to which no response is required.

86. The allegations contained in Paragraph 86 of the Complaint are denied.

87. Defendants admit that the 2015-2016 Student Handbook at MPHS is a document which speaks for itself. The remaining allegations contained in Paragraph 87 constitute conclusions of law to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 87 of the Complaint are denied.

88. The allegations contained in Paragraph 88 of the Complaint are denied.

89. The allegations contained in Paragraph 89 of the Complaint are denied.

90. The allegations contained in Paragraph 90 of the Complaint are denied.

91. The allegations contained in Paragraph 91 of the Complaint are denied.

15

92. The allegations contained in Paragraph 92 of the Complaint are denied.

93. The allegations contained in Paragraph 93 of the Complaint are denied.

**COUNT VI**
*(Negligence against Defendant Leak)*

94. With respect to the allegations contained in Paragraph 94 of the Complaint, Defendants hereby respond by incorporating their responses previously set forth in the prior paragraphs as if fully set forth herein.

95. Defendants admit that Defendant Leak was an SRO at MPHS pursuant to a contract between the Board and The City of Charlotte/Charlotte-Mecklenburg Police Department. Defendants deny that Defendant Leak was an agent of CMS. The remaining allegations contained in Paragraph 95 of the Complaint are not directed at these answering Defendants and constitute conclusions of law. To the extent that a response is required, the allegations contained in Paragraph 95 of the Complaint are denied.

96. Defendants admit that Defendant Leak was an SRO at MPHS pursuant to a contract between the Board and The City of Charlotte/Charlotte-Mecklenburg Police Department. Defendants deny that Defendant Leak was an agent of CMS. The remaining allegations contained in Paragraph 96 of the Complaint are not directed at these answering Defendants and constitute conclusions of law. To the extent that a response is required, the allegations contained in Paragraph 96 of the Complaint are denied.

97. Defendants admit that Defendant Leak was an SRO at MPHS pursuant to a contract between the Board and The City of Charlotte/Charlotte-Mecklenburg Police Department. The remaining allegations contained in Paragraph 97 of the Complaint are not directed at these

16

answering Defendants and constitute conclusions of law. To the extent that a response is required, the remaining allegations contained in Paragraph 97 of the Complaint are denied.

98. The allegations contained in Paragraph 98 of the Complaint are not directed at these answering Defendants and constitute conclusions of law. To the extent that a response is required, the allegations contained in Paragraph 98 of the Complaint are denied.

99. The allegations contained in Paragraph 99 of the Complaint are not directed at these answering Defendants and constitute conclusions of law. To the extent that a response is required, the allegations contained in Paragraph 99 of the Complaint are denied.

100. The allegations contained in Paragraph 100 of the Complaint are not directed at these answering Defendants and constitute conclusions of law. To the extent that a response is required, the allegations contained in Paragraph 100 of the Complaint are denied.

101. The allegations contained in Paragraph 101 of the Complaint are not directed at these answering Defendants and constitute conclusions of law. To the extent that a response is required, the allegations contained in Paragraph 101 of the Complaint are denied.

102. The allegations contained in Paragraph 102 of the Complaint are not directed at these answering Defendants and constitute conclusions of law. To the extent that a response is required, the allegations contained in Paragraph 102 of the Complaint are denied.

103. The allegations contained in Paragraph 103 of the Complaint are not directed at these answering Defendants and constitute conclusions of law. To the extent that a response is required, the allegations contained in Paragraph 103 of the Complaint are denied.

## COUNT VII

### *(Negligence against Defendant Perkins)*

104. With respect to the allegations contained in Paragraph 104 of the Complaint, Defendants hereby respond by incorporating their responses previously set forth in the prior paragraphs as if fully set forth herein.

105. Defendants admit that Defendant Perkins was employed as an Assistant Principal and that he performed his duties as required by state and federal law. Except as admitted herein, the allegations contained in Paragraph 105 of the Complaint are denied.

106. Defendants admit that Defendant Perkins was employed as an Assistant Principal and that he performed his duties as required by state and federal law. Except as admitted herein, the allegations contained in Paragraph 106 of the Complaint are denied.

107. Defendants admit that Defendant Perkins was employed as an Assistant Principal and that he performed his duties as required by state and federal law. Except as admitted herein, the allegations contained in Paragraph 107 of the Complaint are denied.

108. Defendants admit that Defendant Perkins was employed as an Assistant Principal and that he carried out his duties as required by state and federal law. Except as admitted herein, the allegations contained in Paragraph 108 of the Complaint are denied.

109. The allegations contained in Paragraph 109 of the Complaint are denied.

110. The allegations contained in Paragraph 110 of the Complaint are denied.

111. The allegations contained in Paragraph 111 of the Complaint are denied.

112.    The allegations contained in Paragraph 112 of the Complaint are denied.

113.    The allegations contained in Paragraph 113 of the Complaint are denied.

**COUNT VIII**
***(Negligent Infliction of Emotional Distress against Defendant Leak)***

114.    With respect to the allegations contained in Paragraph 114 of the Complaint, Defendants hereby respond by incorporating their responses previously set forth in the prior paragraphs as if fully set forth herein.

115.    The allegations contained in Paragraph 115 of the Complaint are not directed at these answering Defendants and constitute conclusions of law. To the extent that a response is required, the allegations contained in Paragraph 115 of the Complaint are denied.

116.    The allegations contained in Paragraph 116 of the Complaint are not directed at these answering Defendants and constitute conclusions of law. To the extent that a response is required, the allegations contained in Paragraph 116 of the Complaint are denied.

117.    The allegations contained in Paragraph 117 of the Complaint are not directed at these answering Defendants and constitute conclusions of law. To the extent that a response is required, the allegations contained in Paragraph 117 of the Complaint are denied.

**FIFTH DEFENSE**

Defendants had no control over the alleged harasser and the context of the alleged harassment.

**SIXTH DEFENSE**

Plaintiff was not deprived of access to educational opportunities or benefits.

## SEVENTH DEFENSE

At all times, Defendants acted in all respects in accordance with state and federal law and in good faith.

## EIGHTH DEFENSE

No school official had notice of any alleged incident of sexual harassment until on or after November 3, 2015, and upon receiving notice, school officials took prompt and appropriate action to investigate and address Plaintiff's complaints.

## NINTH DEFENSE

The Board has adopted, implemented, and published adequate and effective policies to prevent sexual harassment and discrimination and to ensure prompt investigation and redress of complaints of sexual harassment or discrimination.

## TENTH DEFENSE

Defendants did not engage in, promote or further any policy, practice, custom that in any way violated Plaintiff's rights. Defendants did not enact or act pursuant to any official policy, custom, or practice that in any way violated Plaintiff's rights.

## ELEVENTH DEFENSE

Defendants plead all applicable statutes of limitation as a bar to Plaintiff's claims.

## TWELFTH DEFENSE

Plaintiff (personally and/or by and through her parents/representatives) unreasonably failed to participate in the investigation, would not discuss the specifics of the alleged incident with Defendants, and communicated that she did not want to be informed of the outcome of the investigation.

## THIRTEENTH DEFENSE

At all times relevant to this action, Defendants have acted in good faith in full compliance with all applicable laws

## FOURTEENTH DEFENSE

Defendants deny that any act or omission on their part was the proximate cause of the injuries and damages Plaintiff alleges in her Complaint.

## FIFTEENTH DEFENSE

Any psychological problems or mental/emotional distress Plaintiff claims to suffer are the result of other causes unrelated to Defendants.

## SIXTEENTH DEFENSE

Defendants deny engaging in any conduct that constitutes a deliberate indifference to the rights of the Plaintiff.

## SEVENTEENTH DEFENSE

To the extent it may be found that Plaintiff was subjected to any discriminatory conduct alleged in the Complaint, which is vehemently denied, such conduct was contrary to Defendants' good faith efforts to comply with applicable law.

## EIGHTEENTH DEFENSE

To the extent that any of the alleged wrongs were committed by others, any and all such claims are barred as against Defendants in their entirety.

## NINETEENTH DEFENSE

Plaintiff has failed to mitigate her damages.

## TWENTIETH DEFENSE

Defendants deny that Defendant Leak is an agent of Defendant Board. Defendant Leak served at a MPHS as an SRO pursuant to a contract between Defendant Board and the City of Charlotte/Charlotte-Mecklenburg Police Department.

## TWENTY-FIRST DEFENSE

Defendants reserve the right to amend the Answer and assert any additional affirmative defenses as they may become available or apparent throughout this litigation.

**WHEREFORE**, the Defendants pray the Court as follows:

1.  That Plaintiff have and recover nothing of Defendants in this action;

2.  That the Court dismiss this action in its entirety with prejudice;

3. That the Court award Defendants' costs, attorneys' fees, and all other fees incurred in the defense of this action as provided by applicable law; and

4. For such other relief as the Court deems just and proper.

This the 29th day of November 2018.

<u>/s/ Terry L. Wallace</u>
Terry L. Wallace
N.C. State Bar No. 26806
Wallace Childers PLLC
5821 Fairview Road; Suite 110
Charlotte, North Carolina 28209
Phone: 704-626-2900
Fax: 704-626-3476
Email: terry@wallacechilders.com

**ATTORNEY FOR DEFENDANT CHARLOTTE-MECKLENBURG BOARD OF EDUCATION AND DEFENDANT ANTHONY PERKINS**

## CERTIFICATE OF SERVICE

This is to certify that on this date the undersigned filed the foregoing **ANSWER** using the Court's CM/ECF system which will send notification of such filing to any CM/ECF participants. All participants in this case are registered CM/ECF users and will be served by the CM/ECF system.

Geraldine Sumter
Ferguson Chambers & Sumter, P.A.

Douglas E. Fierberg
Laura L. Dunn
THE FIERBERG NATIONAL LAW GROUP

Attorneys for Plaintiff


Bradley Leak
Charlotte-Mecklenburg Police Department
601 East Trade Street
Charlotte, NC 28202
(VIA US MAIL)


This the 29th day of November 2018.

/s/ Terry L. Wallace
Terry L. Wallace
N.C. State Bar No. 26806
Wallace Childers PLLC
5821 Fairview Road; Suite 110
Charlotte, North Carolina 28209
Phone: 704-626-2900
Fax: 704-626-3476
Email: terry@wallacechilders.com

**ATTORNEY FOR DEFENDANT CHARLOTTE-MECKLENBURG BOARD OF EDUCATION AND DEFENDANT ANTHONY PERKINS**

24