UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH
CAROLINA CHARLOTTE DIVISION

Civil Action No. 3:18-cv-00586

| | |
|---|---|
| **JANE DOE**, | |
| Plaintiff, | |
| v. | **DEFENDANT BRADLEY LEAK'S MOTION TO DISMISS AND ANSWER TO AMENDED COMPLAINT** |
| **CHARLOTTE-MECKLENBURG SCHOOLS BOARD OF EDUCATION; ANTHONY PERKINS**, both individually and in his official capacity as an employee of Charlotte-Mecklenburg Schools; **BRADLEY LEAK**, individually, as an agent of Charlotte-Mecklenburg Schools, and in his official capacity as a law enforcement officer of the Charlotte-Mecklenburg Police Department; **THE CITY OF CHARLOTTE**, a North Carolina Municipality; and **KERR PUTNEY**, his official capacity as Chief of the Charlotte-Mecklenburg Police Department, | |
| Defendants. | |

## FIRST DEFENSE: MOTION TO DISMISS

The Amended Complaint fails to state a claim upon which relief may be granted against this Defendant, Bradley Leak, and thus, should be dismissed with prejudice pursuant to Rules 12(b)(1)(2) and (6) of the Federal Rules of Civil Procedure. As permitted by L.R. 7.1(c)(1), Defendant reserves the right to file a separate Motion to Dismiss and supporting brief.

## INTRODUCTION

Prior to the numbered paragraphs, the Complaint purports to contain a summary of Plaintiff's claims. Except as expressly admitted below in response to the numbered allegations of the Complaint, the allegations contained in this introductory section and in the Complaint are denied.

**SECOND DEFENSE:  ANSWER SUBJECT TO MOTION TO DISMISS**

Without waiving any defenses or motions, Defendant,  Bradley Leak ("Leak" or "Defendant"), responds to the specifically numbered Paragraphs of Plaintiff's Amended Complaint (hereinafter the "Complaint") as follows:

1.      Defendant admits that he was employed by Charlotte Mecklenburg Police Department ("CMPD") and worked as a School Safety Resource Officer ("SSRO") for Myers Park High School ("MPHS") on November 3, 2015.   Except as admitted, Defendant denies the allegations contained in Paragraph 1.

2.      Defendant admits that he spoke with Ms. Doe's father on November 3, 2015.  Except as admitted, Defendant denies the allegations contained in Paragraph 2.

3.      Defendant denies the allegations contained in Paragraph 3.

4.      Defendant specifically denies that Ms. Doe reported that she was raped or sexually assaulted to Defendant.  Defendant admits that he completed a miscellaneous incident KBCOPS report and entered his confidential narrative based on what he observed as well as what Ms. Doe, J.D. and Q.W. told him and that he did so after he spoke with Sergeant Mike Smith of  the CMPD Providence Division and Sergeant Hughes who suggested that he document what had occurred on a long MI (Miscellaneous) noncriminal KBCOPS report.  Except as admitted, Defendant denies the allegations contained in Paragraph 4.

5.      Defendant admits upon information and belief that Ms. Doe withdrew from MPHS.  Except as admitted, Defendant denies the allegations contained in Paragraph 5.

6.      Defendant denies the allegations contained in Paragraph 6.

7.      Defendant denies the allegations contained in Paragraph 7.

8.      Defendant denies the allegations contained in Paragraph 8.

**Specifically Responding to "Jurisdiction & Venue"**

9.      Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 9 for lack of information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

10.     Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 10 for lack of information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

11.     Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 11 for lack of information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

12.     Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that he resided in this jurisdiction in November 2015 and that MPHS is in Charlotte, North Carolina. Except as admitted, Defendant denies the allegations contained in Paragraph 12 for lack of information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

13.     Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that he resided in this jurisdiction in November 2015 and that MPHS is in Charlotte, North Carolina. Except as admitted, Defendant denies the allegations contained in Paragraph 13 for lack of information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

## Specifically Responding to "Parties"

14.     Defendant admits upon information and belief that Plaintiff was a minor and a student at MPHS in November 2015.  Defendant further admits that the November 1, 2018 Court Order (Doc. 6) is a document in writing that speaks for itself.  To the extent the allegations contained in Paragraph 14 contradict that writing, the allegations are denied.  Except as specifically admitted and denied,  Defendant denies the allegations contained in Paragraph 14 for lack of information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

15.     Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 15, and they are, therefore, denied.

16.     Defendant admits upon information and belief that Mr. Perkins served as the Assistant Principal of MPHS in November 2015.  Except as admitted, Defendant denies the allegations contained in Paragraph 16 for lack of information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

17.     Defendant admits that at all times relevant to this Complaint he was a resident of Mecklenburg County, North Carolina and a citizen of North Carolina.  Defendant admits that in November 2015 he was serving as a SSRO at MPHS and was an employee of CMPD.  Except as admitted, Defendant denies the allegations contained in Paragraph 17 for lack of information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

18.     Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 18, and they are, therefore, denied.

19.     Defendant admits that Chief Putney is the Chief of Police for CMPD.  Except as admitted, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 19, and they are, therefore, denied.

## Specifically Responding to "Facts"

20. Defendant admits the allegations contained in Paragraph 20 upon information and belief.

21. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 21, and they are, therefore, denied.

22. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 22, and they are, therefore, denied.

23. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 23, and they are, therefore, denied.

24. Defendant admits that on November 3, 2015, he was directing traffic in his capacity as an SSRO at MPHS when he observed Jane Doe and another student (later identified as Q.W.) walking off campus around 7:00 a.m. Defendant admits that he recognized the female student and called out to her that he saw what she was doing and was going to call her mother. Defendant further admits that Plaintiff and the student she was with turned around and walked back towards campus after he said that. Except as admitted, Defendant denies the allegations contained in Paragraph 24.

25. Defendant admits that he recognized the female student and called out to her that he saw what she was doing and was going to call her mother. Except as admitted, Defendant denies the allegations contained in Paragraph 25.

26. Defendant admits that Ms. Doe did not verbally respond after he called out to Plaintiff that he saw what she was doing and was going to call her mother; however, once he said it, Plaintiff and Q.W. immediately turned around and walked back towards the campus. Except as admitted, Defendant denies the allegations contained in Paragraph 26.

27. Defendant admits upon information and belief that in or about December 2014 a female student reported that she had sexual relations with a male student whom she had dated after

5

he threatened to kill himself if she did not do so.  Except as admitted, Defendant denies the allegations contained in Paragraph 27.

28. Defendant admits upon information and belief that he met with the female student along with a representative of MPHS and that she reported that she had sexual relations  with  a male student whom she had dated after he threatened to kill himself.  Defendant further admits that she told them she did so willingly and on multiple occasions.  Defendant further admits that the student did not attempt to press any type of charges or pursue any type of action through MPHS or CMPD.  Except as admitted, Defendant denies the allegations contained in Paragraph 28.

29. Defendant admits upon information and belief that MPHS typically held a student assembly at the start of each school year, including the 2015-16 year.  Except as admitted, Defendant denies the allegations contained in Paragraph 29.

30. Defendant admits upon information and belief that MPHS typically held a student assembly at the start of each school year, including the 2015-16 year.  Except as admitted, Defendant denies the allegations contained in Paragraph 30.

31. Defendant specifically denies that he, in his capacity as SSRO for MPHS, ever failed to take meaningful action in response to allegations of sexual assault.  Except as specifically denied, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 31, and they are, therefore, denied.

32. Defendant admits upon information and belief that the MPHS Student Handbook stated that students were not to leave campus without permission from an administrator and that doing so would result in the student being considered truant both prior to and after the 2015-16 school year.  Except as admitted, Defendant denies the allegations contained in Paragraph 32.

33. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 33, and they are, therefore, denied.

34. Defendant admits that he was the SRRO at MPHS in November 2015 and would have helped Ms. Doe or any student who reported a sexual assault to him. With regards to the allegations regarding Ms. Doe's text messages, the text messages are documents in writing that speak for themselves. To the extent the allegations contained in Paragraph 34 contradict that writing, Defendant denies the allegations. Except as expressly admitted and denied, Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 and they are, therefore, denied.

35. Defendant specifically denies there were "known dangers to female students at MPHS" that were disregarded as alleged in Plaintiff's Complaint. Except as specifically denied, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 35, and they are, therefore, denied

36. Defendant admits that as he was looking for Plaintiff's mother's phone number after he returned to his office from directing traffic on the morning of November 3, 2015, one of Plaintiff's friends, J.D., came to his office and told him that Ms. Doe was sending text messages that she had been kidnapped and needed help. Except as admitted, Defendant denies the allegations contained in Paragraph 36.

37. Defendant admits that he asked questions of Ms. Doe's friends since he has just seen Doe voluntarily walking off campus with another male student. Defendant further admits that Ms. Doe's father stated Ms. Doe was probably making something up because she had been caught skipping school. Except as admitted, Defendant denies the allegations contained in Paragraph 37.

38. The audio recording and text message speak for themselves. Defendant specifically denies

7

that he refused to take immediate action as he was already in the process of contacting Ms. Doe's parents when Ms. Doe's friend, J.D., came to his office but cannot speak to J.D.'s perceptions. Except as specifically admitted and denied, Defendant denies the allegations contained in Paragraph 38.

39. Defendant admits that he alerted Mr. Perkins to what J.D. had reported to him regarding Ms. Doe. Except as admitted, Defendant denies the allegations contained in Paragraph 39.

40. With regards to the contents of Ms. Doe's text messages, the text messages are documents in writing that speak for themselves. To the extent the allegations contained in Paragraph 40 contradict that writing, the allegations ae denied. Except as expressly admitted and denied, the allegations are denied.

41. With regards to the contents of Ms. Doe's text messages to her mother, the text messages are documents in writing that speak for themselves. To the extent the allegations contained in Paragraph 41 contradict that writing, the allegations ae denied.

42. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 42, and they are, therefore, denied.

43. Defendant admits the allegations contained in Paragraph 43.

44. Defendant admits that he told Ms. Doe's father about how he had seen Ms. Doe that morning. Defendant further admits that Ms. Doe's father stated that Ms. Doe was probably making something up because she had been caught skipping school. Except as admitted, Defendant denies the allegations contained in Paragraph 44.

45. Defendant denies the allegations contained in Paragraph 45.

46. Defendant admits that the KBCOPS report he submitted reflects what he observed and what Ms. Doe, Q.W. and J.D. told him about the incident. Except as admitted, Defendant

8

lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 46, and they are, therefore, denied.

47. Defendant admits that the KBCOPS report he submitted reflects what he observed and what Ms. Doe, Q.W. and J.D. told him about the incident. Except as admitted, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 47, and they are, therefore, denied.

48. With regards to the contents of Ms. Doe's text messages, the text messages are documents in writing that speak for themselves. To the extent the allegations contained in Paragraph 48 contradict the writing, Defendant denies the allegations.

49. Paragraph 49 contains legal citations and statutory authorities which speak for themselves. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 49, and they are, therefore, denied.

50. Paragraph 50 contains legal citations and statutory authorities which speak for themselves. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 50, and they are, therefore, denied.

51. Paragraph 51 contains legal citations and statutory authorities which speak for themselves. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 51, and they are, therefore, denied.

52. Paragraph 52 contains legal citations and statutory authorities which speak for themselves. To the extent a response is required, Defendant lacks sufficient information to form a belief

as to the truth or falsity of the allegations contained in Paragraph 52, and they are, therefore, denied.

53.     Paragraph 53 contains legal citations and statutory authorities which speak for themselves. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 53, and they are, therefore, denied.

54.     Paragraph 54 contains legal citations and statutory authorities which speak for themselves. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 54, and they are, therefore, denied.

55.     Paragraph 55 is admitted upon information and belief.

56.     Defendant admits that at all times relevant to this Complaint he was a CMPD office and was selected to be a SSRO for MPHS. Defendant further admits that he was hired, trained and supervised by CMPD and that he complied with all applicable laws. With regards to CMS' obligations, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 56, and they are, therefore, denied. Except as specifically admitted and denied, Defendant denies the allegations contained in Paragraph 56.

57.     Defendant admits that he was properly hired, trained and supervised by CMPD while serving as an SSRO at MPHS. Except as admitted, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 57, and they are, therefore, denied.

58.     Defendant admits that he was acting in his capacity as a SSRO for MPHS on November 3, 2015. Except as admitted, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 58, and they are, therefore, denied.

59.     Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.     Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.     Defendant admits that he and Mr. Perkins went looking for Ms. Doe in his patrol vehicle. Except as admitted, Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.     Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 62, and they are, therefore, denied.

63.     Defendant admits that Doe and Q.W. were located on Brandywine Street about 20 yards from Hassell Street walking towards MPHS. Except as admitted, Defendant denies the allegations contained in Paragraph 63.

64.     Defendant admits that Ms. Doe sat in the front seat of Defendant's patrol car with Defendant while Q. W. sat in the backseat with Perkins. Defendant further admits that his patrol car had a cage in between the front and back seats as is typical in a police vehicle. Defendant further admits that when Ms. Doe walked to the vehicle she stated she did not want to talk around Q. W. Defendant further admits that when Ms. Doe got in the front seat she showed him a text saying, "Can he hear us" and Defendant told her he could. Defendant further admits that they then drove back to MPHS and Mr. Perkins took Q.W. inside to an office while Defendant and Ms. Doe sat in the car and Ms. Doe told Defendant what had occurred. Except as admitted, Defendant denies the allegations contained in Paragraph 64.

65.     With regards to the allegations concerning the contents of Ms. Doe's text messages, the text messages are documents in writing that speak for themselves. To the extent the allegations contained in Paragraph 65 contradict that writing, the allegations ae denied. Except as specifically admitted and denied, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 65, and they are, therefore, denied.

66.     Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 66, and they are, therefore, denied.

67.     Defendant admits upon information and belief that Mr. Perkins removed Q.W. from the car and

took him to his office. Except as admitted, Defendant denies the allegations contained in Paragraph 67.

68. Defendant denies the allegations contained in Paragraph 68.

69. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 69, and they are, therefore, denied.

70. Defendant admits that Plaintiff told him what had happened while they were sitting in his patrol vehicle after Q.W. and Perkins exited the car and the KB Cops report he submitted reflects what she told him. Defendant further admits that Plaintiff did not provide a formal statement. Finally, Defendant admits that Ms. Doe called the school and told Officer Leak she did not want him to come to the hospital but instead she wanted a detective to come to interview her daughter. Except as admitted, Defendant denies the allegations contained in Paragraph 70.

71. Defendant denies the allegations contained in Paragraph 71.

72. Paragraph 72 does not relate to this Defendant and thus no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 72.

73. To the extent Paragraph 73 relates to this Defendant, Defendant denies the allegations contained in Paragraph 73. To the extent the allegations do not relate to this Defendant, no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 73.

74. Paragraph 74 does not relate to this Defendant and thus no response is required. To the extent a response is required, the incident report prepared by Mr. Perkins is a document in writing that speaks for itself. To the extent the allegations contained in Paragraph 74 contradict that writing, the allegations are denied. Except as specifically admitted and denied, Defendant denies the allegations contained in Paragraph 74.

75. Paragraph 75 does not relate to this Defendant and thus no response is required. To the

extent a response is required, the incident report prepared by Mr. Perkins is a document in writing that speaks for itself. To the extent the allegations contained in Paragraph 75 contradict that writing, the allegations are denied. Except as specifically admitted and denied, Defendant denies the allegations contained in Paragraph 75.

76. Defendant denies the allegations contained in Paragraph 76.

77. Defendant admits that he completed the report and entered his confidential narrative based on what he observed as well as what Ms. Doe, J.D. and Q.W. told him and that he did so after he spoke with Sergeant Mike Smith of the CMPD Providence Division and Sergeant Hughes who suggested that he document what had occurred on a long MI (Miscellaneous) noncriminal KBCOPS report. Defendant further admits that the report he prepared is a document in writing that speaks for itself. To the extent the allegations contained in Paragraph 77 contradict that writing, the allegations are denied. Except as expressly admitted and denied, Defendant denies the allegations contained in Paragraph 77.

78. Defendant admits that Ms. Doe's father was in the building hallway when Defendant and Ms. Doe returned from his car and he said he was taking his daughter to the hospital. Except as admitted, Defendant denies the allegations contained in Paragraph 78 of the Complaint.

79. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 79, and they are, therefore, denied.

80. Defendant admits that Ms. Doe's mother called him on November 3 to get a detective to come to the hospital and said she did not want him to come to the hospital but instead wanted a detective. Defendant admits upon information and belief that he may have told Ms. Doe's mother that he was submitting a report in the course of the conversation. Except as admitted, Defendant denies the allegations contained in Paragraph 80.

81. Defendant lacks sufficient information to form a belief as to the truth or falsity of the

allegations contained in Paragraph 81, and they are, therefore, denied.

82. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 82, and they are, therefore, denied.

83. To the extent the allegations contained in Paragraph 83 relate to Defendant, Defendant denies the allegations. Defendant admits upon information and belief that since Plaintiff initially denied that she was sexually assaulted, CMPD would not have classified the event as a sexual assault. Except as specifically admitted and denied, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 83, and they are, therefore, denied.

84. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 84, and they are, therefore, denied.

85. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 85, and they are, therefore, denied.

86. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 86, and they are, therefore, denied.

87. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 87, and they are, therefore, denied.

88. To the extent the allegations contained in Paragraph 88 relate to Defendant, Defendant denies the allegations. Except as specifically denied, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 88, and they are, therefore, denied.

89. To the extent the allegations contained in Paragraph 89 relate to Defendant, Defendant denies the allegations. Except as specifically denied, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 89, and they are, therefore, denied.

90. To the extent the allegations contained in Paragraph 90 relate to Defendant, Defendant denies the allegations. Except as specifically denied, Defendant lacks sufficient information to form

a belief as to the truth or falsity of the allegations contained in Paragraph 90, and they are, therefore, denied.

91. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 91, and they are, therefore, denied.

92. Paragraph 92 of the Complaint contains legal citations, authorities, or legal conclusions to which no response is required.

93. Paragraph 93 of the Complaint contains legal citations, authorities, or legal conclusions to which no response is required.

94. Defendant admits that the *2001 OCR Guidance* is a document in writing that speaks for itself. To the extent the allegations contained in Paragraph 94 contradict that writing, Defendant denies the allegations.

95. Defendant admits that the *2001 OCR Guidance* is a document in writing that speaks for itself. To the extent the allegations contained in Paragraph 95 contradict that writing, Defendant denies the allegations.

96. Defendants admit that the OCR issued *Dear Colleague Letter- Sexual Harassment Issues* is a document in writing that speaks for itself. To the extent the allegations contained in Paragraph 96 contradict that writing, Defendant denies the allegations.

97. Defendants admit that the OCR issued *Sexual Harassment: It's Not Academic* is a document in writing that speaks for itself. To the extent the allegations contained in Paragraph 97 contradict that writing, Defendant denies the allegations.

98. Defendants admit that the OCR issued *Dear Colleague Letter- Sexual Violence* is a document in writing that speaks for itself and a document which, according to Plaintiff's own Complaint, was withdrawn by the U.S. Department of Education in September 2017. To the extent the allegations contained in Paragraph 98 contradict that writing, Defendant denies the allegations.

15

99. Defendants admit that the OCR issued *Dear Colleague Letter- Sexual Violence* is a document in writing that speaks for itself and a document which, according to Plaintiff's own Complaint, was withdrawn by the U.S. Department of Education in September 2017. To the extent the allegations contained in Paragraph 99 contradict that writing, Defendant denies the allegations.

100. Defendants admit that the OCR issued *Dear Colleague Letter-  Title IX Coordinator* and *Title IX Resource Guide* are documents in writing that speak for themselves.  To the extent the allegations contained in Paragraph 100 contradict those writings, Defendant denies the allegations.

101. The allegations contained in Paragraph 101 do not relate to this Defendant and thus no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 101.

102. The allegations contained in Paragraph 102 do not relate to this Defendant and thus no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 102.

103. The allegations contained in Paragraph 103 do not relate to this Defendant and thus no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 103.

104. The allegations contained in Paragraph 104 do not relate to this Defendant and thus no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 104.

**Specifically Responding to "Claims For Relief"**
**"Count I  (Pre- and Post-Report Violations of Title IX 20 U.S.C. §§ 1681, et seq., against Defendant CMS)"**

105. Defendant incorporates by reference his responses to Paragraphs 1-104.

16

106. Defendant admits that Ms. Doe was a minor student at MPHS. Except as admitted, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 106, and they are, therefore, denied.

107. The allegations contained in Paragraph 107 do not relate to this Defendant and thus no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 107, and they are, therefore, denied.

108. Defendant denies the allegations contained in Paragraph 108.

109. Paragraph 109 states legal conclusions to which no response is required. To the extent a response is required, Defendant admits that he was a SSRO at MPHS at the time of the events alleged in the Complaint. Except as admitted, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 109, and they are, therefore, denied.

110. Paragraph 110 does not relate to this Defendant and thus no response is required. Further, Paragraph 110 states legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 110, and they are, therefore, denied.

111. Defendant denies the allegations contained in Paragraph 111.

112. Paragraph 112 does not relate to this Defendant and thus no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 112.

113. Paragraph 113 does not relate to this Defendant and thus no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 113.

114. Paragraph 114 does not relate to this Defendant and thus no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 114.

115. Paragraph 115 does not relate to this Defendant and thus no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 115.

116. Paragraph 116 does not relate to this Defendant and thus no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 116.

117. Paragraph 117 does not relate to this Defendant and thus no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 117.

118. Paragraph 118 does not relate to this Defendant and thus no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 118.

119. Defendant admits that he and Mr. Perkins located Ms. Doe and Q.W. and brought them back to campus. Defendant further admits that Ms. Doe reported that she spit Q.W.'s semen on her sweater. Except as admitted, Defendant denies the allegations contained in Paragraph 119.

120. Defendant admits that he filed a report regarding the incident which reflects what he observed and what Ms. Doe, Q.W. and J.D. told him about the incident. Except as admitted, Defendant denies the allegations contained in Paragraph 120.

121. Defendant denies the allegations contained in Paragraph 121.

122. Defendant denies the allegations contained in Paragraph 122, including sub-paragraphs (a) through (f), of Plaintiff's Complaint.

**Specifically Responding to**
**"Count II (Violation of Federal and Constitutional Rights Under the Fourteenth Amendment and Pursuant to 42 U.S.C. § 1983, against Defendants CMS, Leak and Perkins)"**

123. Defendant incorporates by reference his responses to Paragraphs 1-122.

124. Paragraph 124 does not relate to this Defendant and thus no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 124, and they are, therefore,

18

denied.

125.     Defendant admits that at all times relevant to this action he was employed by CMPD and assigned to work as a SSRO at MPHS acting in the course and scope of his employment. Except as admitted, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 125, and they are, therefore, denied.

126.     The allegations contained in Paragraph 126 do not relate to this Defendant and thus no response is required. To the extent a response is required, Defendant admits upon information and belief that Mr. Perkins was employed as the Assistant Principal at MPHS at all times relevant to this action. Except as admitted, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 126, and they are, therefore, denied.

127.     Paragraph 127 states legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 127, and they are, therefore, denied.

128.     Paragraph 128 states legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 128, and they are, therefore, denied.

129.     Paragraph 129 states legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 129, and they are, therefore, denied.

130.     Defendant admits that he was a CMPD officer assigned to work as a SSRO at MPHS at all times relevant to this action. Except as admitted, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 130, and they are, therefore, denied.

131.    Paragraph 131 does not relate to this Defendant and thus no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 131 of Plaintiff's Complaint.

132.    Defendant denies the allegations contained in Paragraph 132.

133.    Paragraph 133 does not relate to this Defendant and thus no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 133.

134.    Defendant denies the allegations contained in Paragraph 134.

135.    Defendant denies the allegations contained in Paragraph 135, including sub-paragraphs (a) through (f).

**Specifically Responding to "Count III  (Failure to Train In Violation of Federal and Constitutional Rights under the Fourteenth Amendment and pursuant to 42 U.S.C. 1983 against Defendants CMS, City and Putney)"**

136.    Defendant incorporates by reference his responses to Paragraphs 1-135.

137.    Paragraph 137 does not relate to this Defendant and contains conclusions of law and thus no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 137, and they are, therefore, denied.

138.    Paragraph 138 does not relate to this Defendant and contains conclusions of law and thus no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 138, and they are, therefore, denied.

139.    Paragraph 139 does not relate to this Defendant and contains conclusions of law and thus no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 139, and they are, therefore, denied.

140. Paragraph 140 does not relate to this Defendant and contains conclusions of law and thus no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 140, and they are, therefore, denied.

141. Paragraph 141 does not relate to this Defendant and contains conclusions of law and thus no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 141, and they are, therefore, denied.

142. Paragraph 142 does not relate to this Defendant and contains conclusions of law and thus no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 142, and they are, therefore, denied.

143. Paragraph 143 does not relate to this Defendant and contains conclusions of law and thus no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 143, and they are, therefore, denied.

144. Paragraph 144 does not relate to this Defendant and contains conclusions of law and thus no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 144, and they are, therefore, denied.

145. Paragraph 145 does not relate to this Defendant and contains conclusions of law and thus no response is required. To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 145, and they are, therefore, denied.

146. Defendant denies the allegations contained in Paragraph 146.

147. Defendant denies the allegations contained in Paragraph 147.

148. Defendant denies the allegations contained in Paragraph 148.

149. Defendant denies the allegations contained in Paragraph 149.

150. Defendant denies the allegations contained in Paragraph 150, including sub-paragraphs (a) through (f).

**Specifically Responding to**
**"Count IV (Negligence Against Defendants Leak and Perkins)"**

151. Defendant incorporates by reference his responses to Paragraphs 1-150.

152. Paragraph 152 states legal conclusions to which no response is required. To the extent a response is required, Defendant admits that he complied with all applicable laws.

153. Paragraph 153 does not relate to this Defendant and states legal conclusions to which no response is required. To the extent a response is required, Defendant admits upon information and belief that Mr. Perkins complied with all applicable laws.

154. Defendant denies the allegations contained in Paragraph 154.

155. Defendant admits that he knew some MPHS students would go off-campus to the woods from time to time but specifically denies that he knew of any dangerous conditions on MPHS's campus. Except as specifically admitted and denied, Defendant denies the allegations contained in Paragraph 155.

156. Defendant denies that he failed to immediately respond to reports of Ms. Doe's "abduction" and denies the remaining allegations contained in Paragraph 156.

157. Paragraph 157 does not relate to this Defendant and thus no response is required. To the extent a response is required, Defendant denies that Mr. Perkins failed to immediately respond to reports of Ms. Doe's "abduction" and denies the remaining allegations contained in Paragraph 157.

158. Defendant denies the allegations contained in Paragraph 158.

159. Defendant denies the allegations contained in Paragraph 159.

160. Defendant denies the allegations contained in Paragraph 160.

161. Defendant denies the allegations contained in Paragraph 161, including sub-paragraphs (a), (b), (c), (d) and (d) [sic].

**Specifically Responding to
"Count V (Negligent Infliction of Emotional Distress
Against Defendants Leak and Perkins)"**

162. Defendant incorporates by reference his responses to Paragraphs 1-161.

163. Defendant denies the allegations contained in Paragraph 163.

164. Defendant denies the allegations contained in Paragraph 164.

165. Defendant denies the allegations contained in Paragraph 165.

166. Paragraph 166 does not relate to this Defendant and thus no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 166.

167. Defendant denies the allegations contained in Paragraph 167.

168. Defendant denies the allegations contained in Paragraph 168.

169. Defendant denies the allegations contained in Paragraph 169.

170. Defendant denies the allegations contained in Paragraph 170, including sub-paragraphs (a), (b), (c), (d) and (d) [sic].

**Specifically Responding to "Count VI (Negligent Hiring, Training, Retention and
Supervision Against Defendants City and Putney)"**

171. Defendant incorporates by reference his responses to Paragraphs 1-170.

172. Defendant admits that he was employed as a CMPD police officer who acted as the SSRO at MPHS at all times relevant to this action.

173. Defendant admits that he was employed as a CMPD police officer who acted as the SSRO at MPHS at all times relevant to this action.

174. Defendant admits that he was employed as a CMPD police officer who acted as the SSRO at MPHS at all times relevant to this action.

175. Defendant denies the allegations contained in Paragraph 175.

176. Defendant denies the allegations contained in Paragraph 176.

177. Defendant denies the allegations contained in Paragraph 177.

178. Defendant denies the allegations contained in Paragraph 178.

179. Defendant denies the allegations contained in Paragraph 179.

180. Defendant denies the allegations contained in Paragraph 180.

181. Defendant denies the allegations contained in Paragraph 181.

182. Defendant denies the allegations contained in Paragraph 182, including sub-paragraphs (a), (b), (c), (d) and (d) [sic].

### Specifically Responding to "Count VII (Common Law Obstruction of Justice Against Defendants Perkins and Leak)"

183. Defendant incorporates by reference his responses to Paragraphs 1-182.

184. Paragraph 184 does not relate to this Defendant and thus no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 184.

184[sic]. Defendant denies the allegations contained in Paragraph 184 to the extent they relate to this Defendant. To the extent they do not relate to this Defendant, no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 184.

185. Defendant denies the allegations contained in Paragraph 185.

186. Defendant denies the allegations contained in Paragraph 186.

182 [sic]. Defendant denies the allegations contained in Paragraph 182, including sub-paragraphs (a) through (f).

## THIRD AFFIRMATIVE DEFENSE TO ALL CLAIMS FOR RELIEF
### (Compliance)

Defendant's actions were consistent with CMPD's policies and practices and were in good faith, without any wrongful intent and with a reasonable belief that his conduct was in conformance with North Carolina state and federal laws, as well as consistent with the U.S. Constitution.

## FOURTH AFFIRMATIVE DEFENSE TO ALL CLAIMS FOR RELIEF
### (Limitations)

Plaintiff's claims for damages are barred, reduced, and/or limited pursuant to applicable statutory provisions and common law doctrines regarding limitations on awards, caps on damages, laches and setoffs.

## FIFTH AFFIRMATIVE DEFENSE TO ALL CLIAMS FOR RELIEF
### (Contributory Negligence)

Plaintiff's claims for damages are barred, reduced, and/or limited by Plaintiff's own negligence and/or contributory negligence.

## SIXTH AFFIRMATIVE DEFENSE TO ALL CLAIMS FOR RELIEF
### (Qualified Immunity)

At all times relevant to Plaintiff's Complaint, the conduct of Defendant was objectively reasonable and did not violate any clearly established constitutional rights of Plaintiff of which a reasonable person would have known. Therefore, Defendant is entitled to the defense of qualified immunity, which is hereby pleaded in bar of Plaintiff's claims.

Further, the allegations contained in the Complaint fail to establish by clear and convincing evidence that Officer Leak acted with malice or undertook willful or wanton conduct regarding the matters at issue in this action.

## SEVENTH AFFIRMATIVE DEFENSE TO ALL CLAIMS FOR RELIEF
### (Public Official Immunity)

At all times relevant to this action, Defendant was a sworn public officer, acting in his official capacity, and entitled to public officer or public official immunity, which is pleaded in bar of Plaintiff's claim. Further, Plaintiff failed to plead and will be unable to establish any evidence that Defendant's conduct was motivated by something other than a purpose in furtherance of his official job or duties.

## EIGHTH AFFIRMATIVE DEFENSE TO ALL CLAIMS FOR RELIEF
### (Governmental Immunity)

Defendant was at all times relevant to this matter acting in his official capacity as a law enforcement officer carrying out law enforcement functions in the course and scope of his employment with CMPD. Defendant is entitled to the defense of governmental immunity, which is hereby pleaded in bar of Plaintiff's claims.

## NINTH AFFIRMATIVE DEFENSE TO ALL CLAIMS FOR RELIEF
### (Punitive Damages)

Under North Carolina law, punitive damages are unavailable for plaintiffs against municipalities unless there is a statute which expressly permits punitive damages to be sought against municipalities. *See*, Long v. City of Charlotte, 306 N.C. 187, 208, 293 S.E.2d 101, 115 (1982). There is no statutory authorization for Plaintiff's requested relief of punitive damages. Moreover, the allegations contained in Plaintiff's Complaint fail to establish by clear and convincing evidence that Defendant acted with malice or undertook willful or wanton conduct, evil motive, or reckless and callous disregard with regard to the matters at issue in this action.

## TENTH AFFIRMATIVE DEFENSE TO ALL CLAIMS FOR RELIEF
### (Statute of Limitations)

Plaintiff' claims may be barred, in whole or in part, by the applicable statute of limitations.

26

## ELEVENTH AFFIRMATIVE DEFENSE TO ALL CLAIMS FOR RELIEF
### (Mitigation)

Plaintiff is not entitled to recovery of compensatory damages against Defendant as she failed to mitigate her damages.

## TWELFTH AFFIRMATIVE DEFENSE TO ALL CLAIMS FOR RELIEF
### (Notice of Additional Defenses)

Defendant reserves the right to plead additional affirmative defense as may be revealed during discovery proceedings in this matter and likewise plead all defenses pled by all co-defendants in this action.

**WHEREFORE,** having fully answered Plaintiff's Complaint, the Defendant prays:

1. Plaintiff have and recover nothing from the Defendant;

2. Plaintiff's claims be dismissed with prejudice;

3. The issues in this matter be tried to a jury;

4. The costs of this action, including reasonable attorneys' fees, be taxed against Plaintiff; and

5. This Court order such relief as it deems just and proper.

**THIS** 4th day of March, 2019.
.

/s/ Lori R. Keeton
Lori R. Keeton, N.C. State Bar # 25813
Law Offices of Lori Keeton
13850 Ballantyne Corporate Place, Suite 500
Charlotte, North Carolina 28277
Phone: 704-887-5219
Facsimile: 704-919-5059
Email: lkeeton@lorikeetonlaw.com
*Attorney for Defendant Bradley Leak*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing was filed electronically with the Clerk of Court using the CM/ECF system and was served electronically on those entities that have properly registered for such electronic service. Entities not registered for electronic service have been served via first-class mail, postage prepaid and properly addressed, as follows:

Geraldine Sumter (NC Bar No. 11107)
Ferguson Chambers & Sumter, P.A.
309 Morehead St, Ste 110
Charlotte, NC 28202
Phone: 704-375-8461
Facsimile: 980-938-4867

Douglas E. Fierberg, Esq. (*pro hac vice*)
Laura L. Dunn, Esq. (*pro hac vice*)
The Fierberg National Law Group
161 E. Front St, Ste 200
Traverse City, MI 49684
&
1701 Pennsylvania Ave, Ste 200
Washington, DC 20006
Phone: 202-351-0510
Facsimile: 231-252-8100
***Attorneys for Plaintiff Jane Doe***

Mark Newbold, Esq.
Deputy City Attorney-Police
601 East Trade
Charlotte, North Carolina 28202

Andrea Leslie-Fite, Esq.
Assistant City Attorney
Office of the City Attorney
600 E 4th St
Charlotte, NC 28202
***Attorneys for City of Charlotte and Chief Kerr Putney***

Terry Wallace, Esq.
Walllace Childers PLLC
5821 Fairview Rd
Charlotte, NC 28209
***Attorney for Charlotte-Mecklenburg Schools Board of Education and Anthony Perkins***

28

This 4th day of March, 2019.

/s/ Lori R. Keeton
Lori R. Keeton, N.C. State Bar # 25813
Law Offices of Lori Keeton
13850 Ballantyne Corporate Place, Suite 500
Charlotte, North Carolina 28277
Phone: 704-887-5219
Facsimile: 704-919-5059
Email: lkeeton@lorikeetonlaw.com
***Attorney for Defendant Bradley Leak***

29