UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00586-RJC-DSC

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHARLOTTE MECKLENBURG | ) |
| BOARD OF EDUCATION, BRADLEY | ) |
| LEAK, individually, as an agent of | ) |
| Charlotte-Mecklenburg Schools, and as | ) ORDER |
| a law enforcement officer of Charlotte- | ) |
| Mecklenburg Police Department, | ) |
| ANTHONY PERKINS, individually and | ) |
| in his official capacity as an employee of | ) |
| Charlotte-Mecklenburg Schools, CITY | ) |
| OF CHARLOTTE, a North Carolina | ) |
| Municipality, and KERR PUTNEY, in | ) |
| his official capacity as Chief of | ) |
| Charlotte-Mecklenburg Police | ) |
| Department, | ) |
| | ) |
| Defendants. | |

**THIS MATTER** comes before the Court on Defendants City of Charlotte and Kerr Putney's motion to dismiss, (Doc. No. 52), and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 57).

I. BACKGROUND

On December 20, 2018, Plaintiff filed an amended complaint asserting claims pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's rights under Title IX of the Education Amendments Act of 1972 and the Fourteenth Amendment to the United States Constitution, as well as state law claims for negligence and negligent hiring,

training, retention, and supervision. On February 20, 2020, the City and Putney filed their Rule 12(b)(6) motion to dismiss (1) Plaintiff's third claim pursuant to section 1983 for failure to train in violation of Title IX and the Fourteenth Amendment and (2) Plaintiff's sixth claim for negligent hiring, training, retention, and supervision. (Doc. No. 52.) In the M&R, the Magistrate Judge recommended that this Court grant the motion as to Plaintiff's third claim and deny the motion as to Plaintiff's sixth claim. (Doc. No. 57, at 14.) The Magistrate Judge advised the parties of their right to file objections within fourteen days, (Doc. No. 57, at 14); however, no objections were filed, and the time for doing so has expired.

## II. STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## III. DISCUSSION

As no objection to the M&R has been made, the parties have waived their

2

Case 3:18-cv-00586-RJC-DSC   Document 58   Filed 07/06/20   Page 2 of 3

right to de novo review of any issues covered in the M&R. After review of the M&R and the entire record, the Court determines that the recommendation of the Magistrate Judge to grant the City and Putney's motion to dismiss as to Plaintiff's third claim but deny the motion as to Plaintiff's sixth claim is fully consistent with and supported by current law. Therefore, the Court adopts the M&R.

IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 57), is **ADOPTED**; and
2. The City and Putney's motion to dismiss, (Doc. No. 52), is **GRANTED in part** and **DENIED in part**. The motion is granted as to Plaintiff's third claim, and that claim is dismissed with prejudice. The motion is denied as to Plaintiff's sixth claim.

Robert J. Conrad, Jr.
United States District Judge