**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:18-CV-00586-RJC-DSC**

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **AMENDED STIPULATED** |
| ) | **PROTECTIVE ORDER** |
| CHARLOTTE-MECKLENBURG ) | |
| BOARD OF EDUCATION *ET AL.*; ) | |
| ) | |
| Defendants. ) | |
| ) | |

The Court, having considered the Consent Motion for Entry of Amended Stipulated Protective Order ("Order"), and finding it appropriate to do so, hereby orders as follows:

1. **PURPOSES AND LIMITATIONS**

The Parties consider and represent that discovery activity in this litigation includes production of confidential or private information of current students or former students of Charlotte-Mecklenburg Schools (CMS) for which special protection from public disclosure (or use for any purpose other than prosecuting this litigation) is warranted, and production of confidential personnel records and other non-public records for which special protection from public disclosure may be necessary. Moreover, this case involves highly personal, sensitive, and potentially embarrassing information about the Plaintiff, a former CMS student, who has sought to maintain her privacy during litigation by seeking and obtaining court leave to use a pseudonym. The Parties therefore agree to protect and shield Plaintiff's personal identifying information, including that of her family members, from disclosure.

Based upon the foregoing, the Parties agree that this Order is warranted and required to prevent and/or limit disclosure of protected, confidential or other non-public information, as

1

detailed in Section 2.4, *infra*. Additionally, this Order is warranted to prevent and/or limit disclosure of personal or sensitive information that the Parties agree, or if the Parties cannot agree that the Court will determine, should be shielded from public disclosure.

The Parties acknowledge that this Order only applies to information designated as confidential and thus protected hereunder.

The Parties acknowledge, as set forth in Section 7.4, *infra*, that this Order does not entitle them to file confidential information under seal; rather, LCvR 6.1 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal. The Parties acknowledge and understand that any unredacted document or materials that contain personally identifying information about Plaintiff must be filed under seal per these procedures.

**2. DEFINITIONS**

Except as otherwise expressly defined in this Order, the following definitions shall apply:

**2.1 Party.** Any Party to this action and any employees and/or agents of a Party.

**2.2 Counsel.** Attorneys representing the Parties and employees and/or agents of counsel who have responsibility for the preparation and trial of this action.

**2.3 Producing Party.** The Party that discloses or produces in response to discovery requests.

**2.4 "CONFIDENTIAL" Information or Items**. Any private or non-public information produced during discovery deserving protection under the Federal Rule of Civil Procedure and/or Local Rules that the Producing Party in good faith reasonably believes is subject to confidentiality and related protections because it:

**(a)** contains the current or former legal names, or other personal identifying information (*i.e.*, birthdate or Social Security Number) of Plaintiff or her family members;

**(b)** contains any non-public information about students that is protected from disclosure by the Family Educational Rights and Privacy Act ("FERPA");

**(c)** contains any non-public information that is protected from disclosure by N.C.G.S. § 160A-168;

**(d)** contains any information that is confidential pursuant to N.C.G.S. § 132-1.2; and/or

**(e)** contains information that is protected from disclosure by N.C.G.S. § 115C-321.

**2.5** **Designating Party**. A Party that designates information or items as confidential that it or a third party produces in disclosures or in responses to discovery requests.

**2.6** **Receiving Party**. A Party that receives disclosures or discovery materials from the Producing Party and/or Designating Party.

**2.7** **Protected Materials.** Any disclosures or discovery materials that are designated as "CONFIDENTIAL" Information or Items.

**2.8** **Objecting Party**. A Party that challenges the designation of Protected Materials as Confidential.

**2.9** **Consultant and Expert**. A person or persons with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel to serve as an expert witness or consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

**2.10 Court Reporters and Recorders.** Any person engaged to record depositions, hearings, or trial proceedings, or otherwise retained for similar purposes during litigation.

**2.11 Promptly.** Within ten business days.

## 3. SCOPE

The protections conferred by this Order cover not only Protected Materials (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in this litigation or in other settings that is reasonably believed to risk disclosure of "CONFIDENTIAL" Information or Items, as defined in Section 2.4, *supra*.

Nothing in this Order shall be construed as requiring disclosure of documents, information, or any other materials that are privileged in nature, or subject to the attorney-client privilege or the work-product doctrine, assuming no Party has waived said privileges and protections, and/or documents, information or other materials that are, or may be claimed to be, otherwise beyond the scope of permissible discovery. Such matters are covered in a separate clawback agreement, as stipulated and agreed to by the Parties and hereby incorporated by reference.

## 4. DURATION

This Order shall apply from the time it is entered and shall survive the termination of this litigation. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

## 5. DESIGNATING PROTECTED MATERIAL

**5.1 Manner of Designations**. The designation of Protected Materials shall be performed in the following manner:

**(a) Documents Designated as "CONFIDENTIAL"**: Any Party may designate a document as "CONFIDENTIAL" after review of the document by Counsel who has in good faith determined that the document contains information protected from disclosure pursuant to Section 2.4, *supra*. Information or documents that are available in the public sector may not be designated as "CONFIDENTIAL."

**(b) Deposition testimony**: Within ten business days of the close of discovery, a Party may designate deposition testimony as "CONFIDENTIAL." Such a designation shall be specific as to the portion(s) of testimony to be designated as "CONFIDENTIAL" pursuant to Section 2.4, *supra*. A Designating Party must serve a Notice of Designation in writing to all Parties of record as to specific portions of the transcript to be designated "CONFIDENTIAL." Thereafter, those portions so designated shall be protected under this Order pending any objection pursuant to Section 6.

**(c) Other Information or Tangible Items:** For all other information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or items warrant protection, the Producing Party, to the extent practicable, shall identify the specific protected portions.

**5.2 Exercise of Restraint and Care in Designating Material for Protection**. Each Party that designates information or items as Protected Material under this Order must do so in good faith and with due care to limit any such designation to information reasonably believed to be covered by this Order. A Designating Party must designate as "CONFIDENTIAL" only those parts of materials, documents, items, or oral or written communications or testimony that qualify

5

as protected so that other portions for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

**5.3  Inadvertent Failure to Designate.**  Pursuant to Federal Rule of Evidence 502(d), an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not waive the Designating Party's right to secure protection under this Order for such material, as denoted in the clawback agreement referenced *supra*.  If material is designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**5.4  Inadvertent Disclosure.**  Additionally, inadvertent disclosure of any document or materials subject to a legitimate claim that the document is subject or otherwise protected from disclosure under the attorney-client privilege, work product doctrine, or any other type of privilege shall not waive the protection or privilege for either that document or for the subject matter of that document, as denoted in the clawback agreement referenced *supra*.

**6.  CHALLENGING A PARTY'S DESIGNATION**

**6.1  Timing of Objection.**  Within ten business days of the close of discovery, an Objecting Party may serve upon the Designating Party a written notice of objection to the designation of any material as "CONFIDENTIAL."  The objection shall specify the document or material to which the objection is directed and shall set forth the reasons for the objection as to each document or item, or category of documents or items.  Protected Materials to which an objection has been made shall remain "CONFIDENTIAL" until designated otherwise by agreement, waiver, or order of the Court.

6

**6.2****Meet and Confer.**  After a Designating Party receives a written notice of objection pursuant to Section 6.1, *supra*, all Parties shall first meet and confer in good faith to try and resolve such a dispute on an informal basis within five business days.  If agreement is reached, whether confirming or waiving the "CONFIDENTIAL" designation as to any documents or materials subject to the objection, the Objecting Party shall serve on all Parties a notice specifying the nature of the agreement reached.

**6.3****Judicial Intervention.**  If the dispute cannot be resolved by good faith efforts, the Objecting Party shall have five business days from the date of service to file a motion seeking judicial intervention.  Such a motion should include a declaration affirming that the movant has complied with the meet and confer requirements imposed under this Order.  Failure by the Objecting Party to make such a motion within the designated time frame shall automatically waive the right to, at a later time, challenge the "CONFIDENTIAL" designation.  If the motion is timely, the challenged designation shall remain in effect until that motion is decided by the Court.  <u>In the interest of facilitating a prompt resolution of any such dispute, the parties agree that the Designating Party shall have five business days to file any opposition.</u>  Neither this Order nor any action or agreement by the Parties shall limits the Court's power to make orders concerning the disclosure of information, documents, or materials produced in discovery, filed with the Court, or used during any hearing or at trial.

**6.4****Burden.**  In all cases in which judicial intervention is sought for an order removing the "CONFIDENTIAL" designation from any material or document so designated, the Designating Party shall have the burden of persuasion to demonstrate that the document or material designated as "CONFIDENTIAL" is deserving of that designation under this Protective Order, the Federal Rules of Civil Procedure, local rules, or other applicable law or case law.  The designation

7

of particular material as "CONFIDENTIAL" does not create any presumption that the material so designated is in fact deserving of such protection.

**7. ACCESS TO AND USE OF PROTECTED MATERIALS**

**7.1     Basic Principles.**  A Receiving Party may only use Protected Materials that are disclosed or produced by a Party in connection with this case for prosecuting, defending, or attempting to settle this litigation.  Such unredacted Protected Material may be disclosed only to the Court and to the categories of persons described in this Order.  When the litigation has concluded, a Receiving Party shall comply with the provisions of Section 10 below.

Counsel for a Receiving Party which provides Protected Materials to certain permitted persons as specified below in Section 7.2 shall maintain a copy of the signed Exhibit A ("Acknowledgment and Agreement to Be Bound").

**7.2     Persons to Whom Protected Material May Be Disclosed.**  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Protected Materials designated as "CONFIDENTIAL" Information or Items by a Designating Party may be disclosed only to the following persons:

**(a)**     Counsel of record in this case, as well as other attorneys, paralegals, and staff who are employed by or are members of Counsel's respective law firms, the City of Charlotte, or CMS, who work to represent a Party or Parties to this action, as well as all independent companies, agencies or agents who are directly engaged by Counsel to perform litigation support services under the supervision of such Counsel, and whose duties and responsibilities require access to the "CONFIDENTIAL" Information or Items;

**(b)**     The Parties to this action;

8

Case 3:18-cv-00586-RJC-DSC   Document 60   Filed 08/12/20   Page 8 of 14

**(c)** Experts and Consultants (as defined above) who have been retained by a Party or Parties to assist in preparation of this action for trial, and only after execution of Exhibit A hereto by such persons;

**(d)** Any person whose sworn testimony is taken during the course of litigation (by deposition or otherwise), provided that such person may only be provided with "CONFIDENTIAL" Information or Items during his or her testimony, or review of that testimony, and this person may not retain any "CONFIDENTIAL" Information or Items;

**(e)** The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or item;

**(f)** Any other person by written agreement of the Designating Party and only after execution of Exhibit A hereto by such persons; and

**(g)** Court Reporters and Recorders.

**7.3** **Duty to Maintain "Protected Material" Securely.** Protected Materials must be stored, maintained, and controlled by a Receiving Party in a secure manner that ensures that access is limited only to the persons authorized under this Order. Nothing in this Order shall be deemed to restrict in any way any Producing Party with respect to the use of its own Protected Materials.

**7.4** **Presentation of Protected Materials to the Court.** In the event that a Party seeks to file an unredacted document that a non-filing Party or Parties designated as "CONFIDENTIAL" under this Order, the filing Party shall, after consulting with the non-filing Party or Parties, seek to file the unredacted documents marked "CONFIDENTIAL" under seal pursuant to LCvR 6.1. Protected Materials may only be filed under seal pursuant to a Court order authorizing the seal of the specific Protected Materials at issue. If the Court declines to permit specific Protected Materials to be filed under seal, those Protected Materials may then be filed in the public record

only upon redaction of any non-party student identifying information and/or Plaintiff's personal identifying information. Nothing herein prevents a filing Party from filing documents in the public record that redact the personally identifying information of non-party students, Plaintiff's personal identifying information, and/or information that the Parties agree or the Court has determined should be shielded from public disclosure.

**7.5** **Presentation of Protected Materials in Hearing or Trial**. A Party who intends to present, or anticipates that another Party may present, "CONFIDENTIAL" Information or Items at any hearing or at trial will apprise the Court of the issue, note the information or item likely to be presented, and in advance of the hearing or trial, do so either orally or through written submission. The Court may thereafter make such rulings or orders as are necessary to govern the use of "CONFIDENTIAL" Information or Items at a hearing or trial.

## 8. NON-PARTY'S PROTECTED MATERIALS SOUGHT IN THIS LITIGATION

The terms of this Order are also applicable to information produced by a non-party in this action that is designated as "CONFIDENTIAL." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIALS

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Materials to any person or in any circumstance not authorized under this Order, the Receiving Party must promptly (a) notify the Designating Party of the unauthorized disclosure(s) in writing; (b) use its best efforts to retrieve all copies of the Protected Materials; (c) promptly inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; (d)

request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A; and (e) request that the person or persons to whom unauthorized disclosures were made destroy any information, materials or documents not otherwise returned as well as any copies made thereof. The Designating Party reserves all rights to take action against the Receiving Party for its violations. In the event that any individual or entity violates or threatens to violate any term of this Order, any Party or Parties may seek injunctive relief against that individual or entity.

**10.     FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Designating Party, the terms of this Order shall remain in force as an agreement between the Parties after dismissal or entry of final judgment not subject to further appeal. Actions to enforce the terms of the Order after dismissal or entry of final judgment shall be by separate legal action and not by motion for contempt or other relief filed in this action. Within thirty calendar days after the final disposition of this action, as defined below, each Receiving Party must return all Protected Materials to the Producing Party or certify in writing that all Protected Materials have been destroyed. As used in this subdivision, all Protected Material includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Materials.

Whether the Protected Materials are returned or destroyed, the Receiving Party must submit a written certification under penalty of perjury to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Materials unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction in lieu

11

of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the Receiving Party, that Party elects to destroy the documents and certifies to the Producing Party that it has done so. Notwithstanding this provision, Counsel are entitled to retain one archival copy of all pleadings, exhibits used in the litigation, motion papers, transcripts, legal memoranda, correspondence or attorney work-product, even if such materials contain Protected Materials. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4.

Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

Filings with the Court under seal shall remain in the ECF system and will not be deleted except by order of the Court.

## 11. MISCELLANEOUS

**11.1  Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own motion or on motion of a Party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed in accordance with the Federal Rules of Civil Procedure and the Local Rules.

**11.2  Right to Further Relief.**  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  Each Party expressly acknowledges that such modifications may be necessary, especially as to records that may be covered by FERPA.  Further, each Party expressly acknowledges that written modifications to this Order approved by the Parties may be necessary as the case goes forward.

**11.3 Enforcement.** Each Party and person bound by this Order, including all those who have executed Exhibit A, agrees that the United States District Court for the Western District of North Carolina – Charlotte Division has jurisdiction to enforce the terms of this Order, and that such jurisdiction continues beyond the date this matter is concluded. The United States District Court for the Western District of North Carolina – Charlotte Division shall retain jurisdiction over all Parties and persons who have received Protected Materials for the purpose of enforcing the provisions of the Order after the action is otherwise terminated, making such rulings and entering such orders as may be necessary to compel compliance and impose sanctions as the Court shall determine. Should a dispute materialize concerning whether a person was improperly provided Protected Material, the Party in possession of Exhibit A for that person shall provide it to the complaining party with five business days of written notice.

**11.4 Right to Assert Other Objections.** By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. The Parties specifically agree that they shall not use this Order to support a waiver argument in any discovery motion or use this Order to argue that any party waived its objections to produce any particular documents or information.

**SO ORDERED.**

Signed: August 12, 2020

_____
David S. Cayer
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [insert full name], declare under penalty of perjury that I have read the Stipulated Protective Order in its entirety and understand that it was issued by the United States District Court for the Western District of North Carolina – Charlotte Division on _____, 2020 in the case of *Jane Doe v. Charlette-Mecklenburg Board of Education, et al.,* Civil Action No. 3:18-CV-00586.

I hereby agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt of court in this matter. I solemnly promise not to disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of North Carolina – Charlotte Division for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed name: _____

Address:          _____

                   _____

Signature:       _____

Date:             _____

Jurisdiction where sworn and signed: _____