**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:18-cv-586-RJC-DSC**

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CHARLOTTE MECKLENBURG BOARD OF | ) | |
| EDUCATION et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Rule 56(d) Motion (Doc. No. 92) (the "Motion"), the Magistrate Judge's Order and Memorandum and Recommendation (the "Order and M&R") (Doc. No. 103), and the Defendants' Objections to the Order and M&R (Doc. Nos. 105-107). For the reasons stated herein, the Order and M&R is **ADOPTED in part**.

## I. BACKGROUND

This action was filed on November 1, 2018, seeking damages for violation of Title IX and 42 U.S.C. § 1983. The claims stem from Plaintiff's allegation that as a student at Myers Park High School, she was sexually assaulted in the woods near the campus by another student. Following discovery, all Defendants filed motions for summary judgment. Thereafter, while the motions for summary judgment were pending, Plaintiff filed a motion pursuant to Rule 56(d) requesting the Court deny the summary judgment motions, allow additional discovery, and issue sanctions. (Doc. No. 92).

Plaintiff's Motion asserts Defendants mislead her about reports of sexual assault on

1

students near the Myers Park High School campus.  Plaintiff's Motion provided two declarations from former students about an alleged sexual assault that occurred in the woods adjacent to the Myers Park High School campus.  In addition, it cited to numerous news reports of additional Myers Park High School students coming forward with allegations of sexual assault.

On November 23, 2021, the Magistrate Judge entered the Order and M&R which granted Plaintiff's request for additional discovery with leave to file supplemental briefing on the summary judgment motions following the additional discovery.  The Order and M&R recommended otherwise denying the Motion without prejudice.  (Doc. No. 103).  The Defendants objected, including to specific factual findings, discussed below.  (Docs. Nos. 105-107).

## II.    STANDARD OF REVIEW

A district court has authority to assign nondispositive pretrial matters pending before the Court to a magistrate judge to "hear and determine."  28 U.S.C. § 636(b)(1)(A).  When reviewing an objection to a magistrate judge's order on a nondispositive matter, the district court must set aside or modify any portion of that order which is clearly erroneous or contrary to law.  *Id.*; Fed. R. Civ. P. 72(a).  "Under this standard, a finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Gentry v. Maggie Valley Resort Management, LLC*, 2014 WL 12707371, at *1 (W.D.N.C. Apr. 4, 2014) (quoting *United States v. U.S. Nat'l Gypsum Co.*, 333 U.S. 364 (1948)).  "Courts have consistently found discovery motions to be nondispositive."  *Federal Election Commission v. Christian Coalition*, 178 F.R.D. 456, 459 (E.D. Va. 1998); *Gupta v. Freddie Mac*, 823 Fed. App'x 225, 226 (4th Cir. 2020).

The  district court may also assign dispositive pretrial matters to a magistrate judge for

2

"proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

Pursuant to Federal Rule of Civil Procedure 56(d), if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d). Where a party believes more discovery is needed to oppose a summary judgment motion, a Rule 56(d) motion is appropriate. *Harrods Ltd. V. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002). The decision whether to allow additional discovery is within the district court's discretion. *Id.*; *Hodgin v. UTC Fire & Security Americas Corp.*, 885 F.3d 243, 250 (4th Cir. 2018).

## III. DISCUSSION

Defendants object to the Magistrate Judge's Order and M&R to allow Plaintiff additional discovery and leave for all parties to file supplemental summary judgment briefing. These are nondispositive matters which the Court will only set aside or modify if clearly erroneous or contrary to law. The Court has reviewed the record, the submissions of the parties, and the Magistrate Judge's Order and M&R. The Court finds that the Magistrate Judge's decision is not clearly erroneous or contrary to law. The Plaintiff's Motion sets forth sufficient specific reasons from which the Magistrate Judge could conclude additional discovery and briefing was necessary under Rule 56(d). While Defendants disagree with Plaintiff's reasons, that is insufficient to conclude the Magistrate Judge's Order and M&R is clearly erroneous or contrary to law.

3

The Defendants object to the Magistrate Judge's reliance on the factual record from the motion to dismiss phase rather than the summary judgment phase, without citing any legal authority for such an objection. Here, the premise of Plaintiff's Motion is that Plaintiff was misled about certain discoverable information such that the summary judgment record is incomplete; therefore, the Court is not convinced that relying only on the summary judgment record in this context is appropriate as Defendants contend. Nevertheless, it is not necessary at this stage to conclude which factual record was appropriate, under either record the Court adopts the Order and M&R.

Additionally, the Defendants object to specific factual findings by the Magistrate Judge, none of which change the ultimate outcome of the Order and M&R. First, the Defendants object to the finding that Plaintiff credibly asserted Defendants withheld information about other reports of sexual assaults on students occurring prior to and after the events at issue. They argue Plaintiff did not put forth evidence that: (1) Defendants withheld information about other reports of sexual assault after the events at issue in this lawsuit; and (2) Plaintiff only provided evidence of one alleged sexual assault rather than "reports of sexual assaults." The Magistrate Judge did not find that Defendants actually withheld information about other reports of sexual assault prior to and after the events at issue. Rather, the Order and M&R only states that Plaintiff's Motion credibly asserted this contention such that granting additional discovery was appropriate. After review of all relevant filings, the Court agrees and adopts this finding.

Next, Defendants object to the finding that Plaintiff alleged she was sexually assaulted by another student on the campus of Myers Park High School. Rather, they argue the alleged sexual assault occurred off campus. Plaintiff agrees with this objection and alleges that the sexual assault

4

occurred in the woods adjacent to the Myers Park High School campus. Although not relevant to the Court's ultimate conclusion regarding the Motion, the Court will decline to adopt that finding. As stated, the Plaintiff alleges she was sexually assaulted in the woods adjacent to the Myers Park High School campus.

Finally, the Court conducted a full review of the Order and M&R and documents of record, and having done so, the Court determined the Magistrate Judge's remaining findings and recommendations, to which no party objected, in accordance with the law and should be adopted.

## IV.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's Order and M&R, (Doc. No. 103), is **ADOPTED in part**;

2. Plaintiff's Rule 56(d) Motion (Doc. No. 92) is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** as to her request for additional discovery. The discovery period is re-opened with a deadline of December 31, 2021, as extended by the Magistrate Judge. The parties are granted leave to file one supplemental brief in support of or in opposition to the pending Motions for Summary Judgment. Those briefs must be filed no later than January 7, 2022. The Motion is otherwise **DENIED WITHOUT PREJUDICE** subject to renewal following the extended discovery period.

Signed: January 6, 2022

Robert J. Conrad, Jr.
United States District Judge

5