IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-00586-RJC-DSC

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION AND ORDER** |
| | ) |
| CHARLOTTE MECKLENBURG | ) |
| BOARD OF EDUCATION et. al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on "Plaintiff's Motion to Compel Discovery by Defendants Board and Perkins and For Sanctions For Disobeying Discovery Orders" (document #170) and "Plaintiff's Motion for Sanctions Against Defendants City of Charlotte & Kerr Putney" (document #177), as well as the parties' briefs and exhibits.

In their Motions, Plaintiffs seek a default judgment as well as attorney's fees.

The Court has carefully reviewed the record, the authorities and the parties' arguments. The Court has entered three Orders compelling these Defendants to comply with their discovery obligations. See Documents ##103, 126, and 137. In a "Memorandum and Recommendation" issued November 23, 2021, the Court found that:

> Plaintiff credibly asserts that Defendants withheld information about other reports of sexual assaults on students occurring prior to and after the events at issue here. The Court in its discretion will grant the parties leave to conduct additional discovery on this issue. The Court further concludes that Plaintiff's request for sanctions, including denial of the pending Motions for Summary Judgment, is premature.

Document #103 at 2. Accordingly, the Court re-opened discovery and granted each party leave to file a supplemental brief in support of or opposing the pending Motions for Summary Judgment. The undersigned recommended that the remainder of Plaintiff's request for sanctions be denied without prejudice. Id.

On January 6, 2022, the Honorable Robert J. Conrad, Jr. corrected one factual finding in the Memorandum and Recommendation but otherwise affirmed it including the findings quoted above. Document #126 at 4-5. Later the same day, the Court stayed supplemental briefing until the pending Motions to Compel were resolved. Text-Only Order entered January 6, 2022.

On January 27, 2022 the Court granted "Plaintiff's Motion to Compel Discovery by Defendant Charlotte-Mecklenburg Board of Education and Anthony Perkins Pursuant to FERPA" (document #119) and the "Motion to Compel Outstanding Discovery by All Defendants" (document #121). "Order" (document #137). Defendants were ordered to serve complete responses with fifteen days (February 11, 2022). Id. The deadline for supplemental briefs was extended to February 28, 2022. Id. That deadline was subsequently extended to March 7, 2022. See Text-Only Order entered February 25, 2022.

On April 20, 2022, Judge Conrad held a hearing on the Motions for Summary Judgment.

While Defendants City and Putney produced some responsive documents by February 11, they did not produce all of them. On May 6, 2022, they produced additional documents. They do not offer a sufficient explanation as to why those documents were not produced much earlier, and at least by the extended deadline.

Similarly, Defendants Board and Leak produced documents after the extended deadline. On April 19. 2022, Defendants produced an additional 211 pages of documents. Plaintiff has credibly demonstrated that there are still at least three documents Defendants have identified as

responsive but not produced as of the filing of the current Motions. See "Plaintiff's Memorandum …" at 3 (document #172).

Fed. R. Civ. P. 37 provides a number of possible sanctions, including ordering that designated facts be taken as true; prohibiting a party from supporting or opposing certain claims or defenses, or from introducing other matters into evidence; striking pleadings in whole or in part; or entering default judgment against the disobedient party. See Fed. R. Civ. P. 37(d)(3) (referring to Rule 37(b)(2)(A)(i)–(vi)).

The Fourth Circuit has developed a four-part test for district courts to use in determining appropriate Rule 37 sanctions. Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001) (en banc). Courts should consider: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that non-compliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would [be] effective." Id. (citation omitted).

In light of Defendants' egregious non-compliance and considering the present posture of the case, including pending Motions for Summary Judgment, the Court concludes that additional sanctions are appropriate. While striking Defendants' Answers or entering default judgment would be too severe, it is appropriate to strike these Defendants' Motions for Summary Judgment. See Est. of Boyles v. Gree USA, Inc., No. 1:20-CV-276, 2021 WL 3570413, at *1 (M.D.N.C. Aug. 12, 2021) (striking defendant's affirmative defenses and prohibiting defendant from offering evidence at trial other than cross-examining witnesses).

The Court also finds that Plaintiff is entitled to an award of her costs including reasonable attorney's fees incurred in preparation of these Motions.

## ORDER

**FOR THE FOREGOING REASONS**, "Plaintiff's Motion to Compel Discovery by Defendants Board and Perkins" (document #170) is **GRANTED**. Within fifteen days of this Order, Defendants Board and Perkins shall serve complete supplemental discovery responses. If Defendants contend they have fully responded to a specific request they shall state their compliance in a verified discovery response.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Plaintiff's Motion For Sanctions [against Defendants Board and Perkins]" (document #170) and "Motion for Sanctions Against Defendants City of Charlotte & Kerr Putney" (document #177) be **GRANTED IN PART** and **DENIED IN PART**. Specifically, the undersigned recommends that the District Judge **STRIKE** those Defendants' "Motion[s] for Summary Judgment" (documents ##63 and 66) and award Plaintiffs attorney's fees and costs incurred in the preparation of those Motions in an amount to be determined by the District Judge.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page

v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the parties' counsel and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED**.

Signed: June 28, 2022

David S. Cayer
United States Magistrate Judge