UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00586-RJC-DSC

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| CHARLOTTE MECKLENBURG BOARD OF ) | |
| EDUCATION and CITY OF CHARLOTTE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Jane Doe's Motion to Limit Testimony (Doc. No. 211). That motion concerns certain documents that were produced by the Defendants after discovery closed. Although Doe "reserves the right to use some or all of this evidence at trial," she asks the Court to bar the Defendants from offering testimony about the documents. Pl.'s Mot. Limit Test. 1 n.1, Doc. No. 211. She alternatively seeks leave to conduct more depositions.

While the documents were produced late, the Defendants will not be prohibited from offering testimony about them.[1] It would be unfair to limit the Defendants' ability to use the documents while Doe is given free rein. And, more importantly, Doe does not explain how she would be specifically prejudiced by any testimony that the Defendants might offer about the documents. Rather, she tallies 1,832 documents and indiscriminately asserts that potential witnesses' possible testimony will be prejudicial to her case. Pl.'s Mem. Supp. 1–3, Doc. No. 211-1. That vague assertion is insufficient. *See Smith v. Lytle*, 2021 WL 5237273, at *4 (W.D.N.C.

---

[1] Doe's request for exclusion is based solely on the lateness of the Defendants' productions. She does not invoke the Federal Rules of Evidence. At trial, the Court will consider evidentiary objections to specific testimony.

Aug. 9, 2021) (declining to grant relief because the movant "fail[ed] to describe the basis for his [m]otion with particularity," rendering the motion "too vague and conclusory"). Besides, a document can sometimes speak for itself, making testimony about the document relatively unimportant. And any testimony about the documents should be tethered to and cabined by the documents' content, which Doe has had access to for months. Accordingly, Doe has not shown prejudice sufficient to justify the wholesale exclusion she requests.

Additional depositions are not warranted. The Court may modify a scheduling order to reopen discovery "only for good cause." Fed. R. Civ. P. 16(b)(4). The good-cause standard turns mostly on the diligence of the party seeking the modification. *See Smith*, 2021 WL 5237273, at \*4; *see also Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997) (explaining that the good-cause standard "focuses on the diligence of the party seeking leave to modify the scheduling order"). Doe delayed in bringing her motion. The documents were produced between February and May 2022. Pl.'s Mem. Supp. 2–3, Doc. No. 211-1. Yet Doe did not file her motion until October 19, 2022. Pl.'s Mot. Limit Test., Doc. No. 211. She did not "adequately explain this delay" or "demonstrate that [s]he exercised diligence." *Smith*, 2021 WL 5237273, at \*4. And at this stage, allowing more depositions would prevent the timely prosecution of this case, which was filed on November 1, 2018—over four years ago.

**IT IS, THEREFORE, ORDERED** that Doe's Motion to Limit Testimony (Doc. No. 211) is **DENIED**.

Signed: November 29, 2022

Robert J. Conrad, Jr.
United States District Judge