# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### Civil Action No. 3:18-CV-00586-RJC-DSC

| | |
|---|---|
| **JANE DOE,** | |
| **Plaintiff,** | |
| **v.** | **DEFENDANT BOARD'S PROPOSED JURY INSTRUCTIONS** |
| **CHARLOTTE-MECKLENBURG BOARD OF EDUCATION; THE CITY OF CHARLOTTE,** | |
| **Defendants.** | |

Defendant Charlotte-Mecklenburg Board of Education ("Defendant Board"), by and through undersigned counsel, pursuant to Section D. of the Court's Pretrial Order (Doc. 198), hereby submits Defendant Board's Proposed Jury Instructions.

1

## 1. General Introduction[1]

Members of the jury: Now that you have heard the evidence and the arguments of counsel, it is my duty to instruct you about the applicable law. You must follow the law as I state it and apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law. You must follow and apply the law as I state it.

The lawyers may have referred to some of the governing rules of law in their arguments. If there is any difference in the law stated by the lawyers and as stated in these instructions, you must follow these instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice to any party, the law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

---

[1] *See* Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 103.01 (6th ed. 2011) (modified)

## 2. Evidence in the Case[2]

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses, all the exhibits received in evidence, all facts and events that may have been admitted or stipulated to, and all facts and events that may have been judicially noticed.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times, is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed accept the stipulation and regard that fact as proven.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are notevidence.[3]

---

[2] *See id*. at § 103.01 (modified).
[3] *Id.* at § 103.34.

### 3. Election of Foreperson; Duty to Deliberate; Communications with Court; Unanimous Verdict; Verdict Form[4]

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room and try to reach an agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are the judges of the facts. Your sole interest is to seek the truth from evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal, signed by one or more of you. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone – including me – how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide.

Finally, the verdict forms are simply the written notice of the decision that you reach in this case. You will take the forms to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the forms, sign and date them, and advise the marshal that you are ready to return to the courtroom.

---

[4] *See* O'Malley, Federal Jury Practice and Instructions § 103.01 (modified).

### 4. Burden of Proof – Preponderance of the Evidence[5]

The Plaintiff has the burden in this case to prove every essential element of her claim by a preponderance of the evidence. If the Plaintiff should fail to establish any essential element of her claim by a preponderance of the evidence, you should find for the CMS as to that claim.

The phrase "establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proven is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds a belief that which is sought to be proven is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact at issue has been proven by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

---

[5] *See id.* at § 103.01 (modified); Eleventh Circuit Pattern Jury Instructions (Civil Cases), Instruction 1.1 (2013) (modified).

**5. Direct and Circumstantial Evidence**[6]

Generally speaking, there are two types of evidence that are typically presented during a trial – direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the evidence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence. A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

---

[6] O'Malley, Federal Jury Practice and Instructions § 104.05.

## 6. Inferences[7]

You are to consider only the evidence in this case. However, you are not limited to the statements of the witnesses. You may draw from the facts that you find have been proven such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in this case. You may make inferences from the facts established by the evidence, but you are not required to do so. It is the exclusive province of the jury to determine whether the facts and circumstances shown by the evidence in the case warrant any inference that the law permits the jury to draw.[8]

---

[7] *Id*. at § 104.20 (with additions).
[8] *United States v. Beltran-Garcia*, 179 F.3d 1200, 1206 (9th Cir. 1999).

7

### 7. Credibility of the Witnesses[9]

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider each witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you has having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

---

[9] *See Id.* at § 105.01 (modified).

## 8. Impeachment – Inconsistent Statement or Conduct[10]

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

---

[10] *Id*. at § 105.04.

**9. Claims**

I will now turn to the claims made by the Plaintiff in this case. I will discuss the claims one at a time and explain the law which you should consider as you deliberate upon your verdict.

**10. Nature of Plaintiff's Claim – Title IX**

This instruction sets forth Plaintiff Jane Doe's Title IX claim against Charlotte-Mecklenburg Board of Education (hereinafter "School Board," "Charlotte-Mecklenburg Schools," or "CMS). This claim is not evidence, and you should not consider it as evidence. This claim sets forth the nature of the parties' dispute.

Jane Doe has brought this lawsuit against CMS under a federal statute called "Title IX". Title IX provides that "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." [11]

The parties used pseudonyms for the Plaintiff, another former student involved in this case, and certain other witnesses. You should not assign any relevance to the use of pseudonyms or to the fact that the parties agreed to use pseudonyms.

Jane Doe claims that CMS intentionally discriminated against her on the basis of her sex in violation of Title IX. Plaintiff claims she was sexually assaulted by a fellow male student Q. W. off campus on November 3, 2015; that Q. W.'s conduct was so severe, pervasive, and objectively offensive that it effectively deprived Jane Doe of access to the educational benefits or opportunities provided by CMS; that CMS had actual knowledge of Q. W.'s alleged sexual assault of Jane Doe; that CMS was deliberately indifferent in its response to that alleged sexual assault and that CMS's response was clearly unreasonable in light of the known circumstances;[12] and that the CMS's deliberate indifference made Jane Doe more vulnerable to future harassment by Q. W. or further contributed to the deprivation of Jane Doe's access to educational opportunities.[13]

Jane Doe seeks monetary damages against CMS. Jane Doe must prove her claim by a preponderance of the evidence.

Q.W., the fellow student that Jane Doe claims sexually assaulted her, is not a defendant.

CMS denies Jane Doe's allegations. Specifically, CMS denies that Jane Doe was sexually assaulted by Q. W. because of her gender; denies that the alleged assault was so severe, pervasive, and objectively offensive that it deprived her of educational opportunities and benefits; denies that it had actual knowledge of severe, pervasive, and objectively offensive harassment of Jane Doe by Q. W; denies that it intentionally discriminated against Jane Doe; denies that it was deliberately indifferent to harassment of Jane Doe by Q. W. or that its response

---

[11] 20 U.S.C. § 1681(a).

[12] *Doe v. Fairfax Cnty. Sch. Bd*., 4th 257, 263-264 (4th Cir. 2021).

[13] *Doe v. Fairfax Cnty. Sch. Bd*., 4th 257, 274 (4th Cir. 2021) ("we hold that a school may be liable under Title IX if its response to a single incident of severe sexual harassment, or the lack thereof, was clearly unreasonable and thereby made the plaintiff more vulnerable to future harassment or further contributed to the deprivation of the plaintiff's access to educational opportunities.")

was clearly unreasonably in light of the known circumstances; denies that its response to the alleged sexual assault made Jane Doe more vulnerable to future harassment by Q. W. or further contributed to the deprivation of Jane Doe's access to educational opportunities; and denies that Jane Doe is entitled to damages from CMS.

**11. Title IX – Generally**

Title IX of the Education Amendments Act of 1972 provides:

No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any education program or activity receiving Federal financial assistance.[14]

---

[14] 20 U.S.C. § 1681(a).

**12. The School Board Is Liable Only for Its Own Inaction in Response to Known Harassment**

A school is liable under Title IX only for its own misconduct. A school board is not liable for the actions of a student who sexually harasses another student. It is liable only for its own decision to remain idle in the face of known student-on-student harassment.[15]

---

[15] *Davis v. Monroe Cty. Bd. of Educ.,* 526 U.S. 629, 640-41 (1999) ("We agree with respondents that a recipient of federal funds may be liable in damages under Title IX only for its own misconduct…. We disagree with respondents' assertion, however, that petitioner seeks to hold the Board liable for G. F.'s actions instead of its own. Here, petitioner attempts to hold the Board liable for its own decision to remain idle in the face of known student-on-student harassment in its schools.")

### 13. Preponderance of the Evidence (Alternative)

Plaintiff Jane Doe has the burden of proving each and every element of her claim by a preponderance of the evidence. If you find that Jane Doe has not proven any one of the elements by a preponderance of the evidence, you must return a verdict for the CMS.[16]

To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.[17]

In determining whether any fact in issue has been proven by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.[18]

---

[16] 3C Fed. Jury Prac. & Instr. § 177.50 (6th ed.).
[17] 3C Fed. Jury Prac. & Instr. § 177.51 (6th ed.).
[18] 3C Fed. Jury Prac. & Instr. § 177.51 (6th ed.).

### 14. Proximate Cause

An injury or damage is proximately caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.[19]

---

[19] 3C Fed. Jury Prac. & Instr. § 177.52 (6th ed.).

### 15. Student-on-student harassment

CMS is liable for plaintiff's claim of sexual harassment if Jane Doe proves by a preponderance of the evidence that:

First: Jane Doe was subjected to sexual harassment by the conduct of Q. W. that occurred off-campus on Tuesday, November 3, 2015;

Second: Q. W.'s conduct during the November 3, 2015 off-campus incident was so severe, pervasive, and offensive to a reasonable person that it effectively deprived Jane Doe of equal access to the educational opportunities or benefits provided by the school;

Third: CMS, through an official who had the authority to address the alleged harassment and to institute corrective measures, had actual notice of knowledge of the alleged off-campus sexual assault by Q. W. on November 3, 2015; and

Fourth: CMS acted with deliberate indifference in its response to such known alleged sexual assault.[20]

Fifth: That CMS's deliberate indifference made Jane Doe more vulnerable to future harassment by Q.W. or further contributed to the deprivation of her access to educational opportunities.[21]

If any of the above elements has not been proven by the preponderance of the evidence, your verdict must be for the defendant CMS and you need not proceed further in considering Jane Doe's claim. [22]

---

[20] *Doe v. Fairfax Cnty. Sch. Bd.*, 4th 257, 263-264 (4th Cir. 2021).

[21] *Doe v. Fairfax Cnty. Sch. Bd.*, 1 F.4th 257, 274 ("we hold that a school may be held liable under Title IX if the response to a single incident of severe sexual harassment, or the lack thereof, was clearly unreasonable and thereby made the plaintiff more vulnerable to future harassment or further contributed to the deprivation of the plaintiff's access to educational opportunities.").

[22] *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 633 (1999) ("[A] private damages action may lie against the school board in cases of student-on-student harassment… only where the funding recipient acts with deliberate indifference to known acts of harassment in its programs or activities. Moreover, we conclude that such an action will lie only for harassment that is so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit.").

### 16. Deprivation of Access to Educational Opportunities of Benefits

A victim of sexual harassment may be deprived of access to educational opportunities or benefits if the harassment (1) results in the physical exclusion of the victim from an educational program or activity; (2) so undermines and detracts from the victim's educational experience as to 'effectively deny her equal access to an institution's resources and opportunities; or (3) has a concrete, negative effect on the victim's ability to participate in an educational program or activity.[23]

In assessing whether the alleged harassment caused such a deprivation, the factfinder must consider all of the surrounding circumstances and use common sense and an appropriate sensitivity to social context to identify objectively hostile or abusive conduct.[24]

---

[23] *Doe v. Fairfax Cnty. Sch. Bd*, 1 4th at 275.
[24] *Doe v. Fairfax Cnty. Sch. Bd*, 1 4th at 275.

## 17. Actual Knowledge by an Appropriate Person

A school board has actual knowledge of student-on-student sexual harassment only if an "appropriate person" employed by the school board has actual knowledge of the harassing conduct. [25]

"Actual knowledge" does not include things that the school official did not know about, even if the school official might have discovered those things through a more thorough investigation.[26]

---

[25] *Davis v. Monroe Cty. Bd. of Educ., 526 U.S. 629, 650 (1999)* ("[F]unding recipients are properly held liable in damages only where they are deliberately indifferent to sexual harassment, of which they have actual knowledge, that is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school."); *Gebser v. Lago Vista Indep. Sch. Dist,* 524 U.S. 274, 285 (1998) ("[I]t would "frustrate the purposes of Title IX to permit a damages recovery against a superior or constructive notice, i.e., without actual notice to a school district official.");

*Doe v. Bd. of Educ.* of Prince George's Cty., 605 F. App'x 159, 165 n.8 (4th Cir. 2015) ("[L]iability may be imputed to an educational entity such as the Board) premised on the actual knowledge of a school official who has 'authority to address the alleged discrimination and to institute corrective measures on the [educational entity's] behalf.'") (quoting *Gebser,* 524 U.S. at 290);

*Baynard v. Malone*, 268 F.3d 228, 228237 (4th Cir. 2001) ("[T]he Supreme Court has expressly rejected the use of 'principles of *respondeat* superior or constructive notice' for imposing liability on a school district under Title IX.").

[26] *Prince George's Cty.,* 605 F. App'x at 168 ("The Does urge us to speculate what the Board might have known had school employees more thoroughly investigated J. D.'s allegations, and they would have us hold the Board liable under Title IX for failing to discover 'the full extent of the pattern of sexual harassment.' *See* Br. of Appellants 49. We cannot accept the Does' theory, however, because we would have to substitute a negligence standard for the deliberate indifference standard.")

### 18. The Appropriate Person Must Have Authority to Take Corrective Action

An "appropriate person" is a school official with authority to take action on behalf of the school board to correct the student-on-student harassment.[27] A school principal (or assistant principal) who is entrusted with the responsibility and authority normally associated with that position will ordinarily be an "appropriate person."[28]

Other school officials may be "appropriate persons," depending on their power to take corrective action to address the harassment and institute corrective measures.[29]

---

[27] *Gebser v. Lago Vista Indep. Sch. Dist.,* 524 U.S. 274, 277 (1998) ("We conclude that damages may not be recovered in those cicumstances unless an official of the school district who at a minimum has authority to institute corrective measures on the district's behalf has actual notice of, and is deliberately indifferent to, the teacher's misconduct.").

[28] FED. JURY PRAC. & INSTR. § 177:38

[29] *Id.*

### 19.  Specifying or Stating the Appropriate Persons in This Case

In this case, the appropriate person at Myers Park High School authorized to take corrective action on behalf of the school was Assistant Principal Anthony Perkins. In considering whether CMS had actual knowledge of the alleged sexual assault by Q. W. of Jane Doe, you may consider only what was known to this school administrator.

21

### 20. Defining Deliberate Indifference

"Deliberate indifference" means that the official's response or lack of response to the alleged harassment was clearly unreasonable in light of all the known circumstances.[30]

Actions that in hindsight are merely unfortunate or even imprudent are not enough to show deliberate indifference.[31]

Deliberate indifference is a high bar.[32]

Deliberate indifference entails more than negligence.[33]

Recklessness by an appropriate person is also insufficient; recklessness requires proof that a reasonable person would have appreciated the great degree of risk of harm to the plaintiff.[34]

Rather, you may not find CMS was deliberately indifferent unless Jane Doe proves that Assistant Principal Perkins was aware that a particular act or inaction was certain or substantially certain to make Jane Doe more vulnerable to future harassment by Q. W. or further contribute to the deprivation of Jane Doe's access to educational opportunities, and that he also decided to act or not act in spite of that knowledge.[35]

In order for you to find CMS's response to the alleged sexual assault by Q.W. was deliberately indifferent and clearly unreasonable under the circumstances, Jane Doe must demonstrate that CMS's response to Q. W.'s alleged sexual assault left Jane Doe more

---

[30] *Doe v. Fairfax Cnty. Sch. Bd.*, 1 F.4th 257, 269 (4th Cir. 2021); *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 648 (1999) ("In an appropriate case, there is no reason why courts, on a motion to dismiss, for summary judgment or for a directed verdict, could not identify a response as not 'clearly unreasonable' as a matter of law.").

[31] *Baynard v. Malone*, 268 F.3d 228, 236 (4th Cir. 2001) ("Actions that in hindsight are 'unfortunate' or even 'imprudent' will not suffice.").

[32] *Qayumi v. Duke University*, 1:16-CV-1038, 2018 WL 1887346 *4 (M.D.N.C. April, 18, 2018)

[33] *Id.*

[34] *Vance v. Spencer Cty. Pub. Sch. Dist.*, 231 F.3d 253, 263-264 (6th Cir. 2000) (approving jury instruction in student-on-student harassment case that "Deliberate Indifference' means more than mere 'recklessness' on the part of the appropriate person. 'Recklessness' requires only proof that a reasonable person would have appreciated the great degree of risk of harm to the plaintiff. In order for an act to be 'deliberate,' the particular appropriate person must have been shown to have been aware that adverse consequences from his or her action were certain or substantially certain to cause the harm. Before you can find that any appropriate peson was aware that a particular act or inaction was certain or substantially certain to cause the Plaintiff harm and that the appropriate person decided to act or not to act in spite of that knowledge.").

[35] *Id.*

vulnerable to further harassment by Q. W. or further contributed to the deprivation of Jane Doe' access to educational opportunities.[36]

CMS's response must be so deficient as to itself constitute harassment.[37]

To avoid liability in an action for monetary damages under Title IX, CMS must respond to sex discrimination with measures to both end the harassment of which it has knowledge and to limit future harassment.[38]

If CMS becomes aware of an unsubstantiated allegation of sexual harassment, duly investigates it, and reasonably dismisses it for lack evidence, CMS would not be liable since it did not act with deliberate indifference.[39]

---

[36]*Doe v. Fairfax Cnty. Sch. Bd.*, 1 F.4th 257, 273 (4th Cir. 2021).
 *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 644-45 (1999) ("If a funding recipient does not engage in harassment directly, it may not be liable for damages unless its deliberate indifference 'subject[s]' its students to harassment. That is, the deliberate indifference must, at a minimum, 'cause [students] to undergo' harassment or 'make them liable or vulnerable' to it.").

[37] *I. L. v. Houston Indep. Sch. Dist.*, 776 Fed.Appx. 839, 843 (5th Cir 2019) ("Because the deliberate indifference inquiry focuses on the school's response to known harassment, the response must be so deficient as to *itself* constitute harassment.").

[38] *See Gebser*, 524 U.S. at 290.

[39] *Doe v. Fairfax Cnty. Sch. Bd.*, 1 F.4th 257, 268 (4th Cir. 2021).

23

### 21.  The Failure to Promulgate or Comply with Policies Is Not Enough to Establish Title IX Liability

A plaintiff cannot prove deliberate indifference by pointing to a school board's failure to promulgate sexual harassment policies or to adhere to its sexual harassment policies. There is no liability for failing to follow Title IX administrative requirements.[40]

---

[40] *Gebser v. Lago Vista Ind. Sch. Dist.*, 524 U.S. 274, 291-92 (1998) ("Lago Vista's alleged failure to comply with the regulations, however, does not establish the requisite actual notice and deliberate indifference. And in any event, the failure to promulgate a grievance procedure does not itself constitute "discrimination" under Title IX.");

*Doe v. Bd. of Educ. of Prince George's Cty.*, 605 F. App'x 159, 168 (4th Cir. 2015) ("In a final attempt to revive their Title IX claim, the Does have reiterated their argument that the Board's failure to adhere to its sexual harassment policies, including AP 4170, is evidence of deliberate indifference. The district court properly rejected that contention, however, on the ground that 'the failure to follow sexual harassment grievance procedures does not prove deliberate indifference under Title IX.'").

## 22.  The Absence of a Pleasant Demeanor Is Not Proof of Deliberate Indifference

A school administrator's rude or critical comment, unhelpful suggestion, or disrespectful statement alone does not prove deliberate indifference. Title IX does not require a school administrator to have a pleasant demeanor.[41]

---

[41] *Stiles ex. Rel D. S. v. Grainger Cty.*, 819 F. 3d 834, 849 (6th Cir. 2016) ("Plaintiffs' allegations that Defendants made rude or critical comments, offered unhelpful suggestions, and acted disrespectfully do not undercut the reasonableness of Defendants' concrete actions taken in response to Plaintiffs' complaints.

*See Williams v. Port Huron Sch. Dist.*, 455 Fed. Appx. 612, 620 (6th Cir. 2012) (noting that the deliberate indifference standard does not require a defendant 'to have a pleasant demeanor.")

### 23. The School is Not Required to Provide the Victim/Student's Choice of Remedy

Title IX does not entitle a victim of student-on-student harassment to make particular demands regarding the remedies a school board must provide. Rather, a school board must merely respond to known peer harassment in a manner that is not clearly unreasonable in light of the known circumstances.[42]

In determining an appropriate response to a student's complaint of student-on-student sexual harassment, school officials must consider not only the concerns of the complaining student but also the rights of the accused.[43]

---

[42] *Feminist Majority Found. V. Hurley*, 911 F.3d 674, 686 (4th Cir. 2018) ("Educational institutions have a great deal of flexibility in disciplining students who sexually harass other students" and "an institution is not normally liable for failing to cede to a harassment victim's specific remedial demands.");

*Davis v. Monroe Cty. Bd. of Educ.*, et al., 526 U.S. 629, 648 (1999) ("We stress that our conclusion here - that recipients may be liable for their deliberate indifference to known acts of peer sexual harassment - does not mean that recipients can avoid liability only by purging their schools of actionable peer harassment or that administrators must engage in particular disciplinary action. We thus disagree with respondents' contention that, if Title IX provides a cause of action for student-on-student harassment, 'nothing short of expulsion of every student accused of misconduct involving sexual overtones would protect school systems from liability or damages.' Likewise, the dissent erroneously imagines that victims of peer harassment now have a Title IX right to make particular remedial demands.") (citations omitted);

[43] *Butters v. James Madison Univ.*, 208 F. Supp. 3d 745, 759 (W.D. Va. 2016) ("JMU had to consider not only Butters' concerns, but also any rights of the accused. A number of the cases cited by the parties acknowledge this balancing act.");

*Fitzgerald v. Barnstable Sch. Comm.*, 504 F.3d 165, 174 (1st Cir. 2007) ("After all, in situations involving charges of peer-on-peer harassment, a public school has obligations not only to the accuser but also to the accused."), *rev'd on other grounds*, 555 U.S. 246 (2009).

### 24. School Administrators are Entitled to Substantial Deference

School administrators are entitled to substantial deference when they calibrate a disciplinary response to student-on-student harassment.[44]

---

[44] *S.B. v. Bd. of Educ. of Hartford Cty.*, 819 F.3d 69, 77 (4th Cir. 2016) ("[S]chool administrators are entitled to substantial deference when they calibrate a disciplinary response to student-on-student bullying or harassment."); *see also Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 648 (1999) ("[C]ourts should refrain from second-guessing the disciplinary decisions made by school administrators.

### 25. Title IX Damages

**<u>NOTE TO THE COURT</u>**: Plaintiff is not entitled to a damages instruction for the reasons set forth in Defendant's Trial Brief and Motion in Limine.

If you find that Jane Doe has proven her gender discrimination claim CMS by preponderance of the evidence, then you must determine whether Jane Doe has proven that she is entitled to any damages.

You should not interpret the fact that I am giving instructions about damages as an indication in any way that I believe Jane Doe should, or should not, win this case. It is your task to decide whether CMS is liable and that Jane Doe is entitled to recover money from CMS.

You may award damages only for injuries that Jane Doe proves were caused by CMS's allegedly wrongful conduct and not by the conduct of some third party, including Q. W. or the City (or its employees). Jane Doe claims that she is entitled to damages for emotional distress.

The damages that you award must be fair compensation - no more and no less.

You may award damages for any emotional distress that Jane Doe experienced that was proximately caused by CMS's intentional discrimination and not the act of some third party, including Q. W. or the City (or its employees). Any award you make should be fair in light of the evidence presented at the trial. In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require a plaintiff to prove the amount of the plaintiff's losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.[45]

---

[45] *See* FED. JURY PRAC. & INSTR. § 177:70 (with modifications).

Case 3:18-cv-00586-RJC-DSC   Document 233   Filed 01/03/23   Page 28 of 34

### 26. Mitigation of Damages

If you find Jane Doe was injured as a result of conduct by CMS in violation of Title IX, you must determine whether she could have done something to lessen the harm suffered. CMS has the burden to prove by a preponderance of the evidence that Jane Doe could have lessened or reduced the harm done to her and that she failed to do so.

If CMS establishes by a preponderance of the evidence that Jane Doe could have reduced the harm done to her but failed to do so, Jane Doe is entitled only to damages sufficient to compensate for the injury she would have suffered had she taken appropriate action to reduce the harm.[46]

---

[46] FED. JURY PRAC. & INSTR. § 177:75.

**PROPOSED VERDICT FORM**

1. Do you find that Jane Doe has proven, by a preponderance of the evidence, that she was sexually assaulted by Q. W.?"

YES_____NO_____

   (If your answer to this Question is "YES", proceed to Question 2.)

   (If your answer to this Question is "NO," your deliberations are complete)

2. Do you find that Jane Doe has proven, by a preponderance of the evidence, that an official of CMS who had authority to institute corrective measures on the CMS's behalf had actual knowledge of the sexual assault of Jane Doe by Q. W. that was so severe, pervasive, and objectively offensive that it effectively denied her access to an educational opportunity or benefit offered by CMS?

YES_____NO_____

   (If your answer to this Question is "YES", proceed to Question 3.)

   (If your answer to this Question is "NO," your deliberations are complete )

3. Do you find that Jane Doe has proven, by a preponderance of the evidence, that CMS acted with deliberate indifference to known sexual assault of Jane Doe by Q. W.?

YES_____NO_____

   (If your answer to this Question is "YES", proceed to Question 4)

   (If your answer to this Question is "NO," your deliberations are complete)

4.  Do you find that Jane Doe has proven, by a preponderance of the evidence, that
    CMS's deliberate indifference to Jane Doe's claim of sexual assault by Q.W.
    caused an injury to her by making her more vulnerable to future harassment by Q.
    W. or further contributed to any deprivation of her access to educational
    opportunities?

                         YES_____NO_____

    If your answer is "Yes," in what amount? $_____

**PROPOSED ALTERNATIVE GENERAL VERDICT FORM**

1. Has Plaintiff Jane Doe proven by a preponderance of the evidence:

   a. that she suffered sexual harassment by Q. W. that was so severe, pervasive, and objectively offensive that it effectively denied her access to an educational opportunity or benefit offered by the CMS;

   b. that an official of CMS who had the authority to institute corrective measures on the CMS's behalf had actual knowledge of the sexual assault; and

   c. that the same official acted with deliberate indifference to such known acts of sexual assault?

   **Answer:**            **YES_____ or NO_____**

   If your answer is "No," this ends your deliberations.

   If your answer is "Yes," go to the next question.

   i.   That Plaintiff, Jane Doe, should be awarded damages caused by CMS?

        **Answer:**            **YES_____ or NO_____**

        If your answer is "Yes," in what amount? $_____

32

This the 3rd day of January 2023.

                    **WALLACE LAW FIRM PLLC**

                    /s/ Terry L. Wallace
                    Terry L. Wallace
                    N.C. State Bar No. 26806
                    6000 Fairview Road; Suite 1200
                    Charlotte, North Carolina 28210
                    Phone: 704-626-2903
                    Fax: 704-626-3476
                    Email: terry@wallacelawnc.com
                    *Attorney for Defendant Board*

**CERTIFICATE OF SERVICE**

This is to certify that on this date the undersigned filed the foregoing **DEFENDANT BOARD'S PROPOSED JURY INSTRUCTIONS** using the Court's CM/ECF system which will send notification of such filing to all counsel of record who are all CM/ECF participants.

This the 3rd day of January 2023.

/s/ Terry L. Wallace
Terry L. Wallace
N.C. State Bar No. 26806
Wallace Law Firm PLLC
6000 Fairview Road; Suite 1200
Charlotte, North Carolina 28210
Phone: 704-626-2903
Fax: 704-626-3476
Email: terry@wallacelawnc.com

**ATTORNEY FOR DEFENDANT CHARLOTTE-MECKLENBURG BOARD OF EDUCATION**

34