| | |
|---|---|
| **JANE DOE**,<br><br>           Plaintiff,<br><br>v.<br><br>**CHARLOTTE-MECKLENBURG SCHOOLS BOARD OF EDUCATION** and **THE CITY OF CHARLOTTE**, a North Carolina Municipality;<br><br>           Defendants. | **DEFENDANT CITY OF CHARLOTTE'S PROPOSED JURY INSTRUCTIONS** |

## 1. General Introduction[1]

      Members of the jury: Now that you have heard the evidence and the arguments of counsel, it is my duty to instruct you about the applicable law. You must follow the law as I state it and apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law. You must follow and apply the law as I state it.

      The lawyers may have referred to some of the governing rules of law in their arguments. If there is any difference in the law stated by the lawyers and as stated in these instructions, you must follow these instructions.

      Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

      You must perform your duties as jurors without bias or prejudice to any party, the law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

---

[1] *See* Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 103.01 (6th ed. 2011) (modified)

## 2. Evidence in the Case[2]

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses, all the exhibits received in evidence, all facts and events that may have been admitted or stipulated to, and all facts and events that may have been judicially noticed.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times, is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed accept the stipulation and regard that fact as proven.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.[3]

---

[2] *See Id*. at § 103.01 (modified).
[3] *Id.* at § 103.34.

## 3. Election of Foreperson; Duty to Deliberate; Communications with Court; Unanimous Verdict; Verdict Form[4]

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room and try to reach an agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are the judges of the facts. Your sole interest is to seek the truth from evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal, signed by one or more of you. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone – including me – how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide.

Finally, the verdict forms are simply the written notice of the decision that you reach in this case. You will take the forms to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the forms, sign and date them, and advise the marshal that you are ready to return to the courtroom.

---

[4] *See* O'Malley, Federal Jury Practice and Instructions § 103.01 (modified).

### 4. Burden of Proof – Preponderance of the Evidence[5]

The Plaintiff has the burden in this case to prove every essential element of her claim by a preponderance of the evidence. If the Plaintiff should fail to establish any essential element of her claim by a preponderance of the evidence, you should find for the City of Charlotte as to that claim.

On certain issues, called "affirmative defenses," the City of Charlotte has the burden of proving the elements of a defense by a preponderance of the evidence. I will instruct you on the facts the City of Charlotte must prove for any affirmative defense. After considering all the evidence, if you decide that the City of Charlotte has successfully proven that the required facts are more likely true than not, the affirmative defense is proven.

The phrase "establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proven is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds a belief that which is sought to be proven is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact at issue has been proven by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

---

[5] *See Id.* at § 103.01 (modified); Eleventh Circuit Pattern Jury Instructions (Civil Cases), Instruction 1.1 (2013) (modified).

## 5. Direct and Circumstantial Evidence[6]

Generally speaking, there are two types of evidence that are typically presented during a trial – direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the evidence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence. A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

---

[6] O'Malley, Federal Jury Practice and Instructions § 104.05.

**6. Inferences**[7]

You are to consider only the evidence in this case. However, you are not limited to the statements of the witnesses. You may draw from the facts that you find have been proven such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in this case. You may make inferences from the facts established by the evidence, but you are not required to do so. It is the exclusive province of the jury to determine whether the facts and circumstances shown by the evidence in the case warrant any inference that the law permits the jury to draw.[8]

---

[7] *Id*. at § 104.20 (with additions).
[8] *United States v. Beltran-Garcia*, 179 F.3d 1200, 1206 (9th Cir. 1999).

### 7. Credibility of the Witnesses[9]

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider each witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you has having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

---

[9] *See Id.* at § 105.01 (modified).

### 8. Impeachment – Inconsistent Statement or Conduct[10]

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

---

[10] *Id*. at § 105.04.

9. Claims

I will now turn to the claims made by the Plaintiff in this case. I will discuss the claims one at a time and explain the law which you should consider as you deliberate upon your verdict.

Plaintiff asserts the following claims against Defendant:

**NEGLIGENT HIRING, NEGLIGENT SUPERVISION, AND NEGLIGENT RETENTION. (BASED ON NORTH CAROLINA CASE LAW)**

The **first** issue reads:

"Was the plaintiff injured by the negligence of the School Resource Officer Bradley Leak?"[1]

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, that Bradley Leak was negligent and that such negligence was a proximate cause of the plaintiff's injury.

<u>Definition of common law negligence</u>:

Negligence refers to a person's failure to follow a duty of conduct imposed by law. Every person is under a duty to use ordinary care to protect himself and others from injury. Ordinary care means that degree of care which a reasonable and prudent person would use under the same or similar circumstances to protect himself and others from injury. A person's failure to use ordinary care is negligence.[2]

---

[1] 102.10 Negligence Issue--Burden of Proof., NC Pattern Jury Inst. - Civ. 102.10.
[2] 102.11 Negligence Issue –Definition of Common Law Negligence, NC Pattern Jury Inst. – Civ. 102.11.

This **second** issue reads:

"Did the plaintiff, by her own negligence, contribute to her injury?"

You will answer this issue only if you have answered the first issue as to the Bradley Leak's negligence "Yes" in favor of the plaintiff.

On this second issue the burden of proof is on the defendant. This means that the defendant must prove, by the greater weight of the evidence, that the plaintiff was negligent and that such negligence was a proximate cause of the plaintiff's own injury.

The test of what is negligence, as I have already defined and explained it, is the same for the plaintiff as for the defendant. If the plaintiff's negligence joins with the negligence of the defendant in proximately causing the plaintiff's own injury, it is called contributory negligence, and the plaintiff cannot recover.[3]

---

[3] 104.10 – Contributory Negligence Issue – Burden of Proof – Definition, NC Pattern Jury Inst. – Civ. 104.10

In this case, the defendant contends, and the plaintiff denies, that the plaintiff was negligent in one or more of the following ways:[4]

Defendant contends that Plaintiff was contributorily negligent by leaving the campus of Myers Park High School with QW.

Defendant contends that Plaintiff was contributorily negligent by telling QW where she was on campus on the morning of November 3, 2015.

Defendant contends that Plaintiff was contributorily negligent by walking across campus with QW.

Defendant contends that Plaintiff was contributorily negligent when she was in sight of Officer Leak who was directing traffic and she failed to call out to him even though he was in a position to hear her.

Defendant contends that Plaintiff was contributorily negligent when she failed to call out to students who were passing by when QW was allegedly assaulting her off campus and she knew one of the passersby.

The defendant further contends, and the plaintiff denies, that plaintiff's negligence was a proximate cause of and contributed to the plaintiff's injury.

I instruct you that contributory negligence is not to be presumed from the mere fact of injury.

---

[4] 104.35 – Contributory Negligence Issue – Contentions of Contributory Negligence, NC Pattern Jury Inst. – Civ. 104.35

11

Finally, as to this **second issue** of contributory negligence, on which the defendant has the burden of proof, if you find, by the greater weight of the evidence, that the plaintiff was negligent and that such negligence was a proximate cause of the plaintiff's own injury, then it would be your duty to answer this issue "Yes," in favor of the defendant.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the plaintiff.[5]

---

[5] 104.50 – Final Mandate - Contributory Negligence Issue – NC Pattern Jury Inst. – Civ. 104.50

The **third issue** reads:

**Note well**: You will answer this issue only if you have answered issue number one "Yes" in favor of the Plaintiff *and* answered issue number two "No" in favor of the plaintiff.

"Was the Plaintiff injured by the negligence of the Defendant City of Charlotte in hiring, supervising, and retaining Bradley Leak as an employee?"

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, that the defendant was negligent in hiring, supervising and retaining Bradley as an employee. Negligence refers to a party's failure to follow a duty of conduct imposed by law. Negligence is not to be presumed from the mere fact of injury.

There is a presumption which exists that an employer uses due care in hiring its employees. The Plaintiffs have the burden of showing that the Defendants did not use due care or that the Defendants had actual or constructive knowledge of the employees' unfitness for the job.

To establish negligence on the part of the defendant in hiring, supervising and retaining Bradley Leak, the plaintiff must prove, by the greater weight of the evidence, four things: 1) that the defendant owed the plaintiff a legal duty of care, 2) that Bradley Leak was incompetent, 3) that, prior to the act of Bradley Leak resulting in injury to the plaintiff, the defendant had either actual or constructive notice of this incompetence, and 4) that this incompetence was the proximate cause of the plaintiff's injury. I will now discuss these things one at a time and explain the terms used.

First, the plaintiff must prove that the defendant owed the plaintiff a legal duty of care. This means that the plaintiff must prove that Defendant City owed plaintiff a duty of care when she was no longer on the campus of Myers Park High School.

Second, the plaintiff must prove that Bradley Leak was incompetent. This means that Bradley Leak was not fit for the work in which he was engaged. Incompetence may be shown by inherent unfitness, such as the absence of skill, training, or experience.

Incompetence may also be inferred from previous specific acts negligent conduct by Bradley Leak. However, evidence, if any, tending to show that Bradley Leak may have been careless or negligent in the past may not be considered by you in any way on the question of whether Bradley Leak was negligent on the occasion in question, but may only be considered in your determination of whether Bradley Leak was incompetent, and whether such incompetence was known or should have been known to the defendant.

Third, the plaintiff must prove that the defendant had either actual or constructive notice of Bradley Leak's incompetence. Actual notice means that prior to the alleged act of Bradley Leak resulting in injury to the plaintiff, the defendant actually knew of Bradley Leak's incompetence.

Constructive notice means that the defendant, in the exercise of reasonable care, should have known of Bradley Leak's incompetence prior to the alleged act of Bradley Leak resulting in

13

injury to the plaintiff. Reasonable care is that degree of care in the hiring, supervision and oversight of Bradley Leak that a reasonably careful and prudent employer in the same or similar circumstances as the defendant would have exercised.

Fourth, the plaintiff must prove that Bradley Leak's incompetence was the proximate cause of the plaintiff's injury.

Proximate cause is a cause which in a natural and continuous sequence produces a person's injury, and is a cause without which the injury would not have occurred and one which a reasonable and prudent person could have foreseen would probably produce such injury.

Finally, as to this **third issue** on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the defendant owed the plaintiff a duty of care, that Bradley Leak was incompetent, that, prior to Bradley Leak's act resulting in injury to the plaintiff, the defendant had either actual or constructive notice of this incompetence, and that this incompetence was the proximate cause of the plaintiff's injury, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.[6]

---

[6] 640.42 Employment Relationship – Liability of Employer for Negligence in Hiring, Supervision or Retention of an Employee, NC Pattern Jury Inst. - Civ. 640.42.

## 10. Compensatory Damages[26]

The Plaintiff has alleged that she suffered emotional pain and suffering, as a result of the City of Charlotte's actions. Typically, a plaintiff is not entitled to such damages unless the plaintiff has sought medical treatment for the alleged emotional or mental condition.[27]

To recover compensatory damages, the plaintiff must prove by the preponderance of the evidence that she experienced these damages. Distress arising out of this lawsuit, or legal expenses incurred in this lawsuit, must not be included in these damages.

If the plaintiff does not establish that she experienced emotional pain and suffering because of the City of Charlotte's conduct, you shall not award compensatory damages.

When considering the amount of monetary damages to which the plaintiff may be entitled, you should consider the nature, character, and seriousness of any emotional pain and suffering the plaintiff felt. In determining the amount of the award, it will often be impossible for you to arrive at a precise award. Nonetheless, it is necessary to arrive at a reasonable award that is supported by the evidence.

Damages must not be based on sympathy, speculation, or guesswork.

You are not to consider any damages of lost pay. The award of lost earnings, if any, will be decided and calculated by the Court.[28]

---

[26] See Section of Litigation, ABA, Model Jury Instructions Employment Litigation § 1.07[3] (1994) (modified); Todd J. McNamara & J. Alfred Southerland, Federal Employment Jury Instructions
§ 3:475 (Revision 12, 2012) (modified); Eleventh Circuit Pattern Jury Instructions (Civil Cases), Instruction 4.6 (2013) (modified).
[27] *EEOC v. Sheffield Fin. LLC,* No. 1:06CV00889, 2007 U.S. Dist. LEXIS 43070, at *11-12 (M.D.N.C. June 13, 2007). U.S. Dist. LEXIS 43070 (since Plaintiff seeks compensatory damages for "past and future emotional distress, humiliation, anxiety, inconvenience, and loss of enjoyment of life," Defendant is entitled to discover information concerning [Plaintiff's] medical, mental, and pharmaceutical history to determine if any prior event may affect his demand for damages.)
[28] *Duke v. Uniroyal*, 928. F.2d 1413, 1421-22, 55 FEP Cases 816 (4th Cir. 1991).

You are also instructed that the Plaintiff has a duty under the law to "mitigate" her damages[29] – that is, to exercise reasonable diligence under the circumstances to minimize her damages. Therefore, if you find that the plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to her, you must reduce her damages by the amount she reasonably could have avoided if she had sought or taken advantage of such an opportunity.

You should not award actual damages more than once for the same injury. For example, if the Plaintiff were to prevail on two claims and establish a one-dollar injury, you could not award him one-dollar damages on each claim – she is only entitled to be made whole again, not recover more than she lost.

---

[29] *See Martin v. Mecklenburg County*, 151 Fed. Appx. 275, 282 (4th Cir. 2005); Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1358 (4th Cir. 1995); Brady v. Thurston motor Lines, Inc., 753 F.2d 1269, 1273 (4th Cir. 1985).

Respectfully submitted this 3rd day of January 2023.

/s/ Lori R. Keeton
Lori R. Keeton, N.C. State Bar # 25813
Law Offices of Lori Keeton
6000 Fairview Road, Suite 1200
Charlotte, North Carolina 28210
Phone: 704-575-9204
Facsimile: 704-919-5059
Email: lkeeton@lorikeetonlaw.com

/s/ Stephanie H. Webster
Stephanie H. Webster
N.C. State Bar No. 12164
Cranfill Sumner, LLP
P.O. Box 30787
Charlotte, NC, 28230
(704) 332-8300 (T)
(704) 332-9994 (F)
swebster@cshlaw.com
***Attorneys for Defendant City of Charlotte***

# CERTIFICATE OF SERVICE

      This is to certify that on this date the undersigned filed the foregoing **DEFENDANT CITY OF CHARLOTTE'S PROPOSED JURY INSTRUCTIONS** using the Court's CM/ECF system which will send notification of such filing to the following CM/ECF participants.

Cara Lawson
**Steptoe & Johnson LLP**
227 West Monroe Street, Suite 4700
Chicago, IL 60606
clawson@steptoe.com
*Attorney for Plaintiff*

Laura L. Dunn
**L.L. Dunn Law Firm, PLLC**
1717 K Street NW, Suite 900
Washington, DC 20006
ldunn@lldunnlawfirm.com
*Attorney for Plaintiff*

Geraldine Sumter
**Ferguson, Chambers & Sumter, P.A.**
309 E. Morehead Street, Suite 110
Charlotte, NC 28202
gsumter@fergusonsumter.com
*Attorney for Plaintiff*

Linda C. Bailey
Sabra R. Messer
Antonia B. Ianniello
**Steptoe & Johnson LLP**
1330 Connecticut Avenue NW
Washington, DC 20036
lbailey@steptoe.com
smesser@steptoe.com
aianniello@steptoe.com
*Attorneys for Plaintiff*

Terry L. Wallace
Wallace Law Firm PLLC
N.C. State Bar No. 26806
6000 Fairview Road, Suite 1200
Charlotte, NC 28210
(704) 626-2903 (T)
(704) 626-3476 (F)

4873-0175-3671, v. 1

terry@wallacelawnc.com
*Attorney for Charlotte-Mecklenburg Board of Education*

This 3rd day of January, 2023.

/s/ Lori R. Keeton
Lori R. Keeton, N.C. State Bar # 25813
Law Offices of Lori Keeton
6000 Fairview Road, Suite 1200
Charlotte, North Carolina 28210
Phone: 704-575-9204
Facsimile: 704-919-5059
Email: lkeeton@lorikeetonlaw.com
***Attorney for Defendant City of Charlotte***