# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:18-CV-00586-RJC-DSC

| | |
|---|---|
| **JANE DOE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **v.** ) | **PLAINTIFF'S PROPOSED** |
| ) | **JURY INSTRUCTIONS** |
| **CHARLOTTE-MECKLENBURG** ) | |
| **BOARD OF EDUCATION**, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

     Plaintiff Jane Doe, by and through undersigned counsel, and pursuant to the Court's pretrial

order (ECF No. 198), hereby respectfully submits the following proposed jury instructions.


[PAGE INTENTIONALLY LEFT BLANK –

EACH INSTRUCTION TO FOLLOW ON ITS OWN SEPARATE PAGE PER ORDER]

# INTRODUCTORY INSTRUCTIONS

## Jury Instruction No. 1[1]

### Common Terms

We are about to begin the trial for the case you heard about during jury selection. Before the trial begins, I am going to give you instructions that will help you understand what will be presented and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who sues is called the plaintiff. In this action, the plaintiff is "Jane Doe," who may be referred to simply as "Ms. Doe." Her parents, "Mr. and Mrs. Doe," are witnesses not parties in this case. The parties being sued will be called the defendants. There are two defendants, one is the Charlotte-Mecklenburg Board of Education, who may be referred to simply as the "Board," and the other is the City of Charlotte, who may be referred to simply as the "City." You will sometimes hear me refer to "counsel," which is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

I will decide all questions of law that arise during the trial. When I "sustain" an objection, I am prohibiting that information from being presented as evidence in this trial for a good reason. When I "overrule" an objection, I am allowing that information to be admitted as evidence, which means you may consider it in reaching a verdict at the end of the case.

The verdict is your decision about the disputed facts in this case that you will reach as a jury at the end of this trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

---

[1] *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Kevin F. O'Malley, et al., Federal Jury Practice & Instructions § 101:01 (6th ed.) (hereinafter "Fed. Jury Practice & Instr.").

**<u>Jury Instruction No. 2</u>**[2]

**Pseudonyms**

In this case, I have issued a protective order and granted a motion for pseudonym, which allow the plaintiff to proceed under the fictitious name of "Jane Doe" to ensure her privacy. Her parents will be referred to as Mr. and Mrs. Doe for the same reason. During this trial, all former students from Myers Park High School will be referred to by their initials to ensure their privacy as well. In your consideration of the evidence and claims in this case, you should not assign any importance to the use of such pseudonyms or initials by any party or witness.

---

[2] *Doe v. Fairfax Cty. Sch. Bd.*, Case No. 1:18-cv-00614 (E.D. Va.) (ECF No. 325-14).

**<u>Jury Instruction No. 3</u>**[3]

**Order of Trial**

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence but is simply an outline or summary to help you understand what each party expects the evidence to show during trial. A party is not required to make an opening statement.

After the opening statements, the plaintiff will present evidence and call witnesses first in support of her claims. The defendant is not required to introduce any evidence or to call any witnesses but may do so after the plaintiff's case. If the defendant does so, the plaintiff may present rebuttal evidence.

After the evidence and testimony is presented, the plaintiff's lawyers may make closing arguments explaining what they believe the evidence has shown during trial and the defendants may respond. After, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case by issuing your verdict.

---

[3] *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Fed. Jury Practice & Instr. § 101:02.

## Jury Instruction No. 4[4]

### Attorney Statements

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times in between is intended to help you understand the evidence, but it is not evidence. That said, when the lawyers have agreed on the existence of a fact, which is called a stipulation, you must accept the stipulation as a proved fact unless otherwise instructed.

---

[4] *Doe v. Fairfax Cty. Sch. Bd.*, Case No. 1:18-cv-00614 (E.D. Va.) (ECF No. 325-14).

**Jury Instruction No. 5**[5]

**Nature of the Action**

This is a civil case brought by Jane Doe against Defendant Charlotte-Mecklenburg Board of Education and Defendant City of Charlotte.

Plaintiff alleges that when she was a minor student attending Myers Park High School, Defendant Board had a discriminatory policy in violation of Title IX that resulted in its officials responding with deliberate indifference to reports of student-on-student sexual misconduct, including her report that a fellow student, Q.W., had kidnapped and sexually assaulted her on November 3, 2015.

Plaintiff also alleges that Defendant City negligently hired, trained, supervised, and retained Bradley Leak as the School Resource Officer assigned to Myers Park High School because he was inherently unfit and engaged in previously negligence regarding reports of student-on-student sexual misconduct, such that Defendant City is responsible for his negligent response to her report of kidnapping and rape on November 3, 2015.

Plaintiff alleges that she sustained physical and emotional injuries due to each Defendant's actions and inactions.

---

[5] *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36).

## Jury Instruction No. 6[6]

**Burden of Proof**

Plaintiff has the burden of proof, meaning she has to prove every element of her claims by a preponderance of the evidence by the end of the trial. If Plaintiff should fail to establish any element of her claims by a preponderance of the evidence, you should find for the Defendant as to that specific claim.

---

[6] *Doe v. Fairfax Cty. Sch. Bd.*, Case No. 1:18-cv-00614 (E.D. Va.) (ECF No. 325-14).

# Jury Instruction No. 7[7]

## Preponderance of the Evidence

You may have heard of "proof beyond a reasonable doubt," which is a stricter standard applied only in criminal cases. That standard does not apply in civil cases such as this one. Instead, you must use a "preponderance of the evidence," which means that when taken as a whole, the evidence presented proves a fact is more probable than not. In other words, a preponderance of the evidence means that the evidence produces the belief in your minds that it is more likely true than not true.

This standard does not require absolute certainty, as proof to such a degree is seldom possible in any case. In determining whether any fact at issue has been proven by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

---

[7] *Doe v. Fairfax Cty. Sch. Bd.*, Case No. 1:18-cv-00614 (E.D. Va.) (ECF No. 325-14).

<u>**Jury Instruction No. 8**</u>[8]

**State Law**

Under N.C. Gen. Stat. §§ 115C-36, 115C-40, Defendant Board may hold all school property and defend against lawsuits. Defendant Board has "general control and supervision" of its public schools and "shall execute the school laws." It also has authority to transfer pupils from one school to another.

Under N.C. Gen. Stat. § 115C-105.45, "all schools should be safe, secure, and orderly" to ensure a "climate of respect in every school" and ensure the "school is free of disruption, drugs, violence, and weapons." "All schools must have plans, policies, and procedures for dealing with disorderly and disruptive behavior" as well as "effective measures" to address students "engaging in disruptive and disorderly behavior."

Under N.C. Gen. Stat. § 115C-288(g), a principal with "personal knowledge or actual notice from school personnel that an act has occurred on school property involving assault resulting in serious personal injury, sexual assault, sexual offense, rape, kidnapping, indecent liberties with a minor," and other such offenses "shall immediately report the act to the appropriate local law enforcement agency." School proper includes all school buildings, buses, campuses, grounds, recreational areas, or athletic fields. The principal of their designee must "notify the superintendent or the superintendent's designee in writing or by electronic mail regarding any report made to law enforcement under this subsection either "by the end of the workday" or when "reasonably possible but not later than the end of the following workday," so that the Board will receive notice from the superintendent or the superintendent's designee.

---

[8] N.C. Gen. Stat. §§ 115C-36, 115C-40, 115C-105.45, 115C-288(g), 115C-47(61), 14-202.4(d)(3a), 160A-288.4(a)-(d).

Under N.C. Gen. Stat. § 115C-47(61) Defendant Board may enter into an agreement with Defendant City to provide security at the schools via school resource officers (SROs) who meet the selection standards and criteria under law.

Under N.C. Gen. Stat. § 14-202.4(d)(3a), a SROs are persons regularly present in a school for the purpose of promoting and maintaining safe and orderly schools.

Under N.C. Gen. Stat. § 160A-288.4(a), Defendant City's chief of police may establish an SRO program with officers who are sworn or have at least two years of military service (honorable discharge only). SROs must receive training on the social and cognitive development of elementary, middle, and high school children and meet the selection standards and criteria established by the chief of police. (b) SROs work "under the direction and supervision of the chief of police or the chief's designee when carrying out their SRO duties. SROs "have the power of arrest while performing official duties." (c) Defendant City may contract with Defendant Board to provide SROs who meet the criteria, and the selection and training requirements. Defendant City is responsible for the assignment of SROs to a public school and for the supervision of the officer. (d) SROs are not liable when they take "good-faith action" in the performance of their SRO duties.

**Jury Instruction No. 9[9]**

**Title IX**

Title IX is a federal civil rights law that states in relevant part that: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1682(a). Defendant Board receives federal financial assistance and is therefore subject to Title IX. Plaintiff Jane Doe has brought two claims against Defendant Board under Title IX.

---

[9] *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290–91 (1998); *Karasek v. Regents of Univ. of Cal.*, 956 F.3d 1093, 1112–13 (9th Cir. 2020); Fed-JI § 177.70, 3c Fed. Jury Prac. & Instr. § 177.70 (5th ed); 20 U.S.C. § 1682(a).

## Jury Instruction No. 10[10]

## Title IX Official Policy Claim

Plaintiff's first Title IX claim alleges that Defendant Board had an official policy of sex discrimination towards student-on-student sexual assaults occurring in the woods adjacent to Myers Park High School (MPHS). To prevail on this claim, Ms. Doe must prove the following elements by a preponderance of the evidence:

1.    Defendant Board exercised control over MPHS and the adjacent woods. Control can be exerted through property ownership or through disciplinary policies and procedures.

2.    Defendant Board knew about the risk of student-on-student sexual misconduct in the woods adjacent to MPHS. Such sexual misconduct includes severe, pervasive, and objectively offensive sexual conduct that is unwelcome, whether occurring verbally (i.e., sexual harassment) or physically (i.e., sexual assault).

3.    Defendant Board responded to the known risk of student-on-student sexual misconduct with an official policy of sex discrimination. Sex discrimination can be differential treatment based on gender, conscious disregard of rights, or deliberate indifference (meaning actions clearly unreasonable under the circumstances).

4.    Defendant Board's official policy resulted in injuries to Plaintiff Jane Doe. Jane Doe need not prove that Defendant Board's policy is the sole source of her injuries, only that it was one such source.

If Plaintiff has proved each of these elements, your verdict should be for Plaintiff. You then must determine an amount that is fair compensation for Plaintiff's damages as caused by

---

[10] *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290–91 (1998); *Karasek v. Regents of Univ. of Cal.*, 956 F.3d 1093, 1112–13 (9th Cir. 2020); Fed-JI § 177.70, 3c Fed. Jury Prac. & Instr. § 177.70 (5th ed).

Defendant Board's discriminatory policy. You may award Plaintiff damages for any resulting loss of educational access and physical injuries. If you find that she suffered physical injuries as a result of defendant's discriminatory policy, you may also award Plaintiff damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, or other nonpecuniary losses she experienced due to defendant's discriminatory policy.

**Title IX Deliberate Indifference Claim**

Plaintiff's second Title IX claim alleges that Defendant Board responded with deliberate indifference towards her report that Q.W. had kidnapped and sexually assaulted her resulting in denied her education access. To prevail on this claim, Ms. Doe must prove the following elements by a preponderance of the evidence:

1.     Jane Doe and Q.W. were students at Myers Park High School.

2.     Q.W. subjected Jane Doe to sexual harassment. Sexual harassment can be humiliating, degrading, or demeaning comments or actions based on sex, as well as unwelcome sexual advances.

3.     Q.W.'s sexual harassment was severe, pervasive, and objectively offensive. A single instance of sexual assault may meet this standard when the effect is so pervasive that it denies the victim equal access to an educational program or activity.

4.     Q.W.'s sexual harassment denied Jane Doe equal access to education access, such as the deprivation of educational opportunities or benefits, including but not limited to (1) physical exclusion from an educational program or activity; (2) undermining or otherwise detracting from the educational experience such that it effectively denies equal access to resources or opportunities; or (3) other concrete, negative effects on the ability of the victim to participate in educational programs or activities.

5.     Defendant Board had actual notice of Q.W.'s sexual harassment of Jane Doe.

---

[11] *Doe v. Fairfax Cty. Sch. Bd.*, Case No. 1:18-cv-00614 (E.D. Va.) (ECF No. 325-14); *Jennings v. Univ. of N.C.*, 482 F.3d 686, 696 (4th Cir. 2007); Fed-JI § 177.70, 3c Fed. Jury Prac. & Instr. § 177.70 (5th ed).

6. Defendant Board responded to Q.W.'s harassment with deliberate indifference, meaning its response was clearly unreasonable under the known circumstances.

5. Due to Defendant Board's deliberate indifference, Jane Doe suffered injuries. Plaintiff need not prove that Defendant Board's deliberate indifference is the sole source of her injuries, only that it was one such source.

If Plaintiff has proved each of these elements, your verdict should be for Plaintiff. You then must determine an amount that is fair compensation for Plaintiff's damages to be awarded only when Plaintiff has proven the injury or harm was caused by Defendant Board's deliberate indifference. You may award Plaintiff damages for any resulting loss of educational access and physical injuries. If you find that she suffered physical injuries as a result of defendant's deliberate indifference, you may also award Plaintiff damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, or other nonpecuniary losses she experienced because of defendant's deliberate indifference.

**Jury Instruction No. 12[12]**

**Negligent Employment Claim**

Plaintiff Jane Doe has alleged only one claim against Defendant City of Charlotte (City), that it negligently hired, trained, retained, or supervised of Bradley Leak as a School Resource Officer (SRO). To prevail on this claim, Ms. Doe must prove the following elements by a preponderance of the evidence:

1.    Leak owed a legal duty of care to Jane Doe as an SRO, such that Plaintiff encountered Leak as a direct result of his employment and Defendant City received a benefit in exchange for Leak's services as an SRO.

2.    Leak breached the duty owed to Jane Doe while acting as an SRO, meaning he failed to fulfill the legal duty of care.

3.    Leak was incompetent to serve as an SRO, whether because of a general unfitness due to his character or skill level, or because of previous negligent acts he committed as an SRO.

4.    Defendant City either knew **or** should have known through the exercise of reasonable care that Leak was incompetent to serve as an SRO before November 3, 2015. Reasonable care means the ordinary oversight and supervision that a reasonably prudent employer would exercise over an employee in this situation or a similar situation.

5.    SRO Leak's unfitness or incompetence is a proximate cause of Jane Doe's injuries, meaning her injuries were part of a continuous sequence of events which a reasonably prudent person would know could produce such an injury or a similar injurious result. Jane Doe need not prove that Leak's incompetence is the sole cause of her injuries, only that it was one such cause.

---

[12] *Keith v. Health-Pro Home Care Servs., Inc.*, 381 N.C. 442 (2022); N.C.P.I.–Civil 640.42 (2009); *Doe v. Fairfax Cty. Sch. Bd.*, Case No. 1:18-cv-00614 (E.D. Va.) (ECF No. 325-14).

6.     Jane Doe's injuries were foreseeable by SRO Leak, meaning that he had some reason to know her injuries, or similar injures, were likely to result.

7.     Jane Doe's injuries were avoidable through due care by SRO Leak, meaning had Leak acted as a reasonably prudent SRO, Plaintiff would not have suffered her injuries.

If Plaintiff has proved each of these elements, your verdict should be for Plaintiff.  You then must determine an amount that is fair compensation for Plaintiff's damages caused by Defendant City's negligent employment of SRO Leak.  You may award Plaintiff damages for any physical injury, emotional pain, suffering, mental anguish, loss of enjoyment of life, or other nonpecuniary losses she experienced because of defendant's negligence.

**Jury Instruction No. 13[13]**

**Types of Evidence**

There are two types of evidence presented at trial – direct evidence and circumstantial evidence. "Direct evidence" is direct proof of a fact, such as testimony by a witness about what they directly said, heard, or did. "Circumstantial or indirect evidence" is a chain of facts and circumstances supporting the existence or nonexistence of a particular fact.

The law makes no distinction between the weight or value that you give any direct or circumstantial evidence. For example, there is no requirement that you have a greater degree of certainty before you consider circumstantial evidence. Whether direct or circumstances, all facts must be found from the evidence by a preponderance of the evidence taken as a whole.

---

[13] *Doe v. Fairfax Cty. Sch. Bd.*, Case No. 1:18-cv-00614 (E.D. Va.) (ECF No. 325-14); *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Fed. Jury Practice & Instr. § 101:42.

**Jury Instruction No. 14**[14]

**Depositions**

Depositions may also be received in evidence. Depositions contain sworn testimony taken from a witness with lawyers for each party present and entitled to ask questions. In some cases, a deposition may be played for you via video. Deposition testimony may be accepted by you as evidence, which is subject to the same instructions that apply to witnesses testifying in open court.

---

[14] *Doe v. Fairfax Cty. Sch. Bd.*, Case No. 1:18-cv-00614 (E.D. Va.) (ECF No. 325-14).

**Jury Instruction No. 15**[15]

**Witnesses Called**

The law does not require a party to call all possible witnesses who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the facts at issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

---

[15] *Doe v. Fairfax Cty. Sch. Bd.*, Case No. 1:18-cv-00614 (E.D. Va.) (ECF No. 325-14).

## Jury Instruction No. 16[16]

## Witness Credibility

You alone are the sole judges about the credibility or truthfulness of any witness and must weigh their testimony as you see fit. Your judgment may be guided by the appearance and conduct of a witness, the way that they testify, the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. In doing so, you should consider each witness' state of mind, motivation, intelligence, and demeanor or manner while testifying. You should also consider the witness' ability to observe or know the matters to which they have testified, and whether the witness impresses you as having an accurate recollection of events.

Also, consider the relation each witness may have to the parties in this case, how each witness may be affected by the verdict in this case, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case. Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses may or may not cause you to discredit such testimony. Two or more persons that witness an event may see or hear that event differently.

After making your own judgment, you will weigh the testimony of each witness, if you determine that such weight is deserved. In short, you may accept or reject the testimony of any witness, in whole or in part, as you see fit based on all the evidence presented at trial. Please note

---

[16] *Doe v. Fairfax Cty. Sch. Bd.*, Case No. 1:18-cv-00614 (E.D. Va.) (ECF No. 325-14); *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Fed. Jury Practice & Instr. § 101:43.

that the weight does not necessarily depend on the number of witnesses testifying to the existence or nonexistence of any fact. Instead, you may find that the testimony of only one or a small number of witnesses may be more credible than the testimony of several witnesses to the contrary.

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties. Likewise, you should consider any interest or motive that the witness may have in cooperating with a particular party. It is your duty to consider whether such interest, motive, or bias colors a witness' testimony. In short, if you find that a witness is biased, you should view their testimony with caution by weighing it with care, and subject it to close scrutiny in light of all the evidence presented at trial.

A witness may be discredited by contradicting evidence or testimony or fail to say or do something that is inconsistent with the witness' present testimony. If you find that a witness has been discredited, you should weigh that testimony accordingly. If a witness is shown to have knowingly testified falsely about any material fact at issue (meaning voluntarily and intentionally, not by accident, mistake, or other innocent reason), you have the right to distrust such a witness and you may reject all or part of their testimony or give it such weight as you may think it deserves.

## Jury Instruction No. 17[17]

## Experts

While the rules of evidence do not ordinarily permit a witness to provide their opinions or conclusions as testimony, there is an exception for witness who qualify as experts. An "expert witness" is a person who by education, training, and/or experience has become expert in their field of practice. Expert witnesses are allowed to provide opinions as to matters tied to their profession or field or practice and may also state their reasons for having such opinions to help you as jurors in reaching a verdict on the facts at issue in this trial.

You should consider each expert's opinion in light of the evidence and give it such weight as you think it deserves. If you decide that an expert's opinion is not based upon sufficient education and experience, or if you conclude the reasons the expert provides for forming such an opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion in full or in part, as you deem fit.

No expert witness may testify about the credibility of other witnesses or facts at issue in this case. No expert witness may tell you how to interpret or weigh the evidence presented to you during trial. As I have told you, you—the jury—are the sole judges of the facts of this case.

---

[17] *Doe v. Fairfax Cty. Sch. Bd.*, Case No. 1:18-cv-00614 (E.D. Va.) (ECF No. 325-14).

## Jury Instruction No. 18[18]

### Objections

Any evidence where a party objected, and I sustained that objection means the evidence presented is stricken and cannot be considered to ensure fairness to the parties.

---

[18] *Doe v. Fairfax Cty. Sch. Bd.*, Case No. 1:18-cv-00614 (E.D. Va.) (ECF No. 325-14)

**Drawing Inferences**

In considering only admitted evidence in the case, you are not limited to the statements of the witnesses but may draw on the facts you find proven using reasonable inferences that seem justified to you considering your experience. Such "inferences" are conclusions that common sense and reason lead you to rely upon as facts established by the evidence in the case.

---

[19] *Doe v. Fairfax Cty. Sch. Bd.*, Case No. 1:18-cv-00614 (E.D. Va.) (ECF No. 325-14); *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Fed. Jury Practice & Instr. § 101:20.

**Jury Instruction No. 20[20]**

**Jury Conduct**

To ensure fairness, you must obey the following rules while serving on the jury:

1.      Do not talk to each other about this case or about anyone involved with this case until the end of the trial, which is when you go to the jury room to decide on your verdict.

2.      Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors. "Anyone else" includes your family and friends. You may tell people you are a juror, but do not tell them anything else about the case.

3.      Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended. If someone should try to talk to you about the case during the trial, please report it to me immediately.

4.      During the trial you should not talk with or speak to any of the parties, lawyers, or witnesses involved in this case.  I know that many of you use cell phones, iPhones, the internet, and other technology.  You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5.      Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. If there is any publicity about this trial, you must ignore it. Do not read anything or listen to any

---

[20] *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Fed. Jury Practice & Instr. § 101:11.

television or radio programs about the case. You must decide this case only from the evidence presented in the trial.

6.      Do not do any research, such as using Google, social media like Facebook, or any other online resources, or make any investigation about the case on your own.

7.      Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case, which is when you and the other jurors will discuss all the evidence and reach a unanimous verdict.

8.      If you need to tell me something, simply give a signed note to the [marshal] [bailiff][clerk] to give to me.

**Jury Instruction No. 21**[21]

**Notes Allowed**

During the trial, I will permit you to take notes. You are not required to take notes. If you do not take notes, you should not be influenced by another juror's notes, but should rely upon your own recollection of the evidence.

Many courts do not permit notetaking by jurors, so a word of caution is in order. You must not allow your note taking to distract you from the proceedings. Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented and not written down may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence and are by no means a complete outline of the proceedings or a list of the highlights of the trial.

Your memory should be your greatest asset when it comes time to deciding this case.

---

[21] *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Fed. Jury Practice & Instr. § 101:15.

## Jury Instruction No. 22[22]

### Judge Questions

During the trial, I may sometimes ask a witness questions. Please do not assume that I have any opinion about the subject matter of my questions.

---

[22] *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Fed. Jury Practice & Instr. § 101:30.

## Jury Instruction No. 23[23]

### Juror Questions

Jurors normally do not ask a witness questions. However, I allow jurors to ask important questions during the trial under certain conditions. If you feel the answer to your question would be helpful in understanding the issues in the case, please raise your hand after the lawyers have completed their examination but before I have excused the witness. You will then be given pen and paper with which to write your question for the witness. I will talk privately with the lawyers and decide whether the question is proper under the law. If the question is proper, I will ask the witness the question. Some questions may be rewritten or rejected. Do not be concerned if the question is not asked. Do not discuss your question with anyone, including the marshal or clerk. Remember, you are not to discuss the case with the other jurors until it is submitted for your decision. If you have difficulty hearing a witness or lawyer, please raise your hand immediately.

---

[23] *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Fed. Jury Practice & Instr. § 101:17.

**Jury Instruction No. 24**[24]

**Admissions in Pleadings**

Before the trial, the parties filed written statements with the court describing their claims and defenses. These statements are known as pleadings. In their pleadings, the parties have admitted certain facts as follows:

1.      Defendant Charlotte Mecklenburg Board of Education (Board) is a corporate body located in Charlotte, North Carolina, with powers to control and supervise Charlotte Mecklenburg Schools (CMS).  (Am. Compl., ¶ 15; Def. City Answer, ¶ 15; Def. Board Answer, ¶ 15.)

2.      Defendant Board is a recipient of federal funding from the U.S. Department of Education.  (Am. Compl., ¶¶ 15, 107; Def. Board Answer, ¶¶ 15, 107.)

3.      Defendant Board contracted with Defendant City of Charlotte to obtain School Resource Officers (SROs) for CMS.  (Am. Compl., ¶ 17; Def. Board Answer, ¶¶ 1, 17, 125.)

4.      Defendant City is a municipal corporation located in Mecklenburg County, North Carolina.   (Am. Compl., ¶ 18; Def. City Answer, ¶ 18; Def. Board Answer, ¶ 18.)

5.      Defendant City is a local governing body with final policymaking authority over the Charlotte-Mecklenburg Police Department (CMPD).  (Am. Compl., ¶ 138; Def. City Answer, ¶ 138; Def. Board Answer, ¶ 138.)

6.      The CMPD Police Chief has final policymaking authority regarding assigned and training for SROs.  (Am. Compl., ¶ 19; Def. City Answer, ¶ 19.)

---

[24] *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Fed. Jury Practice & Instr. § 101:46.

7.      The CMPD assigned Bradley Leak to serve as SRO for Myers Park High School (MPHS). (Am. Compl., ¶¶ 1, 56, 173; Def. City Answer, ¶¶ 1, 56, 173; Def. Board Answer, ¶¶ 1, 173.)

8.      SRO, at all relevant times, was an employee of CMPD and the City, acting under the color of state law and within the scope of his employment and authority while serving in his official capacity as an SSRO at MPHS. (Am. Compl., ¶ 125; Def. Leak Answer, ¶ 125.)

9.      The CMPD had a responsibility to assign, train, and supervise Leak as SRO. (Am. Compl., ¶¶ 57, 144; Def. City Answer, ¶¶ 57, 144; Def. Board Answer, ¶ 57.)

10.     Jane Doe was a minor student in her junior year at MPHS in the Fall of 2015. (Am. Compl., ¶¶ 14; 20; Def. City Answer, ¶¶14; 20; Def. Board Answer, ¶¶ 14, 20.)

11.     On November 3, 2015, SRO Leak was on duty as SRO for MPHS. (Am. Compl., ¶ 24; Def. City Answer, ¶ 24; Def. Board Answer, ¶ 27.)

12.     On November 3, 2015, Anthony Perkins was assistant principal at MPHS (Am. Compl., ¶ 16; Def. Board Answer, ¶ 16.)

13.     On November 3, 2015, SRO Leak received a report that Plaintiff Jane Doe had been abducted from MPHS. (Am. Compl., ¶ 36; Def. Board Answer, ¶ 36.)

14.     SRO Leak informed Perkins about the reported abduction. (Am. Compl., ¶ 39; Def. Board Answer, ¶ 39.)

15.     Ms. Doe sent text messages reporting she had been sexually attacked, which Perkins "may" have read (Am. Compl., ¶¶ 62, 65, 66; Def. Board Answer, ¶¶ 62, 65, 66.)

16.     Neither Leak nor Perkins took a statement from Ms. Doe about this sexual assault. (Am. Compl., ¶ 70; Def. City Answer, ¶ 70; Def. Board Answer, ¶ 70.)

17. Neither Defendants City nor Board offered to transport Plaintiff Jane Doe to a hospital or otherwise assist her in reporting the sexual assault to law enforcement. (Am. Compl., ¶ 70; Def. City Answer, ¶ 70; Def. Board Answer, ¶ 70.)

18. Ms. Doe obtained a rape kit at a hospital and the CMPD did not obtain this rape kit. (Am. Compl., ¶¶ 78, 81; Def. City Answer, ¶ 81; Def. Board Answer, ¶ 78.)

19. Perkins reported the incident as "mutual sexual contact" to Defendant Board and claimed Jane Doe's "clothes were not dirty, and her hair was not out of place." (Am. Compl., ¶¶ 74, 75, 120, 166; Def. Board Answer, ¶¶ 74, 75, 120, 166.)

20. Leak issued a "non-criminal" incident report to the CMPD. (Am. Compl., ¶¶ 4, 77, 83; Def. City Answer, ¶¶ 4, 77, 83; Def. Board Answer, ¶¶ 4, 77.)

21. On November 23, 2015, WBTV ran a report about this incident entitled: "*Parents Question CMPD Handling of Daughter's Reported Sexual Assault,*" WBTV (Nov. 23, 2015), http://www.wbtv.com/story/30583871/parents-question-cmpd-handling-of-daughters-reported-sexual-assault/. (Am. Compl., ¶ 82; Def. City Answer, ¶ 82; Def. Board Answer, ¶ 82.)

22. Following this incident, Plaintiff Jane Doe withdrew from MPHS and transferred to another CMS school. (Am. Compl., ¶¶ 5, 88, 89, 118; Def. Board Answer, ¶¶ 5, 88, 89, 118.)

You will take these admitted facts to be true for purposes of this case.

**Jury Instruction No. 25**[25]

**Stipulations**

Before the trial of this case, the parties entered into certain stipulations or agreements in which they agreed that facts could be taken as true without further proof.  The stipulated facts are as follows [insert].

---

[25] *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Fed. Jury Practice & Instr. § 102.11).

**Jury Instruction No. 26**[26]

**Judicial Notice**

I have accepted as proven the fact that [describe]. You must accept this fact as true for purposes of this case.

---

[26] *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Fed. Jury Practice & Instr. § 102:20.

Case 3:18-cv-00586-RJC-DSC   Document 249   Filed 01/03/23   Page 35 of 79

# MID-TRIAL INSTRUCTIONS

## <u>Jury Instruction No. 27</u>[27]

### Bench Conferences

From time to time, it may be necessary for me to talk to counsel outside of your hearing. The purpose of these conferences is not to keep relevant information from you, but to decide how certain information is to be treated under the rules of evidence and to avoid confusion and error. Do not consider my granting or denying a request for a conference as an indication of my opinion of the case or of what your verdict should be. I do not wish to cause you any delay, but these conferences are necessary. I apologize for any inconvenience. I will do what I can to limit the number and length of these conferences.

---

[27] *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Fed. Jury Practice & Instr. § 102:02.

**Jury Instruction No. 28**[28]

**Recess Instructions**

We are about to take our first recess or break. I want to remind you of the instructions that I gave earlier. Until the trial is over, you are not to discuss this case with anyone, including other jurors, your family, people involved in the trial, or anyone else. You may not permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately.

Do not read or listen to any news reports of the trial, including reports on the Internet. If a newspaper headline or news broadcast catches your attention, do not examine the article, or watch or listen to the broadcast any further. The person who wrote or is reporting the story may not have listened to all the testimony, may be getting information from persons whom you will not see here in court under oath and subject to cross examination. The report may emphasize an unimportant point or may simply be wrong. You must base your verdict solely and exclusively on the evidence received in court during the trial.

Finally, you must keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors. If you need to speak with me about anything, simply give a signed note to the [marshal] [bailiff] [clerk] [law clerk] to give to me.

---

[28] *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Fed. Jury Practice & Instr. § 102:01.

**Jury Instruction No. 29**[29]

**Trial Publicity**

Reports about this trial may appear in the newspapers, on radio and television, and on the Internet. The person reporting the story may not have heard all the testimony as you have, may be getting information from people whom you will not see here under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong. You must not read anything or listen to anything or watch anything with regard to this trial. The case must be decided by you solely and exclusively on the evidence that will be received here in the courtroom to ensure fairness to the parties.

---

[29] *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Fed. Jury Practice & Instr. § 102.12.

**Jury Instruction No. 30**[30]

**Depositions as Testimony**

Testimony will now be presented through a deposition. A deposition contains the sworn, recorded answers to questions asked a witness before the trial. A witness' testimony may be presented in the form of a deposition if the witness is not present or if the testimony in court contradicts the witness' deposition testimony.

Before this trial, attorneys representing the parties questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers will be read to you today. You must give this deposition testimony the same consideration as if the witness had been present and had testified from the witness stand in court.

---

[30] *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Fed. Jury Practice & Instr. § 102:23.

**Jury Instruction No. 31**[31]

**Limited Purpose Evidence**

The evidence you [have just heard] [are about to hear] has been admitted for a limited purpose. You must consider this evidence only for that limited purpose and for no other. [For example, evidence has been admitted that [name] has been convicted of a crime. Evidence of the conviction has been admitted only for the purpose of helping you judge the credibility or believability of [name] as a witness. Evidence of the conviction was not received to show that [name] is a bad person or did any bad act relating to the facts of this case.]

---

[31] *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Fed. Jury Practice & Instr. § 102:40.

**<u>Jury Instruction No. 32</u>**[32]

**Objections & Rulings**

During trial, testimony and exhibits may be admitted into evidence only if they meet certain criteria or standards. It is a lawyer's the duty to object when the other side offers testimony or an exhibit that the lawyer believes is not properly admissible under the rules. Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side. You should not be influenced for or against any lawyer or their client because the lawyer has made objections.

Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

---

[32] *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Fed. Jury Practice & Instr. § 102:71.

**Jury Instruction No. 33**[33]

**Question Not Evidence**

If a lawyer asks a witness a question containing an assertion of fact, you may not consider

the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

---

[33] *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Fed. Jury Practice & Instr. § 103:34.

Case 3:18-cv-00586-RJC-DSC   Document 249   Filed 01/03/23   Page 42 of 79

**Jury Instruction No. 34**[34]

**Stricken Testimony**

Do not consider any stricken evidence. You must treat stricken evidence as though you had never heard or known of it.

---

[34] *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Fed. Jury Practice & Instr. § 102:45.

**<u>Jury Instruction No. 35</u>**[35]

**Cautionary Instruction**

You are to disregard the statement [the last statement by _____ you have just heard]
[describe statement].

---

[35] *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Fed. Jury Practice &
Instr. § 102:46.

## Jury Instruction No. 36[36]

### Judge's Comments to Lawyers

It is my duty to caution or warn an attorney who does something I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side I may caution or warn during the trial.

---

[36] *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Fed. Jury Practice & Instr. § 102.70.

## PREDELIBERATION INSTRUCTIONS

### Jury Instruction No. 37[37]

#### Deliberations

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room and select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another and try to reach unanimous agreement as to the verdict. Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors. Do not be afraid to change your opinions if the discussion persuades you that you should. But do not decide something simply because other jurors think it is right, or to reach a verdict regardless of your conviction. Remember, at all times, you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember you should not tell anyone – including me – how your votes stand numerically. Fourth, your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be-that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room. When each of you has agreed on the verdict, your

---

[37] *Doe v. Fairfax Cty. Sch. Bd.*, Case No. 1:18-cv-00614 (E.D. Va.) (ECF No. 325-14).

foreperson will fill in the form, sign, and date it, and advise the court security officer that you are ready to return to the courtroom.

**Jury Instruction No. 38[38]**

**Unanimous verdict**

To return a verdict in this case, it is necessary that each juror agree. Your verdict must be unanimous. It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but also engage in impartial consideration of the evidence with your fellow jurors.

During your deliberations, do not hesitate to reexamine your own views or change your opinion if convinced it is erroneous. But if you have an honest conviction, do not surrender your decision as to the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict. Remember that you alone are the judges of fact and must be nonpartisan. Your sole interest is to seek the truth based on the evidence.

---

[38] *Doe v. Fairfax Cty. Sch. Bd.*, Case No. 1:18-cv-00614 (E.D. Va.) (ECF No. 325-14).

**Jury Instruction No. 39[39]**

**Notes**

You may use the notes you took during the trial, but your notes are not evidence. If your memory should differ from your notes, you should review the evidence if available to refresh your memory. If it is not available for review, you must rely on your memory.

---

[39] *Doe v. Fairfax Cty. Sch. Bd.*, Case No. 1:18-cv-00614 (E.D. Va.) (ECF No. 325-14).

**Jury Instruction No. 39**[40]

**Court Comments on Evidence**

     The law permits me to comment on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you, as jurors are the sole judges of the facts and are not bound by my comments or opinions.

---

[40] *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Fed. Jury Practice & Instr. § 103:33.

Case 3:18-cv-00586-RJC-DSC   Document 249   Filed 01/03/23   Page 50 of 79

## Jury Instruction No. 41[41]

### Fairness

You must reach your decision without the influence of bias or prejudice towards or against any party. The law does not permit you to rule based on prejudice, public opinion, or sympathy. This case should be considered and decided by you as a dispute between parties of equal standing in the community, and of equal worth. All persons and parties, including governmental agencies, stand equal before the law and are to be treated as equals. All parties are relying on you to consider all the evidence carefully and impartially as you follow the law to reach a just and fair verdict in this case, regardless of the consequences. The verdict must represent the considered judgment of each of you.

---

[41] *Doe v. Fairfax Cty. Sch. Bd.*, Case No. 1:18-cv-00614 (E.D. Va.) (ECF No. 325-14).

**Jury Instruction No. 42**[42]

**Prohibited Communications**

During deliberations, you must <u>not</u> communicate with anyone about this case to avoid any outside influence upon your judgment. You may not use any electronic device, such as a cell phone, tablet, or computer, or access any information online such as media articles, social media, or other platforms to communicate about this case or to conduct any research until <u>after</u> I have accepted your verdict.

---

[42] *Doe v. Fairfax Cty. Sch. Bd.*, Case No. 1:18-cv-00614 (E.D. Va.) (ECF No. 325-14).

**Jury Instruction No. 43**[43]

**Nature of the Action**

Plaintiff claims Defendant Board had a discriminatory policy in violation of Title IX that resulted in its officials responding with deliberate indifference to reports of student-on-student sexual misconduct, including her report that Q.W. had kidnapped and sexually assaulted her on November 3, 2015.

Plaintiff also alleges that Defendant City negligently employed Bradley Leak who was incompetent to serve as a School Resource Officer to Myers Park High School because he was either inherently unfit or negligent in his position, such that his incompetence resulted in his mishandling of Ms. Doe's reported kidnapping and rape on November 3, 2015.

Plaintiff alleges that she sustained physical and emotional injuries due to each Defendant's actions and inactions.

---

[43] *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36).

**Jury Instruction No. 44[44]**

**Applying Law to Facts**

Now that you have heard the evidence and testimony presented at trial, it is my duty to instruct you about the applicable law. Do no single out any one instruction but ensure you consider all the instructions when reaching a verdict. It is your duty to follow the law as I will state it. Do not question the wisdom of any law stated by me, as you must follow and apply the law as stated. You alone must determine the facts. You must then apply the law to the facts as you have found them based on the evidence and testimony presented during trial.

---

[44] *Doe v. Fairfax Cty. Sch. Bd.*, Case No. 1:18-cv-00614 (E.D. Va.) (ECF No. 325-14).

**<u>Jury Instruction No. 45</u>**[45]

**Burden of Proof**

Plaintiff has the burden of proof, meaning she has to prove every element of her claims by a preponderance of the evidence by the end of the trial. If Plaintiff should fail to establish any element of her claims by a preponderance of the evidence, you should find for the Defendant as to that specific claim.

---

[45] *Doe v. Fairfax Cty. Sch. Bd.*, Case No. 1:18-cv-00614 (E.D. Va.) (ECF No. 325-14).

**<u>Jury Instruction No. 456</u>[46]**

**Preponderance of the Evidence**

To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

---

[46] *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Fed. Jury Practice & Instr. § 168.41.

# Jury Instruction No. 47[47]

## Title IX Official Policy Claim

Plaintiff's first Title IX claim alleges that Defendant Board had an official policy of sex discrimination towards student-on-student sexual assaults occurring in the woods adjacent to Myers Park High School (MPHS).  To prevail on this claim, Ms. Doe must prove the following elements by a preponderance of the evidence:

6.      Defendant Board exercised control over MPHS and the adjacent woods.  Control can be exerted through property ownership or through disciplinary policies and procedures.

7.      Defendant Board knew about the risk of student-on-student sexual misconduct in the woods adjacent to MPHS.  Such sexual misconduct includes severe, pervasive, and objectively offensive sexual conduct that is unwelcome, whether occurring verbally (i.e., sexual harassment) or physically (i.e., sexual assault).

8.      Defendant Board responded to the known risk of student-on-student sexual misconduct with an official policy of sex discrimination.  Sex discrimination can be differential treatment based on gender, conscious disregard of rights, or deliberate indifference (meaning actions clearly unreasonable under the circumstances).

9.      Defendant Board's official policy resulted in injuries to Plaintiff Jane Doe.  Jane Doe need not prove that Defendant Board's policy is the sole source of her injuries, only that it was one such source.

If Plaintiff has proved each of these elements, your verdict should be for Plaintiff.  You then must determine an amount that is fair compensation for Plaintiff's damages as caused by

---

[47] *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290–91 (1998); *Karasek v. Regents of Univ. of Cal*., 956 F.3d 1093, 1112–13 (9th Cir. 2020); Fed-JI § 177.70, 3c Fed. Jury Prac. & Instr. § 177.70 (5th ed).

Defendant Board's discriminatory policy. You may award Plaintiff damages for any resulting loss of educational access and physical injuries. If you find that she suffered physical injuries as a result of defendant's discriminatory policy, you may also award Plaintiff damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, or other nonpecuniary losses she experienced due to defendant's discriminatory policy.

**Jury Instruction No. 48[48]**

**Title IX Deliberate Indifference Claim**

Plaintiff's second Title IX claim alleges that Defendant Board responded with deliberate indifference towards her report that Q.W. had kidnapped and sexually assaulted her resulting in denied her education access. To prevail on this claim, Ms. Doe must prove the following elements by a preponderance of the evidence:

7.      Jane Doe and Q.W. were students at Myers Park High School.

8.      Q.W. subjected Jane Doe to sexual harassment. Sexual harassment can be humiliating, degrading, or demeaning comments or actions based on sex, as well as unwelcome sexual advances.

9.      Q.W.'s sexual harassment was severe, pervasive, and objectively offensive. A single instance of sexual assault may meet this standard when the effect is so pervasive that it denies the victim equal access to an educational program or activity.

10.      Q.W.'s sexual harassment denied Jane Doe equal access to education access, such as the deprivation of educational opportunities or benefits, including but not limited to (1) physical exclusion from an educational program or activity; (2) undermining or otherwise detracting from the educational experience such that it effectively denies equal access to resources or opportunities; or (3) other concrete, negative effects on the ability of the victim to participate in educational programs or activities.

11.      Defendant Board had actual notice of Q.W.'s sexual harassment of Jane Doe.

---

[48] *Doe v. Fairfax Cty. Sch. Bd.*, Case No. 1:18-cv-00614 (E.D. Va.) (ECF No. 325-14); *Jennings v. Univ. of N.C.*, 482 F.3d 686, 696 (4th Cir. 2007); Fed-JI § 177.70, 3c Fed. Jury Prac. & Instr. § 177.70 (5th ed).

12.     Defendant Board responded to Q.W.'s harassment with deliberate indifference, meaning its response was clearly unreasonable under the known circumstances.

10.     Due to Defendant Board's deliberate indifference, Jane Doe suffered injuries. Plaintiff need not prove that Defendant Board's deliberate indifference is the sole source of her injuries, only that it was one such source.

If Plaintiff has proved each of these elements, your verdict should be for Plaintiff.  You then must determine an amount that is fair compensation for Plaintiff's damages to be awarded only when Plaintiff has proven the injury or harm was caused by Defendant Board's deliberate indifference.  You may award Plaintiff damages for any resulting loss of educational access and physical injuries.  If you find that she suffered physical injuries as a result of defendant's deliberate indifference, you may also award Plaintiff damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, or other nonpecuniary losses she experienced because of defendant's deliberate indifference.

**Jury Instruction No. 49**[49]

**Negligent Employment Claim**

Plaintiff Jane Doe has alleged only one claim against Defendant City of Charlotte (City), that it negligently hired, trained, retained, or supervised of Bradley Leak as a School Resource Officer (SRO).  To prevail on this claim, Ms. Doe must prove the following elements by a preponderance of the evidence:

1.      Leak owed a legal duty of care to Jane Doe as an SRO, such that Plaintiff encountered Leak as a direct result of his employment and Defendant City received a benefit in exchange for Leak's services as an SRO.

2.      Leak breached the duty owed to Jane Doe while acting as an SRO, meaning he failed to fulfill the legal duty of care.

3.      Leak was incompetent to serve as an SRO, whether because of a general unfitness due to his character or skill level, or because of previous negligent acts he committed as an SRO.

4.      Defendant City either knew **or** should have known through the exercise of reasonable care that Leak was incompetent to serve as an SRO before November 3, 2015. Reasonable care means the ordinary oversight and supervision that a reasonably prudent employer would exercise over an employee in this situation or a similar situation.

5.      SRO Leak's unfitness or incompetence is a proximate cause of Jane Doe's injuries, meaning her injuries were part of a continuous sequence of events which a reasonably prudent person would know could produce such an injury or a similar injurious result.  Jane Doe need not prove that Leak's incompetence is the sole cause of her injuries, only that it was one such cause.

---

[49] *Keith v. Health-Pro Home Care Servs., Inc.*, 381 N.C. 442 (2022); N.C.P.I.–Civil 640.42 (2009); *Doe v. Fairfax Cty. Sch. Bd.*, Case No. 1:18-cv-00614 (E.D. Va.) (ECF No. 325-14).

6.    Jane Doe's injuries were foreseeable by SRO Leak, meaning that he had some reason to know her injuries, or similar injures, were likely to result.

7.    Jane Doe's injuries were avoidable through due care by SRO Leak, meaning had Leak acted as a reasonably prudent SRO, Plaintiff would not have suffered her injuries.

If Plaintiff has proved each of these elements, your verdict should be for Plaintiff. You then must determine an amount that is fair compensation for Plaintiff's damages caused by Defendant City's negligent employment of SRO Leak. You may award Plaintiff damages for any physical injury, emotional pain, suffering, mental anguish, loss of enjoyment of life, or other nonpecuniary losses she experienced because of defendant's negligence.

**Jury Instruction No. 50**[50]

**Damages**

If Plaintiff proves a claim against a Defendant, you may award her damages. No evidence of the monetary value of such intangible things, such as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for damages and any award you make should be fair in light of the evidence presented at the trial. In determining the amount of any damages that you decide to award in this case, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on speculation, guess work, or sympathy. That said, the law does not require Plaintiff to prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

---

[50] *Doe v. Fairfax Cty. Sch. Bd.*, Case No. 1:18-cv-00614 (E.D. Va.) (ECF No. 325-14).

## Jury Instruction No. 51[51]

### Charts and Summaries

Charts and summaries have been shown to you in order to help explain facts disclosed by books, records, and other documents in evidence in the case. These charts or summaries are not themselves evidence or proof of any facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them. The charts and summaries are used only as a matter of convenience. To the extent that you find they are not truthful summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

---

[51] *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Fed. Jury Practice & Instr. § 104:50.

**Jury Instruction No. 52**[52]

**Attorney Statements**

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times in between is intended to help you understand the evidence, but it is not evidence. That said, when the lawyers have agreed on the existence of a fact, which is called a stipulation, you must accept the stipulation as a proved fact unless otherwise instructed.

---

[52] *Doe v. Fairfax Cty. Sch. Bd.*, Case No. 1:18-cv-00614 (E.D. Va.) (ECF No. 325-14).

**Jury Instruction No. 52**[53]

**Types of Evidence**

There are two types of evidence presented at trial – direct evidence and circumstantial evidence. "Direct evidence" is direct proof of a fact, such as testimony by a witness about what they said, heard, or did. "Circumstantial or indirect evidence" is a chain of facts and circumstances supporting the existence or nonexistence of a particular fact.

The law makes no distinction between the weight or value that you give any direct or circumstantial evidence. For example, there is no requirement that you have a greater degree of certainty before you consider circumstantial evidence. Whether direct or circumstances, all facts must be found from the evidence by a preponderance of the evidence taken as a whole.

---

[53] *Doe v. Fairfax Cty. Sch. Bd.*, Case No. 1:18-cv-00614 (E.D. Va.) (ECF No. 325-14); *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Fed. Jury Practice & Instr. § 101:42.

**Jury Instruction No. 54**[54]

**Drawing Inferences**

In considering only admitted evidence in the case, you are not limited to the statements of the witnesses but may draw on the facts you find proven using reasonable inferences that seem justified to you considering your experience. Such "inferences" are conclusions that common sense and reason lead you to rely upon as facts established by the evidence in the case.

---

[54] *Doe v. Fairfax Cty. Sch. Bd.*, Case No. 1:18-cv-00614 (E.D. Va.) (ECF No. 325-14); *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Fed. Jury Practice & Instr. § 104:20.

**Jury Instruction No. 55**[55]

**Number of Witnesses**

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your mind's belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but what witnesses and evidence appeal to your minds as being most accurate and otherwise trustworthy.

---

[55] *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Fed. Jury Practice & Instr. § 104:54.

## Jury Instruction No. 56[56]

### Depositions

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

---

[56] *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Fed. Jury Practice & Instr. § 105:02.

**Jury Instruction No. 57[57]**

**Witness Credibility**

You alone are the sole judges about the credibility or truthfulness of any witness and must weigh their testimony as you see fit. Your judgment may be guided by the appearance and conduct of a witness, the way that they testify, the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. In doing so, you should consider each witness' state of mind, motivation, intelligence, and demeanor or manner while testifying. You should also consider the witness' ability to observe or know the matters to which they have testified, and whether the witness impresses you as having an accurate recollection of events.

Also, consider the relation each witness may have to the parties in this case, how each witness may be affected by the verdict in this case, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case. Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses may or may not cause you to discredit such testimony. Two or more persons that witness an event may see or hear that event differently.

After making your own judgment, you will weigh the testimony of each witness, if you determine that such weight is deserved. In short, you may accept or reject the testimony of any witness, in whole or in part, as you see fit based on all the evidence presented at trial. Please note that the weight does not necessarily depend on the number of witnesses testifying to the existence

---

[57] *Doe v. Fairfax Cty. Sch. Bd.*, Case No. 1:18-cv-00614 (E.D. Va.) (ECF No. 325-14).

or nonexistence of any fact. Instead, you may find that the testimony of only one or a small number of witnesses may be more credible than the testimony of several witnesses to the contrary.

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties. Likewise, you should consider any interest or motive that the witness may have in cooperating with a particular party. It is your duty to consider whether such interest, motive, or bias colors a witness' testimony. In short, if you find that a witness is biased, you should view their testimony with caution by weighing it with care, and subject it to close scrutiny in light of all the evidence presented at trial.

A witness may be discredited by contradicting evidence or testimony or fail to say or do something that is inconsistent with the witness' present testimony. If you find that a witness has been discredited, you should weigh that testimony accordingly. If a witness is shown to have knowingly testified falsely about any material fact at issue (meaning voluntarily and intentionally, not by accident, mistake, or other innocent reason), you have the right to distrust such a witness and you may reject all or part of their testimony or give it such weight as you may think it deserves.

**Jury Instruction No. 58**[58]

**Verdict Forms**

Nothing said in these instructions and nothing in the verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

---

[58] *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Fed. Jury Practice & Instr. § 106:07.

**Jury Instruction No. 59**[59]

**Communications with Court during Deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing.

I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

From the oath about to be taken by the bailiffs you will note that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to me—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

You may now retire to the jury room to begin your deliberations.

---

[59] *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Fed. Jury Practice & Instr. § 106.08.

## "JUST IN CASE" INSTRUCTIONS

### Jury Instruction No. 60[60]

### Jurors Failing to Seasonably Agree

I have a few thoughts for you to consider in your deliberations. You should consider these thoughts along with the evidence received during the trial and all the instructions previously given to you.

This is an important case. The trial has been expensive in terms of time, effort, and money to both the defense and the plaintiff. If you should fail to agree on a verdict, the case is left open and undecided. Like all cases, it must be disposed of at some time. A second trial would be costly to both sides. There does not appear any reason to believe the case can be tried again, by either side, better or more in more detail than it was tried before you.

Any future jury would be selected in the same manner and from the same source as you were chosen. There appears no reason to believe that the case could ever be submitted people more conscientious, more impartial, or more competent to decide it or that more or clearer evidence could be produced on behalf of either side.

These concepts are clear to all who have participated in this trial. The only reason I this mention these facts now is because some of the facts may have escaped your attention while you have been fully occupied in reviewing the evidence in the case in the light of the instructions with your fellow jurors. These are all matters reminding us how desirable it is that you unanimously agree upon a verdict.

---

[60] *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Fed. Jury Practice & Instr. § 106:10.

As stated in the instructions given at the time the case was first submitted to you for decision, you should not surrender your honest beliefs as to the weight or effect of evidence solely because of the opinion of other jurors or for the mere purpose of returning a unanimous verdict. However, it is your duty as jurors, to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violating individual judgment. Each of you must decide the case for yourself, but you should do so only after a consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, you should not hesitate to re-examine your own views and change your opinion if convinced it is erroneous.

In order to bring your minds to a unanimous result you must examine the questions submitted to you with candor and frankness and with proper deference to and regard for the opinions of each other. In conferring together, each of you should pay due attention and respect to the views of the others and listen to each other's arguments for the purpose of reexamining your own views.

You are not partisans. You are judges—judges of the facts. Your sole interest here is to determine the facts of this case and to answer the questions posed to you by the Court in the form of a Verdict Sheet. You are the exclusive judges of the credibility of all the witnesses and of the weight and effect of all the evidence.

At all times no juror is expected to yield a conscientious belief the juror may have as to the weight or effect of evidence. Remember that, after full deliberation and consideration of all the evidence in the case, it is your duty to agree upon a verdict if you can do so without violating your individual judgment and your conscience.

You may conduct your deliberations as you choose, but I suggest you carefully reexamine and reconsider all the evidence in the case bearing upon the questions before you in the light of

the Court's instructions on the law.  You may be as leisurely in your deliberations as the occasion may require and you may take all the time you may feel is necessary.

You may now return to the jury room and continue your deliberations in such manner as shall be determined by your good and conscientious judgment as reasonable men and women.

**<u>Jury Instruction No. 61</u>[61]**

**Changed Instruction**

I gave you an instruction in error. That instruction is withdrawn, and you must not consider it for any purpose. As a substitute for that instruction, you will be governed in your deliberations by the following instruction: [Insert text of new instruction.]

You must consider this and all the other instructions that were given you together as the court's instruction. You are not to attach undue importance to the fact that this was read separately to you.

You will now return to the jury room and continue your deliberations.

---

[61] *Doe v. Blair*, Civil Action No. 3:19-cv-00012 (W.D.N.C.) (ECF No. 36); Fed. Jury Practice & Instr. § 106:09.

This the 3rd day of January 2023.                    Respectfully submitted,

Laura L. Dunn (*pro hac vice*)
L.L. DUNN LAW FIRM PLLC
1717 K Street NW, Suite 900
Washington, DC 20008
Telephone: (202) 822-5023
Facsimile: (202) 776-0136
LLD@LLDunnLaw.com

Geraldine Sumter, Esq. (N.C. Bar No. 11107)
FERGUSON CHAMBERS & SUMTER, P.A.
309 East Morehead Street, Suite 110
Charlotte, NC 28202
Telephone: (704) 375-8461
Facsimile: (980) 938-4867
GSumter@fergusonsumter.com

Antonia B. Ianniello (*pro hac vice*)
Linda C. Bailey (*pro hac vice*)
Sabra R. Messer (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
aianniello@steptoe.com
lbailey@steptoe.com
smesser@steptoe.com

Cara Lawson (*pro hac vice*)
STEPTOE & JOHNSON LLP
227 West Monroe Street, Suite 4700
Chicago, IL  60606
Telephone: (312) 577-1300
Facsimile: (312) 577-1370
clawson@steptoe.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the foregoing was served on all attorneys of record using the Court's

CM/ECF system, which will send notification of such filing to any CM/ECF participants.

Terry L. Wallace
Wallace Law Firm, PLLC
6000 Fairview Road, Suite 1200, Charlotte, NC 28210
(704) 626-2903 (T)     (704) 626-3476 (F)
terry@wallacelawnc.com
*Attorney for Charlotte-Mecklenburg School Board of Education*

Stephanie H. Webster
Patrick H. Flanagan
Cranfill Sumner, LLP
P.O. Box 30787, Charlotte, NC, 28230
(704) 332-8300 (T)     (704) 332-9994 (F)
swebster@cshlaw.com
phf@cshlaw.com

Lori R. Keeton
Law Offices of Lori Keeton
6000 Fairview Road, Suite 1200, Charlotte, NC 28210
lkeeton@lorikeetonlaw.com
(704) 575-9204 (T)     (704) 919-5059 (F)

*Attorneys for the City of Charlotte*

This the 3rd day of January 2023.                    Respectfully submitted,

Laura L. Dunn (*pro hac vice*)
L.L. DUNN LAW FIRM PLLC
1717 K Street NW, Suite 900
Washington, DC 20008
Telephone: (202) 822-5023
Facsimile: (202) 776-0136
LLD@LLDunnLaw.com