**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Civil Action No. 3:18-CV-00586-RJC-DSC**

|  |  |
|---|---|
| **JANE DOE,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**CHARLOTTE-MECKLENBURG BOARD OF EDUCATION; THE CITY OF CHARLOTTE**, a North Carolina Municipality; and **KERR PUTNEY**, in his official capacity as Chief of the Charlotte-Mecklenburg Police Department,<br><br>        **Defendants.** | **DEFENDANT BOARD'S RESPONSE TO PLAINTIFF'S MOTION SEEKING ADVERSE INFERENCE INSTRUCTIONS FOR SPOLIATED EVIDENCE** |

  Defendant Charlotte-Mecklenburg Board of Education ("Defendant Board"), by and through undersigned counsel, hereby responds to Plaintiff's Motion Seeking Adverse Instructions For Spoliated Evidence (Doc. 258).

  Plaintiff seeks an adverse inference instruction against Defendants Board regarding the following:

- Security camera footage showing Q.W. and Ms. Doe on campus the November 3, 2015 Incident;

- All investigative records and disciplinary files related to this event by Assistant Principal ("AP") Anthony Perkins'—the administrator charged with investigating the incident; and

- All Defendant Board's disciplinary records for student sexual assault reports at Myers Park High School ("MPHS") and the adjacent woods prior to October 2016.

1

# I.  <u>LAW</u>

Three elements must be shown to warrant an adverse inference instruction for spoliation: (1) the party having control over the evidence had an obligation to preserve it when it was lost; (2) the loss was accompanied by a "culpable state of mind;" and (3) the evidence that was lost was relevant to the claims or defenses of the party that sought discovery of the spoliated evidence, to the extent that a reasonable factfinder could conclude that the lost evidence would have supported the claims or defenses of the party that sought it. *Teague v. Target Corp. d/b/a Target Stores*, No. 3:06-CV-191, 2007 WL 1041191, at *2 (W.D.N.C. Apr. 4, 2007) (internal citation omitted). The movant has the burden of establishing each of the three elements. *Schumacher Immobilien UND Beteiligungs AD v. Prova, Inc.*, No. 1:09-CV-18, 2010 WL 2867603, at *5 (M.D.N.C. July 21, 2010).

Any sanction "should be molded to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine." *Teague*, 2007 WL 1041191, at *2. (internal quotations and citation omitted). A "court must find some degree of fault to impose sanctions." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001). Moreover, the Court's authority to issue a sanction for spoliation "must be exercised with restraint and discretion." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 518 (D. Md. 2010) (internal citation omitted). "[A]n adverse inference instruction makes little logical sense if given as a sanction for negligent breach of the duty to preserve, because the inference that a party failed to preserve evidence because it believed that the evidence was harmful to its case does not flow from mere negligence [in failing to preserve]." *Id*. at 526.

## II.  <u>ARGUMENT</u>

**A.  Plaintiff Has Failed to Meet Her Burden for an Adverse Inference Instruction**

In order to receive the adverse inference instruction Plaintiff seeks, Plaintiff must show: (1) the party having control over the evidence had an obligation to preserve it when it was lost; (2) the loss was accompanied by a "culpable state of mind;" and (3) the evidence that was lost was relevant to the claims or defenses of the party that sought discovery of the spoliated evidence, to the extent that a reasonable factfinder could conclude that the lost evidence would have supported the claims or defenses of the party that sought it.  *See Teague v. Target Corp. d/b/a Target Stores*, No. 3:06-CV-191, 2007 WL 1041191, at *2 (W.D.N.C. Apr. 4, 2007) (internal citation omitted).

### 1.  The Security Camera Footage and AP Perkins' File

In her Motion, Plaintiff has not alleged that Defendant Board or any of its employees, including AP Perkins, had a "culpable state of mind."  Plaintiff made these exact same arguments at the summary judgment briefing regarding her obstruction of justice claims.  (Doc. 83, p. 18) ("Defendant Perkins has either withheld or destroyed evidence regarding his investigative file and MPHS security camerate footage respectively.").  This Court has already dismissed the obstruction of justice claims against AP Perkins based on the facts that Plaintiff now presents again.  (Doc. 197, p. 29-32).

Furthermore, Plaintiff has failed to articulate how the alleged lost evidence is relevant and would have supported the Title IX claim or how a reasonable factfinder would conclude so.

For the reasons stated above, Plaintiff's Motion should be denied.

2. <u>Other Students' Sexual Harassment Complaints</u>

Defendant Board has already filed a motion in limine to exclude evidence of other student's claims and an analysis of the Title IX official claim policy that Plaintiff continues to assert when the court has already addressed the issue. (Doc. 232, motion in limine; Doc. 231, trial brief). The Court is aware that Defendant has already produced hundreds of pages of responsive documents regarding other students' claims in discovery.

Here, Plaintiff has failed to carry her burden of showing that Defendant had a duty to preserve other student sexual assault claims to support Plaintiff's claim. Again, there is no evidence of a culpable mind, and the evidence in question is not related to the Title IX claim against the Board, and no reasonable factfinder could conclude so.

As set forth below, the Court should deny Plaintiff's Motion.

**CONCLUSION**

For the reasons stated above, the Court should deny Plaintiff's motion.

This the 5th day of January 2023.

**WALLACE LAW FIRM PLLC**

/s/ Terry L. Wallace_____
Terry L. Wallace
N.C. State Bar No. 26806
6000 Fairview Road; Suite 1200
Charlotte, North Carolina 28210
Phone: 704-626-2903
Fax: 704-626-3476
Email: terry@wallacelawnc.com
*Attorney for Defendant Board*

4

## CERTIFICATE OF SERVICE

This is to certify that on this date the undersigned filed the foregoing **DEFENDANT BOARD'S RESPONSE TO PLAINTIFF'S MOTION SEEKING ADVERSE INFERENCE INSTRUCTIONS FOR SPOLIATED EVIDENCE** using the Court's CM/ECF system which will send notification of such filing to all counsel of record who are all CM/ECF participants.

Cara Lawson
**Steptoe & Johnson LLP**
227 West Monroe Street, Suite 4700
Chicago, IL 60606
clawson@steptoe.com
*Attorney for Plaintiff*

Laura L. Dunn
**L.L. Dunn Law Firm, PLLC**
1717 K Street NW, Suite 900
Washington, DC 20006
ldunn@lldunnlawfirm.com
*Attorney for Plaintiff*

Geraldine Sumter
**Ferguson, Chambers & Sumter, P.A.**
309 E. Morehead Street, Suite 110
Charlotte, NC 28202
gsumter@fergusonsumter.com
*Attorney for Plaintiff*

Linda C. Bailey
Sabra R. Messer
Antonia B. Ianniello
**Steptoe & Johnson LLP**
1330 Connecticut Avenue NW
Washington, DC 20036
lbailey@steptoe.com
smesser@steptoe.com
aianniello@steptoe.com
*Attorneys for Plaintiff*

*Stephanie Webster*
**CRANFILL SUMNER LLP**
P.O. Box 30787
Charlotte, NC 28230
swebster@cshlaw.com
*Attorneys for Defendants City of*
*Charlotte and Kerr Putney*

Lori R. Keeton
**Law Offices of Lori Keeton**
6000 Fairview Road, Suite 1200
Charlotte, NC 28210
Email: lkeeton@lorikeetonlaw.com
*Attorney for Defendant City of Charlotte*

This the 5th day of January 2023.

/s/ Terry L. Wallace
Terry L. Wallace
N.C. State Bar No. 26806
Wallace Law Firm PLLC
6000 Fairview Road; Suite 1200
Charlotte, North Carolina 28210
Phone: 704-626-2903
Fax: 704-626-3476
Email: terry@wallacelawnc.com

**ATTORNEY FOR DEFENDANT**
**CHARLOTTE-MECKLENBURG BOARD OF**
**EDUCATION**