UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00586-RJC-DSC

| JANE DOE, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | **Order** |
| CHARLOTTE MECKLENBURG BOARD OF EDUCATION and CITY OF CHARLOTTE, | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on the Parties' motions in limine. (Doc. Nos. 229, 232, 239, 243, 244, 248, 252, 254, 255, 256, 258, 259). In the interest of providing the parties with the Court's rulings ahead of trial, the Court below lists the Parties' relevant filings by docket number, a summary of the request, and the Court's ruling.

I. OVERLAPPING REQUESTS

| Doc. No. | Request | Ruling |
| --- | --- | --- |
| 244; 232; 239 | Plaintiff's Request: The Court should admit testimony and records of prior instances of student sexual assault and harassment reports at Myers Park High School ("MPHS").<br><br>Defendants' Request: The Court should exclude evidence of other students' claims or incidents of sexual misconduct at Myers Park High School or CMS schools. | The Plaintiff's request is **GRANTED IN PART** and **DENIED IN PART**. The Defendants' requests are **GRANTED IN PART** and **DENIED IN PART**. The Court will allow evidence related to the Jill Roe and the S.B. incidents in 2014, subject to certain limitations. The testimony and other evidence related to these incidents is limited to substance of the reports of these incidents to Defendants CMS and/or the City and their employees, the receipt of such reports by Defendants and their employees, and Defendants and their employees' acts or omissions |

| Doc. No. | Request | Ruling |
|---|---|---|
| | | in response to those reports. The Court will also allow evidence related to the Fall 2015 school assembly involving Principal Bosco.<br><br>During the presentation of this evidence the Court will be mindful of its obligations under Fed. R. Evid. 611 and its discretion under Fed. R. Evid. 403. As such, the Court may, on objection or *sua sponte*, exclude evidence if it becomes a waste of time, ineffective for the jury to determine the truth, causing harassment or undue embarrassment, cumulative, confusing, misleading, or if it is presented in a manner causing unfair prejudice.<br><br>The Court will not allow presentation of evidence regarding the G.B. incident in 2016. Fed. R. Evid. 401; Fed. R. Evid. 402; Fed. R. Evid. 403.<br><br>The Court will exclude the declarations Plaintiff seeks to admit as inadmissible hearsay. Fed. R. Evid. 802. Additionally, the Court will exclude the deposition Plaintiff seeks to admit because Plaintiff did not file the testimony from Stacey Weinstein's deposition in accordance with the requirements in the Court's case management Order.<br><br>The Court will consider objections to any other specific evidence or testimony at trial. |
| 243; 239 | <u>Plaintiff's Request</u>: The Court should admit evidence of the Internal Affairs Bureau ("IAB") of the Charlotte Mecklenburg Police Department ("CMPD") for School Resource Officer Bradley Leak.<br><br><u>City's Request</u>: The Court should exclude evidence of Officer Bradley Leak's prior IAB history. | Plaintiff's request is **DENIED**. Defendant's request is **GRANTED**. Fed. R. Evid. 401; Fed. R. Evid. 402; Fed. R. Evid. 403. |

## II. PLAINTIFF'S REQUESTS

| Doc. No. | Request | Ruling |
|---|---|---|
| 229 | The Court should take the following protective measures during trial: (1) an admonishment to each and every witness called to the stand to abide by the Order by using (a) the designated pseudonyms for Ms. Doe and her family, and (b) the initials of former MPHS students; (2) require the Parties to redact all personal identifying information of Ms. Doe and her family in exhibits publicly displayed during the trial; and (3) to prohibit any photographs or unauthorized recordings of Ms. Doe, her family members, or former MPHS student witnesses, as well as other efforts by the media (or any "citizen journalists" present) from publicizing their descriptions or otherwise seeking to identify them. | **GRANTED IN PART**. The Court will not admonish the witnesses called to the stand to abide by the Protective Order. Instead, the lawyers are instructed to admonish every witness they call to the stand to abide by the Protective Order. Otherwise, **GRANTED**. |
| 248 | The Court should exclude evidence or testimony concerning the CMPD IAB investigation and any subsequent findings made during the related Chain of Command Review Board with respect to SRO Leak's conduct related to the incident involving Plaintiff. | **GRANTED**. Fed. R. Evid. 403. |
| 252 | The Court should exclude evidence or testimony regarding the criminal conviction of Jane Doe's father, Mr. Doe, from 1998. | **GRANTED**. Fed. R. Evid. 609; Fed. R. Evid. 403. |
| 254 | The Court should exclude evidence or testimony regarding the U.S. Department of Education's Office of Civil Rights ("OCR") Letter of Findings arising out of the Title IX complaint Ms. Doe and her parents filed against CMS in 2016, and any related evidence or testimony concerning the same. | **GRANTED**. Fed. R. Evid. 403. |
| 255 | The Court should exclude Stephanie McKinney, CMS's Title IX Coordinator, from testifying. | **GRANTED**. The Court is excluding the OCR Findings, such that calling Stephanie McKinney for Defendant's requested purpose is unnecessary. |
| 256 | The Court should exclude evidence or testimony regarding text messages between Ms. Doe and Q.W. exchanged prior to November 3, 2015. | **DENIED**. Fed. R. Evid. 401; Fed. R. Evid. 402; Fed. R. Evid. 801. |
| 258 | The Court should instruct the jury that it may draw adverse inferences against CMS and the City based on their destruction and failure to preserve: | **DENIED**. |

| Doc. No. | Request | Ruling |
|---|---|---|
| | • Security camera footage showing Q.W. and Ms. Doe on campus prior to the alleged kidnapping and sexual assault on Ms. Doe on November 3, 2015;<br>• All investigative records and disciplinary files related to this event by AP Anthony Perkins—the administrator charged with investigating the incident;<br>• All CMS's disciplinary records for student sexual assault reports at MPHS and the adjacent woods prior to October 2016, which were routinely destroyed by officials; and<br>• The audio recording of Detective Banner's November 12, 2015 Interview with Jane Doe. | |

### III. DEFENDANT CMS'S REQUESTS

| Doc. No. | Request | Ruling |
|---|---|---|
| 232 | The Court should exclude any evidence, testimony, exhibits, and arguments regarding emotional distress damages, including (1) Plaintiff's medical records and bills; (2) testimony regarding emotional distress damages from any witness; (3) the report and opinions of Plaintiff's expert witness (forensic pediatrician) Dr. Sharon Cooper who has opined that "Ms. Doe continues to exhibit significant evidence of generalized anxiety and depression, as well as diagnoses of social anxiety disorder, major depressive disorder, binge-eating disorder, avoidant/restrictive food intake disorder, and post-traumatic stress disorder ("PTSD");" and (4) any evidence, testimony, or documents pertaining to Plaintiff's alleged damages that are based on, because of, or related to, Plaintiff's emotional distress. | **GRANTED** as to the Plaintiff's Title IX claim. *Cummings v. Premier Rehab Keller, PLLC*, 142 S. Ct. 1562 (2022). The Court makes no ruling as to the admissibility of the evidence of emotional distress damages for Plaintiff's other claim. |
| 232 | The Court should exclude any evidence, testimony, exhibits, and arguments relating to CMS's Title IX training or discipline training. | **DENIED**.<br>Fed. R. Evid. 401; Fed. R. Evid. 402. |
| 232 | The Court should exclude any evidence, testimony, exhibits, and arguments relating to a claim of obstruction of justice and that AP Perkins sought to prevent, impeded, or hinder any investigation of Plaintiff's alleged sexual assault and abduction (through criminal, disciplinary process, or Title IX). | **DENIED**.<br>Fed. R. Evid. 401; Fed. R. Evid. 402. |

| Doc. No. | Request | Ruling |
|---|---|---|
| 232 | The Court should exclude any evidence, testimony, exhibits, and arguments relating to a claim that AP Perkins or CMS failed to prevent the alleged kidnapping and sexual assault of Plaintiff. | **DENIED**. Fed. R. Evid. 401; Fed. R. Evid. 402. |
| 232 | The Court should exclude any evidence and testimony by Plaintiff's expert Dr. Sharon Cooper that goes beyond her expertise as a forensic pediatrician. | **DENIED WITHOUT PREJUDICE**. At trial, the Court will consider objections to specific testimony or exhibits. The Court will apply the Federal Rules of Evidence. |
| 232 | The Court should exclude all newspaper articles and news stories on Plaintiff's exhibit list. | **GRANTED**. Fed. R. Evid. 401; Fed. R. Evid. 402; Fed. R. Evid. 403. |
| 232 | The Court should exclude all duplicative, repetitive, and cumulative evidence. | **NEITHER GRANTED NOR DENIED**. Defendant fails to identify any specific witness or exhibit that is duplicative, repetitive, or cumulative. However, the Court will not waste the jury's time with duplicative, repetitive, or cumulative evidence. At trial, the Court will consider objections to specific testimony and exhibits. |
| 232 | The Court should exclude any evidence, testimony, exhibits, and arguments regarding any failure by CMS to follow Title IX regulations or implement or follow a grievance procedure. | **GRANTED IN PART**. **GRANTED** as to any references to the regulation and regulatory requirements or violations, and also to the extent Defendant seeks to exclude OCR Findings. Otherwise, **DENIED**, including as to the underlying facts that may or may not have been regulatory requirements and/or violations. |

### IV. DEFENDANT CITY'S REQUESTS

| Doc. No. | Request | Ruling |
|---|---|---|
| 239 | The Court should exclude prior verdicts and settlements paid by the City of Charlotte directly or on behalf of its employees in other lawsuits or claims. | **GRANTED**. |
| 239 | The Court should exclude news articles and media coverage on the subject incident involving Plaintiff or other alleged incidents at CMS and MPHS pertaining to alleged sexual misconduct. | **GRANTED**. Fed. R. Evid. 401; Fed. R. Evid. 402; Fed. R. Evid. 403. |

| Doc. No. | Request | Ruling |
|---|---|---|
| 239 | The Court should exclude evidence relating to an alleged failure to train. | **GRANTED IN PART** to the extent Plaintiff seeks to introduce the standards set out in N.C. Gen. Stat. § 160A-288.4. Fed. R. Evid. 401; Fed. R. Evid. 402; Fed. R. Evid. 403. Otherwise, **DENIED**. |
| 239 | The Court should exclude evidence of the purchase of liability insurance, references to the purchase of insurance, or references to waiver of governmental immunity. | **GRANTED**. |
| 239 | The Court should exclude evidence of the mediation process or any other settlement discussions, including the November 30, 2022 judicial settlement conference. | **GRANTED**. |
| 239 | The Court should exclude any testimony by any witness, and any transcript or audio evidence, including those included in media coverage, related to statements made by CMPD Major Cecil Brisbon, including but not limited to, Plaintiff's Exhibits 65, 304, and 305. | **DENIED WITHOUT PREJUDICE**. At trial, the Court will consider objections to specific testimony and exhibits. |
| 239 | The Court should exclude any characterization of the incident between Jane Doe and Q.W. as a rape. | **GRANTED**. Fed. R. Evid. 403. |
| 259 | The Court should exclude the testimony of Plaintiff's expert witness George Kirkham because he is not qualified to offer the proposed opinions on school resource officers and acceptable conduct by school resource officers and his opinions lack any acceptable bases and are unreliable. | **GRANTED**. Written order to follow. |

Signed: January 11, 2023

Robert J. Conrad, Jr.
United States District Judge