IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-00586-RJC-DSC

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND ORDER** |
| CHARLOTTE MECKLENBURG ) | |
| BOARD OF EDUCATION et. al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on *"*Gray Media Group, Inc.'s Motion to Intervene and Unseal" (document # 297) and "Memorandum in Support …" (document #298) both filed January 19, 2023. On January 20, 2023, Plaintiff and Defendant Board filed expedited Responses (documents ##300 and 301). Later that day, Movant filed its expedited Reply (document #302). The trial ended in a defense verdict and judgment was entered that evening. (documents ##303 and 304).

Movant seeks access to trial exhibits that were published to the jury and unsealing of three Orders (documents ##280, 281 and 294) with attached depositions.

The First Amendment and the common law provide the public and press "a qualified right of access to judicial documents and records filed in civil and criminal proceedings." Co. Doe v. Pub. Citizen, 749 F.3d 246, 265 (4th Cir. 2014). This right of access "may be abrogated only in unusual circumstances." Stone v. University of Maryland Medical System Corp., 855 F.2d 178, 182 (4th Cir. 1988).

Non-parties are allowed to intervene to access judicial records and proceedings. See, e.g., Co. Doe, 749 F.3d at 262 (motion to intervene to access court docket and records); In re Associated Press, 172 Fed. Appx. 1, 3 (4th Cir. 2006) (motion to intervene seeking contemporaneous release of trial exhibits). The Supreme Court has held that "representatives of the press and general public must be given an opportunity to be heard on the question of their exclusion" from judicial proceedings. Globe Newspapers Co. v. Super. Ct., 457 U.S. 596, 609 n.25 (1982) (internal marks and citations omitted).

The Fourth Circuit granted the Associated Press's petition for writ of mandamus where the trial court denied contemporaneous access to exhibits admitted into evidence and fully published to the jury. In re Associated Press, 172 Fed. Appx. at 3. The court determined the district court's denial of the media's request for contemporaneous access to trial exhibits was an abuse of discretion, declaring that "[o]nce…evidence has become known to the members of the public… through their attendance at a public session of court, it would take the most extraordinary circumstances to justify restrictions on the opportunity of those not physically in attendance at the courtroom to see and hear the evidence, when it is in a form that readily permits sight and sound reproduction." Id. at 5 (emphasis added) (ellipses in In re Associated Press) (quoting United States v. Myers (In re Nat'l Broad. Co.), 635 F.2d 945, 952 (2d Cir. 1980)).

In Associated Press, the district court denied contemporaneous access citing concerns of tainting the jury and administrative difficulties in releasing the exhibits. Id. The Fourth Circuit determined it was "unlikely that simply seeing the evidence again through a media publication" would impact defendant's constitutional right to a fair trial. Id. The court also acknowledged the administrative burdens on the district court were "enormous," but

> [u]ltimately, while we are sympathetic to the administrative burdens faced by the district court, we cannot agree that the incremental rise in those burdens that would

> be caused by providing access justifies the denial of access, until after the completion of trial, to all documentary exhibits that have been admitted into evidence and fully published to the jury.

Id. at 6. The appellate court directed the district court to ensure copies of the exhibits were "made available as soon as is practically possible, but in no event later than 10:00 a.m. on the day after the exhibit is published to the jury." Id.

The presumption of access to sealed documents may only be overcome "if competing interests outweigh the interest in access." Stone, 855 F.2d at 180. Judgments and orders of the court "are the quintessential business of the public's institution." Thus, the presumption of access to court orders is "especially strong." EEOC v. National Children's Ctr., 98 F.3d 1406, 1409 (D.C. Cir. 1996). Before granting a motion to seal, the court must "(1) provide public notice of the sealing request and a reasonable opportunity for the public to voice objections to the motion; (2) consider less drastic alternatives to closure; and (3) if it determines that full access is not necessary, it must state its reasons—with specific findings—supporting closure and its rejections of less drastic alternatives." Co. Doe, 749 F.3d at 272.

As Movant points out in its Reply, pursuant to the Stipulated Protective Order (document #60) entered in this case, the parties had a duty to bring to the Court's attention any confidential information prior to its presentation to the jury. Id. at 10.

Applying these principles, the Court finds that Movant is entitled to access to both the trial exhibits and deposition transcripts to the extent they were published to the jury and have been otherwise redacted. Movant shall have access to any exhibit, transcript or portion thereof that was presented or read to the jury.

In her Response, Plaintiff points out that the deposition transcripts attached to Orders ##280, 281 and 294 have not been reviewed for redactions. Only those portions received in

evidence were read aloud to the jury. The Court recognizes that this may also be the case for some of the trial exhibits. Accordingly, prior to Movant receiving access, the parties are directed to make necessary redactions as ordered below. The Clerk of Court shall coordinate with the parties' and Movant's counsel the most efficient manner to make this information available to Movant. The parties and Movant are ordered to cooperate in this process.

**NOW IT IS THEREFORE ORDERED that:**

1. "Gray Media Group, Inc.'s Motion to Intervene and Unseal" (document # 297) is **GRANTED IN PART** and **DENIED IN PART** as follows.

2. On or before Wednesday January 25, 2023 at 5:00 p.m., the parties shall review and redact all information that was not published to the jury from the trial exhibits and deposition transcripts attached to Orders, documents ##280, 281 and 294. Redactions shall be limited to any information that was not published to the jury.

3. The Clerk shall substitute images of the redacted deposition transcripts for the unredacted transcripts, specifically documents ##280-1, 280-2, 280-3, 280-4, 281-1, and 294-1. Then the Clerk shall unseal Orders, documents ##280, 281 and 294 and the attached transcripts.

4. The Clerk shall make the redacted trial exhibits available to Movant.

5. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties, counsel for Movant, and to the Honorable Robert J. Conrad, Jr..

**SO ORDERED**.

Signed: January 22, 2023

David S. Cayer
United States Magistrate Judge