UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00586-RJC-DSC

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **Order** |
| CHARLOTTE MECKLENBURG BOARD OF EDUCATION, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on the Charlotte Mecklenburg Board of Education's motion in limine (Doc. No. 232), Jane Doe's motion in limine (Doc. No. 244), and the Court's prior order on the parties' motions in limine (Doc. No. 282).

I. **BACKGROUND**

Jane Doe, a former student at Myers Park High School, alleges that she was kidnapped and sexually assaulted by another student near the school. She claims that the Charlotte Mecklenburg Board of Education ("CMS") violated Title IX by its alleged deliberate indifference to student-perpetrated sexual harassment. Through a motion in limine, Doc. No. 244, Doe sought to admit evidence of CMS's deliberate indifference to reports of sexual harassment that were made before she was harassed. She claims that CMS's prior deliberate indifference amounted to an official policy, the implementation of which resulted in the harassment she suffered. Am. Compl. ¶¶ 7–8, 114–17, Doc. No. 16. In its motion in limine, Doc. No. 232, CMS asked the Court to exclude evidence of any alleged acts of deliberate indifference that it committed before Doe's harassment. In a pretrial order, Doc. No. 282, the Court denied CMS's motion in part and granted Doe's motion

in part, allowing her to present pre-harassment evidence at trial. This order elaborates on the reasons for those rulings.

## II. DISCUSSION

The evidence of CMS's prior acts of alleged deliberate indifference was admissible at trial because it tends to show that CMS "subjected [Doe] to discrimination," 20 U.S.C. § 1681(a), by "'caus[ing] [her] to undergo' harassment or 'mak[ing] [her] liable or vulnerable' to it," *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 645 (1999) (quoting *Subject*, Random House Dictionary of the English Language 1415 (1966)). Under precedent from the Supreme Court and Fourth Circuit, Doe's pre-harassment allegations form a cognizable "basis for imputing liability to the institution." *Jennings v. Univ. of N.C.*, 482 F.3d 686, 695 (4th Cir. 2007) (en banc).

The pre-harassment theory of liability[1] fits within the paradigm of actual notice and deliberate indifference that was formulated by the Supreme Court and further developed by the Fourth Circuit. In defining the contours of the private cause of action that it implied under Title IX, *see Cannon v. Univ. of Chi.*, 441 U.S. 677, 717 (1979), the Supreme Court has explained that "a private damages action may lie against the school board in cases of student-on-student harassment . . . *only* where the funding recipient acts with *deliberate indifference* to *known* acts of harassment in its programs or activities," *Davis*, 526 U.S. at 633 (emphasis added); *see also Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 285 (1998) (explaining that "it would 'frustrate the purposes' of Title IX to permit a damages recovery against a school district" for sexual harassment "without actual notice to a school district official"). In clarifying the actual-notice requirement, the Fourth Circuit has explained that "a Title IX plaintiff is not required to demonstrate actual knowledge that a particular student was being abused." *Baynard v. Malone*, 268 F.3d 228, 238 n.9

---

[1] *See Doe ex rel. Doe #2 v. Metro. Gov't of Nashville and Davidson Cnty.*, 35 F.4th 459, 465 (6th Cir. 2022) (listing the elements for a pre-harassment claim).

(4th Cir. 2001); *see also Doe v. Fairfax Cnty. Sch. Bd.*, 1 F.4th 257, 265 (4th Cir. 2021) ("[A] school [does] not need to know the identity of the student allegedly being abused."). Rather, "the actual notice requirement" is satisfied by a report of "current[]" harassment, "even without any indication of which student was being abused." *Baynard*, 268 F.3d at 238 n.9. Thus, the actual-notice requirement is not plaintiff-specific: it can be satisfied by reports that students other than the plaintiff were experiencing sexual harassment. Therefore, if proven, Doe's claim that CMS had actual notice of other students' prior reports of ongoing sexual harassment would satisfy the actual-notice requirement.

Doe's pre-harassment allegations could also satisfy the deliberate-indifference requirement. As the Supreme Court has explained, that requirement has to do with causation: when a plaintiff proves a school's deliberate indifference, she shows that the school causally contributed to her sexual harassment. *See Davis*, 526 U.S. at 642–43 ("By employing the 'deliberate indifference' theory . . . , we concluded in *Gebser* that recipients could be liable in damages only where their own deliberate indifference effectively 'caused' the discrimination." (alteration and citations omitted)). And as explained by the Sixth Circuit in *Doe ex rel. Doe #2 v. Metropolitan Government of Nashville & Davidson County*, a school can contribute to a plaintiff's later experience of sexual harassment by acting with deliberate indifference to other students' earlier reports of sexual harassment. *See* 35 F.4th 459, 466 (6th Cir. 2022) (stating that, in a successful pre-harassment claim, "a school's deliberate indifference to known past acts of sexual misconduct must have caused the misconduct that the student currently alleges").[2] The pre-harassment method of satisfying the deliberate-indifference requirement is compatible with the Supreme Court's and

---

[2] Other circuits have also recognized the pre-harassment theory. *See Gov't of Nashville*, 35 F.4th at 465 (collecting cases).

Fourth Circuit's cases expounding on Title IX liability. Both courts have explained that "an educational institution could be liable under Title IX not only where its deliberate indifference 'causes students to undergo harassment,' but also where such indifference 'makes them liable or vulnerable' to harassment." *Fairfax Cnty.*, 1 F.4th at 273 (quoting *Davis*, 526 U.S. at 645) (alterations and some internal quotation marks omitted).[3] Honing in on the latter basis for liability, a pre-harassment claim "is premised on the school's *omission*," which "creat[es] vulnerability that leads to further [harassment]." *Gov't of Nashville*, 35 F.4th at 466.[4]

The pre-harassment theory of liability does not run afoul of the Supreme Court's warning that courts should extend liability under judicially implied causes of action only with "caution." *Hernández v. Mesa*, 140 S. Ct. 735, 742 (2020).[5] As explained above, the pre-harassment theory is compatible with the principles of Title IX liability that have been developed by the Supreme

---

[3] *See also Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 653 (1999) ("Title IX liability may arise when a funding recipient remains indifferent to severe, gender-based mistreatment played out on a 'widespread level' among students.").

[4] The Fourth Circuit has not rejected the pre-harassment method of proving deliberate indifference. In *Baynard v. Malone*, the Fourth Circuit held that "actual notice of a substantial risk of ongoing sexual abuse" is insufficient to satisfy "the notice requirement." 268 F.3d at 237–38 (4th Cir. 2001) (emphasis omitted). To establish actual notice, the Court held, a plaintiff must show that the school received an allegation that the teacher was "currently" abusing a student. *Id.* at 238 n.9; *see also Doe v. Fairfax Cnty. Sch. Bd.*, 1 F.4th 257, 268 (4th Cir. 2021) (describing *Baynard*'s holding). Thus, *Baynard* explained what was necessary to satisfy the "actual-notice requirement," but it did not address the ways that a plaintiff could satisfy the "deliberate-indifference prong"—a different element. *Fairfax Cnty.*, 1 F.4th at 268.

[5] *See also Hernández v. Mesa*, 140 S. Ct. 735, 741–742 (2020) (describing the "era when the Court routinely inferred 'causes of action' that were 'not explicit' in the text of the provision that was allegedly violated," and explaining that the Court has come to "appreciate more fully the tension between this practice and the Constitution's separation of legislative and judicial power"); *see also Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1576–77 (2022) (Kavanaugh, J., concurring) ("Congress, not this Court, creates new causes of action. And with respect to existing implied causes of action, Congress, not this Court, should extend those implied causes of action and expand available remedies." (citations omitted)).

Court and Fourth Circuit. Specifically, the theory is consistent with the two-pronged framework of actual notice and deliberate indifference that governs private suits brought under Title IX.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Charlotte Mecklenburg Board of Education's motion in limine (Doc. No. 232) is **GRANTED in part** and **DENIED in part** as described in the Court's prior order on the parties' motions in limine (Doc. No. 282).

2. Jane Doe's motion in limine (Doc. No. 244) is **GRANTED in part** and **DENIED in part** as described in the Court's prior order on the parties' motions in limine (Doc. No. 282).

Signed: January 25, 2023

Robert J. Conrad, Jr.
United States District Judge