UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00586-RJC-DCK

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **Order** |
| CHARLOTTE MECKLENBURG BOARD OF ) | |
| EDUCATION, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant City of Charlotte's ("the City") Motion for directed verdict as to Plaintiff's claim of negligent hiring, training, retention, and supervision. The motion was argued orally before this Court and the issue is ripe for adjudication.

## I. BACKGROUND

Plaintiff Jane Doe, a former student at Myers Park High School, alleges that she was kidnapped and sexually assaulted by another student near the school. Because hers was not the first sexual assault alleged to have occurred near school grounds, Doe claims the City was negligent in hiring, training, retaining, and supervising School Resource Officer Bradley Leak ("SRO Leak" or "Leak"), who was employed by the City at Myers Park High School and was tasked with investigating such alleged assaults. In support of her claim, Doe introduced two witnesses at trial, S.B. and Jill Roe, each of whom alleged they were sexually assaulted at or near Myers Park High School and that they were dissatisfied with SRO Leak's response.

When Plaintiff rested her case, the City moved for a directed verdict on Doe's claim of negligent hiring, training, retention, and supervision, and this Court granted the motion. This order elaborates on the reasons for the Court's grant of a directed verdict in favor of the City.

1

## II. STANDARD OF REVIEW

"If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may resolve the issue against the party and grant a motion for judgment as a matter of law…." Fed. R. Civ. P. 50(a)(1). Thus, a motion for directed verdict is proper where there is not "sufficient evidence to support a verdict for the party opposing the motion." *Tights, Inc. v. Acme-McCrary Corp.*, 541 F.2d 1047, 1055 (4th Cir. 1976). The test for a directed verdict is whether, "without weighing the evidence or considering the credibility of the witnesses, there can be but one conclusion as to the verdict that reasonable jurors could have reached." *Gairola v. Com. of Va. Dep't of Gen. Servs.*, 753 F.2d 1281, 1285 (4th Cir. 1985) (quoting *Wheatley v. Gladden*, 660 F.2d 1024, 1027 (4th Cir.1981)) (internal citations omitted). "As a consequence, the case should be withdrawn from the jury when any verdict in favor of the nonmoving party necessarily will be premised upon 'speculation and conjecture.'" *Id.* (quoting *Ford Motor Co. v. McDavid*, 259 F.2d 261, 266 (4th Cir.), *cert. denied*, 358 U.S. 908, 79 S. Ct. 234, 3 L.Ed.2d 229 (1958)). "In considering a motion for a directed verdict, the court must construe the evidence in the light most favorable to the party against whom the motion is made." *Parker v. Prudential Ins. Co. of Am.*, 900 F.2d 772, 776 (4th Cir. 1990).

## III. DISCUSSION

Doe builds her claim against the City on allegations that the City retained SRO Leak as an employee at Myers Park High School even after he mishandled investigations of two sexual assaults alleged to have occurred near school property. Because Doe failed to show that the City had actual or constructive notice of these allegedly mishandled investigations or any other incompetent actions by Leak, however, Doe's claim against the City fails as a matter of law.

2

To prevail on a claim of negligent hiring, training, retention, and supervision under North Carolina Law, a plaintiff must prove:

> (1) the specific negligent act on which the action is founded ... (2) incompetency, by inherent unfitness or previous specific acts of negligence, from which incompetency may be inferred; and (3) either actual notice to the master of such unfitness or bad habits, or constructive notice, by showing that the master could have known the facts had he used ordinary care in 'oversight and supervision,' ... and (4) that the injury complained of resulted from the incompetency proved.

*Keith v. Health-Pro Home Care Servs., Inc*., 381 N.C. 442, 451, 873 S.E.2d 567, 575 (2022). The City moves for a directed verdict under element three of the above test, claiming that no evidence adduced by Doe at trial showed the City had either actual or constructive notice of inherent unfitness or prior acts of negligence on the part of SRO Leak.

"There is a presumption which exists that an employer uses due care in hiring its employees." *Moricle v. Pilkington*, 120 N.C. App. 383, 387, 462 S.E.2d 531, 534 (1995) (citing *Pleasants v. Barnes*, 221 N.C. 173, 19 S.E.2d 627, 629 (1942)). "To overcome this presumption, the burden rests with the plaintiff to show that she has been injured as a result of the employer's negligent hiring if the employer had actual or constructive knowledge of the employee's incompetency." *Keller by & through Keller v. Deerfield Episcopal Ret. Cmty., Inc*., 271 N.C. App. 618, 628, 845 S.E.2d 156, 163 (2020). Thus, a claim for negligent hiring, training, retention, and supervision will fail as a matter of law if a plaintiff does not show actual or constructive notice to the employer of the employee's unfitness or bad conduct. *B.B. Walker Co. v. Burns Int'l Sec. Servs., Inc*., 108 N.C. App. 562, 567, 424 S.E.2d 172, 175 (1993).

Doe claims to demonstrate notice in four ways: first, through testimony that Principal Mark Bosco shared with the City SRO Leak's "general philosophy of … not enforcing laws and instead choosing mentorship as a way to handle criminal conduct." (Trial Tr. 752:20-23 (Jan. 19, 2023), Doc. No. 309). Second, Doe notes SRO Leak's report of S.B.'s sexual assault, in which SRO Leak

3

characterized the assault as a non-criminal incident. That report and characterization, Doe argues, should have been reviewed by the City to determine why "a report of rape [was] nestled into a non-criminal incident and left unaddressed." (*Id*. at 753:6-8). Third, Doe alleges that when Jill Roe reported her sexual assault to SRO Leak, Leak discussed the incident over the phone with a CMPD official but did not file a CMPD incident report. (*Id.* at 753:9-13). Finally, Doe claims that the contract governing the City's relationship with CMS granted the Board authority to review and evaluate SROs. Because the Board conducted no such evaluations, Doe argues, the City failed to collect "all information available to it about the performance of Officer Leak." (*Id*. at 753:18-24).

Each of these allegations is inadequate. To begin, none of the four instances Doe relies upon demonstrates the City's actual notice that SRO Leak was unfit. Doe alleges the City should have questioned Leak's methods, should have reviewed the S.B. report, should have questioned Leak's decision not to file a report for Jill Roe, and should have required the Board to evaluate Leak. Through this evidence, Doe might show that the City should have had knowledge of Leak's alleged incompetence, but she fails to allege the City actually had such knowledge. *See State v. Poteat*, 163 N.C. App. 741, 746, 594 S.E.2d 253, 255 (2004) ("[Actual notice] brings the knowledge of a fact directly home to the party"). Doe must, therefore, demonstrate constructive notice.

Constructive knowledge or notice requires "showing that the master could have known the facts had he used ordinary care in oversight and supervision." *Medlin v. Bass*, 327 N.C. 587, 591, 398 S.E.2d 460, 462 (1990). Evidence that an employer received no report of "the facts" – that is, their employee's alleged incompetence – is relevant in determining whether or not the employer used ordinary care in oversight and supervision. *See Taft v. Brinley's Grading Servs., Inc*., 225 N.C. App. 502, 518, 738 S.E.2d 741, 751 (2013) (affirming summary judgment in favor of an

4

employer in a trucking accident case where the employer "testified he was not aware of any prior occasion on which [the employee] had started, or otherwise operated, any [employer] vehicle for any purpose"); *Medlin*, 327 N.C. at 592, 398 S.E.2d at 462-63 (affirming summary judgment in favor of an employer-school in a child sexual assault case where the employee's references "did not reveal the previous alleged sexual assault" even though they were aware of it).

Here, Doe fails to meet her burden of showing that the City had constructive notice of SRO Leak's alleged incompetence. First, Doe's evidence shows that the City was unaware of S.B.'s dissatisfaction with SRO Leak – by S.B.'s own admission, she lodged no complaint with CMPD or the City about Leak's investigation prior to Doe's alleged sexual assault. (Trial Tr. 97:18-98:14 (Jan. 17, 2023), Doc. No. 307). Likewise, Doe falls short of showing that the City was aware of Jill Roe's frustration with Leak – through deposition testimony, Doe showed that Jill Roe talked extensively with Leak about her own experience, but Doe failed to connect Leak's investigation of Jill Roe's assault to the City. (Trial Tr. 308:25-405:7 (Jan. 18, 2023), Doc. No. 308). Thus, evidence of these two instances, viewed in the light most favorable to Doe, fails to overcome the presumption that the City exercised due care in hiring, training, retaining, and supervising SRO Leak. *See Moricle v. Pilkington*, 120 N.C. App. at 387, 462 S.E.2d at 534; *Keller*, 271 N.C. App. at 628, 845 S.E.2d at 163. Accordingly, under Rule 50, a reasonable jury would not have a legally sufficient evidentiary basis to find that the City had constructive notice of SRO Leak's "specific acts of [alleged] negligence." *Keith*, 381 N.C. at 451, 873 S.E.2d at 575.

Doe's remaining allegations – that the City knew SRO Leak placed a philosophical emphasis on mentorship rather than criminal prosecution and that the City might have contractually required the CMS Board to evaluate SRO Leak more often – are reeds much too thin on which to base a finding of constructive notice. *See B.B. Walker Co.*, 108 N.C. App. at 567, 424

5

S.E.2d at 175 (affirming summary judgment in favor of an employer where the plaintiff's evidence "amount[ed] to no more than speculation" that different supervision might have prevented injury). Neither of those allegations, viewed in the light most favorable to Doe, provide sufficient evidence from which a reasonable jury could conclude that the City should have known that SRO Leak mishandled S.B.'s and Jill Roe's allegations of sexual assault, and thus, that he was incompetent to work as the school resource officer at Myers Park High School.

Therefore, because a reasonable jury would not have a legally sufficient evidentiary basis to find that Doe demonstrated the City's actual or constructive notice of SRO Leak's alleged incompetence, Doe's claim for negligent hiring, training, retention, and supervision fails as a matter of law.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendant City of Charlotte's Motion for Directed Verdict, as to Plaintiff's claim for Negligent Hiring, Training, Retention, and Supervision, is **GRANTED**.

**SO ORDERED.**

Signed: January 30, 2023

_____
Robert J. Conrad, Jr.
United States District Judge